UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER K. NAVARRO,<br><br>Defendant. | Criminal No. _____<br><br>**FILED UNDER SEAL** |

**GOVERNMENT'S MOTION TO SEAL INDICTMENT
AND RELATED FILINGS AND TO DELAY ENTRY ON THE PUBLIC DOCKET**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal the Indictment, arrest warrants, and all other pleadings, records, and files in this case, including this Motion, the proposed Order attached to this Motion, and any Order granting this motion, and to delay entry on the public docket of this criminal case, until the arrest warrant is executed, except as necessary to facilitate the Defendant's arrest. In support thereof, the Government states as follows:

1. A Grand Jury in the District of Columbia returned an indictment of Peter K. NAVARRO charging him with two counts of 2 U.S.C. § 192 (Contempt of Congress) for failing to comply with a subpoena issued by a committee of the United States House of Representatives.

2. The events leading to the charges in the Indictment have been the subject of substantial public scrutiny and concern.

3. Public disclosure risks alerting the Defendant of the Indictment before the Government's arrest operation is executed. This would give the Defendant the opportunity to flee, tamper with witnesses or evidence, or take other steps to interfere with the criminal case. Thus, a

sealing order is necessary to avoid compromising the integrity of execution of the Government's arrest operation and criminal investigation.

4. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But this can be overridden if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)) (internal quotation marks omitted).

5. In this matter, the United States has a compelling interest in arresting the Defendant in a manner that is safe and which mitigates against the risk of destruction of evidence. A limited sealing order ensuring that filings related to the above-captioned matter are not accessible from the Court's public files is narrowly tailored to serve this compelling interest.

6. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Indictment, or a resulting sealing order, means that a defendant is charged with a crime, and the Government intends to arrest him/her. Thus, if this Motion or a sealing order were to become public, or if the case were otherwise docketed, it would be the same as making public the Indictment and Arrest Warrant.

7. Although public disclosure of the Indictment at this moment is unwarranted, the substantial public scrutiny of and interest in this matter favors immediate disclosure when that risk is mitigated. Limited and temporary sealing is appropriate to limit public speculation about the

Grand Jury's Indictment, the specific charges against the Defendant, and the factual allegations underpinning those charges until such time as the Defendant has been arrested.

8. The proposed order authorizes the Government to apprise counsel to the Defendant or other individuals of the Indictment and arrest warrants as necessary for the arrest operation, and unseals the Indictment automatically, without further order, when the arrest warrant is executed.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the arrest warrant, the Indictment, arrest warrants, and all other pleadings, records, and files in this case, including this Motion, the proposed Order attached to this Motion, and any Order granting this Motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: /s/Elizabeth Aloi
Molly Gaston
Amanda R. Vaughn
Elizabeth Aloi
DC Bar No. 1015864 (Aloi)
Assistant United States Attorneys
Fraud, Public Corruption & Civil Rights
555 4th Street, N.W.
Washington, D.C. 20530
202-252-7212 (Aloi)
Elizabeth.Aloi@usdoj.gov