UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 22-cr-200 (APM) |
| v. : | |
| : | |
| PETER K. NAVARRO, : | |
| : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO
DEFENDANT'S REQUEST FOR A CONTINUANCE**

On June 8, 2022, the Defendant requested that his arraignment and the status conference scheduled for June 17, 2022, be continued for 45 days, so that he can obtain counsel and so that his civil lawsuit against various members of Congress and the U.S. Attorney can proceed. ECF No. 12. The Defendant's submission contains numerous misrepresentations and provides no justification for the delay he requests. The public has a strong interest in the prompt, effective, and efficient administration of justice in this case. *See United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). The Defendant refused counsel when it was previously offered and insisted that he would proceed pro se; now that he has apparently changed his mind with respect to representing himself, he still has a week to secure counsel before his arraignment. In addition, he cites no authority under which a speedy trial can be delayed to allow a civil case to proceed. The Defendant's motion for a continuance should be denied.

**I.      Background**

The Defendant bases his request for a continuance, in part, on his accusations that the Government is attempting to deprive him of counsel—for example, by allegedly denying him a call to counsel upon his arrest and filing motions in the normal course of proceeding with this case.

The Defendant's claims are false.[1]   The Defendant was arrested on June 3, 2022.   At the time of his arrest, the Defendant first requested to call the press, which was denied.   *See* Ex. 1 (FBI-302) at 2.   When the arresting agent then informed the Defendant that arrangements could be made for him to call an attorney as soon as the Defendant provided an attorney's name, the Defendant did not provide the name of any attorney.   *See id*. ("Navarro said words to the effect, 'do I get to make a call?'   SA Giardina asked, 'do you have an attorney you'd like to call? What is the name of your attorney?' . . . Navarro did not provide a name of an attorney.").

At the Defendant's initial appearance, he, like all defendants without counsel, was offered appointed counsel.   He first made clear that he was proceeding pro se in this matter, Hrg., 6/3/22, Tr. at 3:4-5 ("I've been representing myself pro se."), then accepted appointed counsel "for today . . . [t]o facilitate this hearing," *id*. at 9:17-22.   When told of the June 17, 2022, arraignment date, the Defendant first argued that it should be delayed, not so he could find counsel, but so his civil suit could proceed first and so that, proceeding pro se, he could "come up with a legal strategy." *Id*. at 16-21.   Later, when seeking to exclude time between his initial appearance and his arraignment under the Speedy Trial Act, the Defendant argued to exclude the time so that his civil case could proceed and so that he could find "appropriate legal advice and develop the appropriate strategy to address this."   *Id*. at 44-45.   The magistrate judge appropriately refused to exclude time for the Defendant's civil case but did exclude time so the Defendant could decide if he was proceeding with counsel, and the court imparted on the Defendant the necessity of using the 14 days before the arraignment date to make that decision.   *Id*. at 47:9-17 ("We will need either a

---

[1] The Defendant has made numerous false statements in the press about his arrest—for example, that he was deprived of food and water.   In fact, when he asked, he was offered food and water, took it, then asked if he wanted more.   *See* Ex. 1 at 2.

financial affidavit or some other showing that you are eligible for the appointment of counsel . . . you have 14 days. Just understand, Mr. Navarro, when the 14 days is up and you meet Judge Mehta, essentially, I think that at some point the Court will start to be less patient with you taking the time to find counsel."). Yet, the Defendant changed course again only a few minutes later, stating there was a "high probability that I'll do this pro se," *id*. at 51:10; he then proceeded to continue to push the court to examine his civil lawsuit, *id*. at 54.

**II.    The Defendant's Decision to Now Pursue Counsel and His Civil Suit Provide No Basis to Delay the June 17, 2022, Hearing.**

The Defendant now appears to claim he needs additional time before arraignment to secure counsel and because he wishes his civil lawsuit to be resolved. Neither provides a basis for delaying his arraignment and the scheduled status hearing. As an initial matter, there is no basis in the Speedy Trial Act or in any other authority of which the Government is aware that allows criminal trials to be delayed to accommodate a civil lawsuit. Indeed, Magistrate Judge Faruqui noted this for the Defendant at his initial appearance. *See* Hrg., 6/3/22, Tr. at 21:24-25 ("[T]ypically criminal cases do proceed ahead of civil cases."). Any delay for the Defendant's civil lawsuit is particularly unwarranted here, where the Defendant filed the suit in an attempt to halt the criminal investigation relating to the pending charges.

Moreover, when a continuance is sought to retain counsel, the right to select counsel must be carefully balanced against the strong public interest in the prompt, effective, and efficient administration of justice. *Burton*, 584 F.2d at 489. The factors this Court should consider when evaluating whether a delay is reasonable include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which

gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

*Id*. at 490–91. Here, although this is the defendant's first request for a continuance, his failure to secure representation to-date appears to be a contrived effort to obtain the delay for his civil suit that he was warned would likely be unavailable and a problem of his own making; the particular circumstances of his case, described above, illustrate that. And it is disingenuous for the Defendant to blame the Government for his lack of counsel when his decision to proceed without one to date was his decision alone.

Further, the Defendant's arraignment was set for 14 days after his initial appearance. That is ample time for the Defendant to determine whether he qualifies for appointed counsel or to seek retained counsel. Indeed, the Court should proceed with the hearing scheduled for June 17 for the sake of maintaining order in this matter; to determine whether the Defendant has obtained counsel; and if he has not retained counsel, to determine the source of the delay and how to remedy it. *See Burton*, 584 F.2d at 489 ("[T]he right to retain counsel of one's own choice is not absolute. The right cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." (internal quotation marks and citation omitted)).

In any event, there will be no prejudice to the Defendant if the Court denies his motion. He has over a week remaining to secure counsel in a timely fashion—to contact and interview possible counsel or file the financial disclosure forms required for counsel to be appointed.

Because the 45-day continuance the Defendant proposes is an unnecessary delay and does not serve the judicial interest in expeditious proceedings, his motion should be denied.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar No. 481052

By:    /s/ *Amanda R. Vaughn*
        Molly Gaston (VA 78506)
        Amanda R. Vaughn (MD)
        Elizabeth Aloi (D.C. 1015864)
        Assistant United States Attorneys
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-1793 (Vaughn)
        amanda.vaughn@usdoj.gov

## CERTIFICATE OF SERVICE

    I certify that on June 9, 2022, I provided a copy of the United States' Opposition to the Defendant's Request for a Continuance to the Defendant by email.

                                             /s/ *Amanda R. Vaughn*
                                             Assistant United States Attorney