UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 22-cr-200 (APM) |
| ) | |
| PETER K. NAVARRO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**I.**

In an email dated June 8, 2022, Defendant Peter Navarro, proceeding pro se, made multiple requests of the court. Among them are (1) a postponement by 45 days of the arraignment and status conference scheduled for June 17, 2022, and (2) an order requiring "the prosecution [to] stand down on further motions designed to exploit [his] lack of representation until [he] secure[s] representation." Letter, ECF No. 12. Those requests are denied. The court will not delay the upcoming arraignment and status conference, as the public interest weighs in favor of moving this case forward through its preliminary stages. Whether or not counsel enters an appearance, the timing of these proceedings will be based on the factors the court is required to consider, including Defendant's need for time to prepare his defense and the public interest in bringing this matter to trial. As for the request to bar the government from filing further motions, Defendant offers no valid basis for such an extraordinary order.

With respect to the various other matters Defendant raises in his email, the court will address them, as appropriate, at the upcoming status conference.

**II.**

Also on June 8, 2022, the government filed a Motion for Protective Order and to Disclose Grand Jury Testimony, ECF No. 11 [hereinafter Gov't Mot.]. The proposed protective order would, among other things, prohibit Defendant, absent permission from the court, from using discovery materials for any purpose other than in connection with these proceedings; disclosing such materials except to authorized persons; and reproducing the materials except for purposes related to the defense. *See* Gov't Mot., Protective Order Governing Discovery and Authorizing Disclosure of Grand Jury Testimony, ECF No. 11-1, ¶¶ 2–4.

"The Federal Rules of Criminal Procedure give district courts the discretion to enter protective orders (subject always to the Sixth Amendment's limitations)." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (citing Fed. R. Crim. P. 16(d)). Such an order requires a showing of "good cause" by the moving party, in this case the government. *See id.* Courts should consider, among the factors, "the safety of witnesses and others," the "danger of perjury or witness intimidation," and the protection of national security information. *Id.* This case implicates none of these concerns. Instead, the government asserts that a protective order is needed to prevent Defendant from releasing discovery materials to the public, an act that would risk tainting the jury pool and compromising the integrity of the process. Gov't Mot. at 4. The court agrees and finds that there is good cause for a protective order.

"The very [word] 'trial' connotes decisions on the evidence and arguments properly advanced in open court. Legal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper." *Bridges v. California*, 314 U.S. 252, 271 (1941). Indeed, the very "theory upon which our criminal justice system is founded" is that "[t]he outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding." *Gentile v. State Bar*

2

*of Nev.*, 501 U.S. 1030, 1070 (1991).  "Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial and ex parte statements by counsel"—or, as in this case, the defendant—"giving their version of the facts obviously threaten to undermine this basic tenet." *Id.*

Providing Defendant, at this juncture, unrestricted access and use of discovery materials has the potential to undermine these values.  As detailed in the government's motion, in the short time since his arrest and initial appearance in court, Defendant has made multiple, detailed statements to the media.  Whether Defendant's intention is to "litigate the merits of the pending charges in the press," as the government contends, the court cannot say.  Gov't Mot. at 4.  But the court is concerned that the public release of discovery material could adversely impact the selection of "impartial jurors[] who know as little as possible of the case."  *Gentile*, 501 U.S. at 1070.  Defendant is, of course, entitled to a fair and impartial process.  But he is not entitled to seed a potential jury pool with the evidence that might be presented in his case.

To be clear, this is not a "gag" order.  The protective order does not bar Defendant from making public statements about these proceedings.  Rather, the protective order places limits on Defendant's use of discovery materials produced by the government.  Defendant must abide by its terms, absent a modification by the court.

The court enters the protective order, even though Defendant has not responded to the government's motion.  On the day after the government made the request, Defendant indicated in an email that he would be drafting a response by "cob tomorrow."  Letter, ECF No. 15.  The next day, Defendant filed a document titled "Motion for Documents Pertaining to Arrest," ECF No. 17, but that filing does not address the government's motion.  Although the requisite 14 days have not passed for Defendant to file a response, the court enters the protective order now to authorize

the release of grand jury material and other discovery materials, so that Defendant can begin preparing his defense. The motion is granted without prejudice to Defendant later seeking to modify its terms.

Dated: June 13, 2022

Amit P. Mehta
United States District Court Judge