UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.             )<br>)<br>PETER K. NAVARRO,       )<br>)<br>    Defendant.        )<br>) | Criminal No. 22-cr-200 (APM) |

**PRETRIAL ORDER**

Trial is set to commence in this matter on **November 16, 2022**, at 9:30 a.m. The following deadlines shall govern pretrial proceedings:

1. Defendant shall file motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)–(D) on or before **August 17, 2022**; oppositions shall be filed on or before **August 31, 2022**; and replies shall be filed on or before **September 9, 2022**. Counsel shall appear on **September 23, 2022**, at 2:00 p.m., in Courtroom 10 for a hearing on Rule 12 pretrial motions.

2. The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **September 14, 2022**; any reciprocal expert disclosure by Defendant shall be made by **September 28, 2022**.

3. The United States shall identify the evidence it will seek to introduce under Federal Rule of Evidence 404(b) on or before **September 21, 2022**.

4. Except as otherwise noted in this Pretrial Order, motions in limine shall be filed on or before **September 28, 2022**; oppositions shall be filed on or before **October 12, 2022**; and replies shall be filed on or before **October 19, 2022**. If the United States wishes to file a motion in limine with respect to any defense expert, it may do so

by filing a motion by **October 12, 2022;** any opposition to such motion shall be filed by **October 19, 2022.**

5. Defendant shall satisfy his reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **September 14, 2022**. The court will consider any motion in limine with respect to reciprocal discovery after such discovery is received. Any such motion shall be filed by **September 28, 2022**; any opposition to such motion shall be filed by **October 12, 2022**.

6. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **November 4, 2022**. Any *Brady* material not already disclosed also must be disclosed by this date.

7. On or before **November 2, 2022**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case</u>.  The parties shall include a neutral statement of the case for the court to read to seated jurors at the start of preliminary instructions.

    b. <u>Proposed voir dire questions</u>.  The parties shall submit a proposed list of voir dire questions to pose to prospective jurors.

    c. <u>Proposed jury instructions</u>.  The parties shall submit a list of all standard jury instructions from the "Red Book" (*Criminal Jury Instructions for D.C.* (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions.  The parties need not submit the full text of any standard jury instruction, but should provide the full

text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include. As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

d. <u>List of witnesses</u>. The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

e. <u>Exhibit lists</u>. The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief. The parties need not list any exhibit that might be used for purposes of impeachment. The parties should confer with Courtroom Deputy Jean Claude Douyon about the format of the exhibit list. The parties *should not* provide a copy of the exhibits to the court, but must exchange pre-marked exhibits. The parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference. The objecting party shall bring three copies of any contested exhibit to the Pretrial Conference.

f. <u>Stipulations</u>. The parties shall submit a draft of all stipulations.

g. <u>Proposed verdict form</u>. The parties shall include a draft verdict form, including any special interrogatories. The draft verdict form should include a date and signature line for the jury foreperson.

8. In addition to filing the Joint Pretrial Statement on **November 2, 2022**, the parties shall transmit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any non-standard jury instruction, and (c) the verdict form by email to the Courtroom Deputy Jean Claude Douyon at Jean-Claude_Douyon@dcd.uscourts.gov.

9. Counsel shall appear on **November 9, 2022**, at 2:00 p.m., in Courtroom 10 for a Pretrial Conference.

Date:  June 17, 2022

Amit P. Mehta
United States District Court Judge