# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal No. 1:22-cr-00200-APM |
| v. | ) | |
| | ) | |
| PETER K. NAVARRO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] ORDER

Upon consideration of Defendant Peter K. Navarro's Motion to Compel Discovery and for the reasons stated therein, it is this ___ day of August, 2022, hereby:

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the Government shall provide the following information to counsel for the Defendant:

1. Any written or recorded statement or admission made by Mr. Navarro that is within the Government's possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the government, including but not limited to any statements Mr. Navarro made to the House Select Committee on the Coronavirus Crisis regarding invocations of Executive Privilege. *See* Fed. Crim. P. 16(a)(1)(B)(i). (Exhibit 4 at ¶ A; Exhibit 6 at p. 2 ).

2. All books, papers, documents, data, photographs, video recordings, or tangible objects, or copies or portions thereof, that are material to preparing Mr. Navarro's defense, including but not limited to the following items, see Fed. R. Crim. P. 16(a)(1)(E)(i). (Exhibit 4 at ¶ C(1); Exhibit 6 at pp. 3-4):

   a. With respect to any information produced or required to be produced in discovery in this case, all subpoenas or formal or informal requests for information by the Government to which the information was responsive, all information concerning communications relating to such subpoenas or requests, and any written responses by the producing party, including but not limited to cover letters, inventories, and/or privilege logs. (Exhibit 4 at ¶ C(4); Exhibit 6 at p. 3 ).

b.  All documents, records and reports relating to the Government's arrest of Mr. Navarro on June 3, 2022 including, but not limited to, the decision by the FBI and/or the Department of Justice to arrest Mr. Navarro at Ronald Reagan Washington National Airport and place him in security restraints (i.e., "leg irons"). (Exhibit 4 at ¶ C(7); Exhibit 6 at p. 2).

c.  All documents, records, or reports relating to communications between the Department of Justice and the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") referencing or relating to Mr. Navarro. (Exhibit 4 at ¶ C(9); Exhibit 6 at pp. 3).

d.  To the extent not already included in the above requests, all documents, records, or information provided to the Select Committee by the White House Office of Counsel to the President, including Jonathan C. Su, that reference or relate to Mr. Navarro. (Exhibit 4 at ¶ C(10); Exhibit 6 at pp. 3).

e.  To the extent not already included in the above requests, any documents, records, or information referencing communications between former President Donald J. Trump or his counsel, Justin Clark and/or Alex Cannon, and White House Office of Counsel to President Joseph R. Biden, including Jonathan C. Su, that reference or relate to Mr. Navarro. (Exhibit 4 at ¶ C(11); Exhibit 6 at pp. 3).

f.  Any communications and/or other evidence related to the application to Mr. Navarro or any other senior advisor to former President Donald J. Trump of the opinions of the Office of Legal Counsel of the Department of Justice including, but not limited to, Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege, 8 Op. O.L.C. 101 (1984); Immunity of the Assistant to the President and Director of the Office of Political Strategy and Outreach from Congressional Subpoena, 38 Op. O.L.C. *5 (July 15, 2014); Assertion of Executive Privilege With Respect to Clemency Decision, 23 Op. O.L.C. 1 (1999); Immunity of the Former Counsel to the President From Compelled Congressional Testimony, 31 Op. O.L.C. 191, 192 (2007); Immunity of the Assistant to the President and Director of the Office of Political Strategy and Outreach from Congressional Subpoena, 38 Op. O.L.C. at *5 (July 15, 2014); and Testimonial Immunity Before Congress of the Former Counsel to the President, 43 Op. O.L.C. __ (May 20, 2019). (Exhibit 4 at ¶ C(12); Exhibit 6 at pp. 3-4).

g.  All correspondence between the House Select Committee on the Coronavirus Crisis (and/or any other House Committee or Subcommittee) and Mr. Navarro in which

Mr. Navarro claimed, asserted, or invoked Executive Privilege on behalf of President Donald J. Trump. (Exhibit 4 at ¶ C(16); Exhibit 6 at p. 4).

h.  All correspondence between Representative James E. Clyburn, Chairman of the House Select Committee on the Coronavirus Crisis and Mr. Navarro in which Mr. Navarro claimed, asserted, or invoked Executive Privilege on behalf of President Donald J. Trump. (Exhibit 4 at ¶ C(17); Exhibit 6 at pp. 3-4).

i.  All documents, including communications, in which Representative James E. Clyburn, Chairman of the House Select Committee on the Coronavirus Crisis, or other members of that Committee discussed, indicated that Mr. Navarro had claimed, asserted, or invocated Executive Privilege on behalf of President Donald J. Trump. (Exhibit 4 at ¶ C(18); Exhibit 6 at p. 4).

3.  All Reports of investigation (ROIs) related to or concerning the Select Committee, including but not limited to any ROIs related to Steve Bannon, Mark Meadows, and Dan Scavino. Exhibit 4 at ¶ D; Exhibit 6 at pp. 4-5).

4.  All documents that are favorable to the defense or that would tend to exculpate Mr. Navarro with respect to the charges in the Indictment or that are relevant to the issue of sentencing pursuant to the United States Constitution and relevant case law interpreting its protections, including *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giles v. Maryland*, 386 U.S. 66 (1967), the Due Process Protections Act, Rule 5 of the Federal Rules of Criminal Procedure, and Rule 3.8 of the District of Columbia Rules of Professional Conduct, including but not limited to the following:

a.  All documents and other evidence establishing that the Select Committee was properly established pursuant to House Resolution 503. See Indictment at 1 ¶ 1. (Exhibit 4 at ¶ G(1); Exhibit 6 at p. 5).

b.  All documents and other evidence establishing that "[o]n February 9, 2022, the Select Committee served NAVARRO with a subpoena for documents and testimony relating to its inquiry." Indictment at 3 ¶ 7. (Exhibit 4 at ¶ G(2); Exhibit 6 at p. 5).

c.  All documents and other evidence establishing that "the subpoena required NAVARRO to appear and produce documents" and/or "to appear for a deposition" including, but not limited to, all documents and other evidence establishing that the subpoena was, or was reasonably known to be, lawfully issued and otherwise enforceable. Indictment at 3 ¶ 9. (Exhibit 4 at ¶ G(3); Exhibit 6 at p. 5).

d. All documents and other evidence establishing that "[t]he Select Committee's subpoena commanded NAVARRO to appear on February 23, 2022, at 10:00 a.m., at an office in the U.S. Capitol Complex," including, but not limited to, documents sufficient to identify the office where Mr. Navarro was allegedly commanded to appear as well as all documents sufficient to support the allegation that such office was part of the U.S. Capitol Complex. *See* Indictment at 3 ¶ 10. (Exhibit 4 at ¶ G(4); Exhibit 6 at p. 5).

e. All documents and other evidence sufficient to establish that the categories of "documents and communications" delineated within the Select Committee's subpoena were "relevant" to the Select Committee's investigation. *See* Indictment at 3 ¶ 11. (Exhibit 4 at ¶ G(5); Exhibit 6 at p. 5).

f. All documents and other evidence sufficient to establish that the investigation of the Select Committee's investigation was "authorized." Indictment at 3 ¶ 11. (Exhibit 4 at ¶ G(6); Exhibit 6 at p. 5).

g. All documents and other evidence sufficient to establish the enforceability of the "instructions for compliance and with document demand" referenced in the Indictment. Id. at 4 ¶ 12. (Exhibit 4 at ¶ G(7); Exhibit 6 at p. 6).

h. All documents and other evidence sufficient to establish that, "[t]he subpoena also commanded that NAVARRO appear . . . and 'testify at a deposition.'" Indictment at 4 ¶ 13. (Exhibit 4 at ¶ G(8); Exhibit 6 at p. 6).

i. All documents and other evidence sufficient to establish that Mr. Navarro was put on notice of the place he was to appear for a deposition pursuant to the Select Committee's subpoena, including, but not limited to, documents sufficient to establish whether Mr. Navarro was to appear personally "or by videoconference." See Indictment at 4 ¶ 13. (Exhibit 4 at ¶ G(9); Exhibit 6 at p. 6).

j. All documents and other evidence sufficient to establish that the Select Committee subpoena was lawfully issued and otherwise enforceable such that it "required" anything by Mr. Navarro. See Indictment at 4-5 ¶ 14. (Exhibit 4 at ¶ G(10); Exhibit 6 at p. 6).

k. All documents and other evidence sufficient to establish that Mr. Navarro had any obligation to "certify that he had conducted a diligent search for responsive records" as alleged by the Indictment. Id. at 4-5 ¶ 15. (Exhibit 4 at ¶ G(11); Exhibit 6 at p. 6).

l. All documents and other evidence sufficient to establish that Mr. Navarro was required to "appear" to "assert any executive privilege objections on a question-by-question basis." Indictment at 5, ¶ 18. (Exhibit 4 at ¶ G(12); Exhibit 6 at p. 6).

m.  All documents and other evidence sufficient to establish that "[o]n March 2, 2022, at 10:00 a.m., NAVARRO did not appear before the Select Committee to testify," including, but not limited to, all documents sufficient to establish that Mr. Navarro was legally required to appear. Indictment at 21 ¶ 21. (Exhibit 4 at ¶ G(13); Exhibit 6 at p. 6).

n.  All documents and other evidence sufficient to establish that Mr. Navarro was "summoned as a witness," that the Select Committee had any lawful "authority" to summon Mr. Navarro, and/or that the "papers" Mr. Navarro had been summoned to produce related to a "matter under inquiry" by the Select Committee." Indictment at 6 ¶ 23. (Exhibit 4 at ¶ G(14); Exhibit 6 at p. 6).

o.  All documents and other evidence sufficient to establish that Mr. Navarro "refused to produce documents and communications, provide a log of any withheld records, certify a diligent search for records, and comply in any way" with the Select Committee subpoena. Indictment at 6 ¶ 23. (Exhibit 4 at ¶ G(15); Exhibit 6 at p. 6).

p.  To the extent not already provided by a prior request, all documents and other evidence sufficient to establish that Mr. Navarro was "summoned as a witness," that the Select Committee had any lawful "authority" to summon Mr. Navarro, and/or that the testimony compelled was "upon a matter under inquiry" before the Select Committee. Indictment at 7 ¶ 25. (Exhibit 4 at ¶ G(16); Exhibit 6 at p. 7).

q.  All documents and other evidence sufficient to establish that Mr. Navarro "did willfully make default" and/or "refused to appear to give testimony" and/or that any such testimony was "required" by the Select Committee subpoena. Indictment at 7 ¶ 25. (Exhibit 4 at ¶ G(17); Exhibit 6 at p. 8).

5.  The early production of any statements of prospective Government witnesses that are in the Government's possession and that relate to the subject matter concerning which the witness will testify, so that any issues involving disclosure may be resolved in advance, counsel will have adequate time to review the material, and there will be no delay in court proceedings while counsel reviews the same. *See Jencks v. United States*, 353 U.S. 657 (1957). (Exhibit 4 at ¶ I); Exhibit 6 at p. 8).

6.  The following specific additional requests listed in Defendant's letter to the Government dated July 20, 2022 (Exhibit 6 at pp. 7-8):



j.  All warrants and subpoenas used by the Government to obtain information in this
    case.



l.  All correspondence between the Justice Department and Jonathan Su and/or anyone
    else with the White House Counsel's Office.

**SO ORDERED.**

_____
The Honorable Amit P. Mehta
United States District Court Judge