

**John P. Rowley III**
jrowley@secillaw.com
Office +202 417 8652
Mobile +703 402 8800

June 27, 2022

**VIA Email (amanda.vaughn@usdoj.gov)**

Amanda R. Vaughn
Molly Gaston
Elizabeth Aloi
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

   Re: **United States v. Peter K. Navarro (No. 1:22-cr-00200)**

Mses. Vaughn, Gaston, and Aloi:

  On behalf of our client, Peter Navarro, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and Rule 5.1 of the Local Criminal Rules of the District Court for the District of Columbia, we hereby request that the Government preserve and produce all discoverable information in this case.

  We believe that the material listed in this letter is discoverable under the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and/or the above-referenced case law and its progeny. In the event that you are unable or unwilling to provide the requested information, or if you disagree with any of the foregoing representations, please advise us promptly so that we may address any disagreements. If we do not receive any such notice, we will assume that you agree that this correspondence sets forth an accurate account of the Government's discovery obligations; rely upon that assumption in our preparation for trial; assume that material requested and not made available is not in the possession, custody, or control of the Government; and assume that the Government will not seek the introduction of any such information in its case-in-chief, or in rebuttal or for impeachment purposes.

  Our request specifically includes, but is in no way limited to, the following:

  **A.** **Statements of the Defendant**

Pursuant to Rule 16(a)(1)(A) & (B), we request the following:

Amanda R. Vaughn, et al.
June 27, 2022
Page **2** of **9**

    (1)    Any written or recorded statement or admission made by Mr. Navarro that is within the Government's possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the government. *See* Fed. Crim. P. 16(a)(1)(B)(i).

    (2)    The portion of any written record containing the substance of any oral statement made by Mr. Navarro in response to interrogation by any person then known to the defendant to be a Government agent. *See* Fed. R. Crim. P. 16(a)(1)(B)(ii). This request includes without limitation all documents, including notes, prepared by any Government employee or agent that contain the substance of any relevant statement made by Mr. Navarro.

    (3)    The substance of any other oral statement made by Mr. Navarro in response to interrogation by any person then known by Mr. Navarro to be a Government agent if the prosecution intends to use that statement at trial. *See* Fed. R. Crim. P. 16(a)(1)(A).

### B.  **Mr. Navarro's Prior Record**

Pursuant to Rule 16(a)(1)(D), we request a copy of Mr. Navarro's prior criminal record, if any. *See* Fed. R. Crim. P. 16(a)(1)(D).

### C.  **Documents and Tangible Objects**

Pursuant to Rule 16(a)(1)(E), we request the following:

    (1)    All books, papers, documents, data, photographs, video recordings, or tangible objects, or copies or portions thereof, that are material to preparing Mr. Navarro's defense. *See* Fed. R. Crim. P. 16(a)(1)(E)(i).

    (2)    All books, papers, documents, data, photographs, video recordings, or tangible objects, or copies or portions thereof, that the Government intends to use at trial in its case-in-chief. *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).

    (3)    All books, papers, documents, data, photographs, video recordings, or tangible objects, or copies or portions thereof, that were obtained from or belong to Mr. Navarro. *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).

Without limiting the scope of the Government's discovery obligations and undertakings in this case pursuant to Rule 16(a)(1)(E), we specifically request documents, including but not limited to, the following:

Amanda R. Vaughn, et al.
June 27, 2022
Page **3** of **9**

(4) With respect to any information produced or required to be produced in discovery in this case, all subpoenas or formal or informal requests for information by the Government to which the information was responsive, all information concerning communications relating to such subpoenas or requests, and any written responses by the producing party, including but not limited to cover letters, inventories, and/or privilege logs.

(5) All records related to the seizure and/or search of any computers, mobile devices, and any other electronic devices which the Government believed belong to, or were otherwise utilized by Mr. Navarro including, but not limited to:

(i) All records related to the seizure and/or search of the same, including, but not limited to any search warrant or consent for the seizure and/or search of the device and reports regarding the seizure and resulting chain of custody of each device;

(ii) Any forensic examiner's report detailing the tools and all procedures used to examine each device;

(iii) A copy of the forensic extraction file in native (original) format of each device or software used to conduct the extraction of each device;

(iv) A full extraction report for each device in PDF and HTML format;

(v) A Cellebrite UFED Reader (UFDR) report (.udf/.bin file) for each device with a UFED Reader file viewer; and

(vi) The proprietary file viewer for the specific forensic tool used to create the extraction.

(6) All documents, records, and reports relating to communications between FBI agents and Mr. Navarro prior to his arrest on June 3, 2022.

(7) All documents, records and reports relating to the Government's arrest of Mr. Navarro on June 3, 2022 including, but not limited to, the decision by the FBI and/or the Department of Justice to arrest Mr. Navarro at Ronald Reagan Washington National Airport and place him in security restraints (*i.e.,* "leg irons").

(8) All social media or other publicly available information that the Government has obtained that reference Mr. Navarro including, for any such records, the scoped return of such materials from the source of the same.

Case 1:22-cr-00200-APM   Document 31-2   Filed 08/04/22   Page 4 of 9

Amanda R. Vaughn, et al.
June 27, 2022
Page **4** of **9**

(9) All documents, records, or reports relating to communications between the Department of Justice and the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") referencing or relating to Mr. Navarro.

(10) To the extent not already included in the above requests, all documents, records, or information provided to the Select Committee by the White House Office of Counsel to the President, including Jonathan C. Su, that reference or relate to Mr. Navarro.

(11) To the extent not already included in the above requests, any documents, records, or information referencing communications between former President Donald J. Trump or his counsel, Justin Clark and/or Alex Cannon, and White House Office of Counsel to President Joseph R. Biden, including Jonathan C. Su, that reference or relate to Mr. Navarro.

(12) Any communications and/or other evidence related to the application to Mr. Navarro or any other senior advisor to former President Donald J. Trump of the opinions of the Office of Legal Counsel of the Department of Justice including, but not limited to, Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege, 8 Op. O.L.C. 101 (1984); Immunity of the Assistant to the President and Director of the Office of Political Strategy and Outreach from Congressional Subpoena, 38 Op. O.L.C. *5 (July 15, 2014); Assertion of Executive Privilege With Respect to Clemency Decision, 23 Op. O.L.C. 1 (1999); Immunity of the Former Counsel to the President From Compelled Congressional Testimony, 31 Op. O.L.C. 191, 192 (2007); Immunity of the Assistant to the President and Director of the Office of Political Strategy and Outreach from Congressional Subpoena, 38 Op. O.L.C. at *5 (July 15, 2014); and Testimonial Immunity Before Congress of the Former Counsel to the President, 43 Op. O.L.C. __ (May 20, 2019).

(13) All video and photographic evidence that was shown to Mr. Navarro during any interview and/or meeting with the Government.

(14) All warrants obtained by the Government, together with the underlying affidavits, that reference or relate to Mr. Navarro.

(15) All subpoena(s) issued by the House Select Committee on the Coronavirus Crisis (and/or any other House Committee or Subcommittee) to Mr. Navarro.

Amanda R. Vaughn, et al.
June 27, 2022
Page **5** of **9**

    (16)    All correspondence between the House Select Committee on the Coronavirus Crisis (and/or any other House Committee or Subcommittee) and Mr. Navarro in which Mr. Navarro claimed, asserted, or invoked Executive Privilege on behalf of President Donald J. Trump.

    (17)    All correspondence between Representative James E. Clyburn, Chairman of the House Select Committee on the Coronavirus Crisis and Mr. Navarro in which Mr. Navarro claimed, asserted, or invoked Executive Privilege on behalf of President Donald J. Trump.

    (18)    All documents, including communications, in which Representative James E. Clyburn, Chairman of the House Select Committee on the Coronavirus Crisis, or other members of that Committee discussed, indicated that Mr. Navarro had claimed, asserted, or invoked Executive Privilege on behalf of President Donald J. Trump.

### D.    Reports of Investigation

Your office may take the position that Reports of Investigation (ROIs), including those memorialized in FBI FD-302 reports, prepared by law enforcement officers are not discoverable under Rule 16. It is our view that many, if not all, ROIs are discoverable under Rule 16(a)(1)(A), (E) and/or (F), among other provisions. As you are aware, ROIs are also a primary source of information about the Government's investigation and evidence and producing them to the defense is essential to facilitating the resolution of cases. We therefore request that you produce ROIs. If you intend to withhold some or all ROIs, we request that you identify the nature of the ROIs that you intend to withhold and the grounds for withholding so that we can confirm our conformance with Local Rule 16.1 of the Local Rules for the United States District Court for the District of Columbia.

### E.    Expert Notice and Disclosure

Pursuant to Rule 16(a)(1)(G), Mr. Navarro requests a written summary of any testimony the Government plans to use under Rules 702, 703, or 705 of the Federal Rules of Evidence in its case-in-chief. *See* Fed. R. Crim. P. 16(a)(1)(G). Further, should the Government request discovery under Rule 16(b)(1)(C)(ii), and Mr. Navarro complies, the Government must, at Mr. Navarro's request, provide a written summary of testimony that the Government intends to use as evidence at trial on the issue of Mr. Navarro's mental condition and describe the witness's opinions, bases, and reasons for such opinions, as well as the witness's qualifications. *See* Fed. R. Evid. 702(a)-(e), 703, & 705.

### F.    Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the U.S. Constitution and Rules 403 and 404(b) of the Federal Rules of Evidence, Mr. Navarro requests that the Government disclose all evidence of similar crimes, wrongs, or acts allegedly committed by Mr. Navarro (or any person alleged to have been acting pursuant to his instructions), upon which the Government intends to

Amanda R. Vaughn, et al.
June 27, 2022
Page **6** of **9**

rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

### G. *Brady* Materials

Pursuant to the United States Constitution and relevant case law interpreting its protections, including *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giles v. Maryland*, 386 U.S. 66 (1967), the Due Process Protections Act, Rule 5 of the Federal Rules of Criminal Procedure, and Rule 3.8 of the District of Columbia Rules of Professional Conduct, Mr. Navarro requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Mr. Navarro with respect to the charges in the Indictment or that are relevant to the issue of sentencing.

The scope of *Brady* is very broad. *See* United States Justice Manual (USJMM) § 9-5.001. For instance, a "prosecutor must disclose information that is inconsistent with any element of any crime charged" and:

> must disclose information that either casts a substantial doubt upon the accuracy of any evidence - including but not limited to witness testimony - the prosecutor intends to rely on to prove an element of any crime charged or might have a significant bearing on the admissibility of the evidence. This information must be disclosed regardless of whether it is likely to make the difference between convictions and acquittal of the defendant for a charged crime.

*Id.* Moreover, the disclosure requirement, "applies to information regardless of whether the information subject to disclosure would itself constitute admissible evidence." *Id.* Under *Brady*, a prosecutor must assess evidence collectively. *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995); *see also* USJM § 9-5.001 ("While items of information viewed in isolation may not reasonably be seen as meeting the standards outlined in paragraphs 1 and 2 above, several items together can have such effect. If this is the case, all such items must be disclosed.").

Under *Kyles* and its progeny, please ensure that your office reviews and produces all material documents, objects, and other information not only in your immediate possession, custody, and control, but any other federal, state, and local law-enforcement officers and other officials who have participated in the investigation and prosecution of the offense(s) Government with which Mr. Navarro has been charged.

Finally, pursuant to the above, we specifically request the following evidence relevant to Mr. Navarro's defense:

> (1) All documents and other evidence establishing that the Select Committee was properly established pursuant to House Resolution 503. *See* Indictment at 1 ¶ 1.

    (2)    All documents and other evidence establishing that "[o]n February 9, 2022, the Select Committee served NAVARRO with a subpoena for documents and testimony relating to its inquiry." Indictment at 3 ¶ 7.

    (3)    All documents and other evidence establishing that "the subpoena required NAVARRO to appear and produce documents" and/or "to appear for a deposition" including, but not limited to, all documents and other evidence establishing that the subpoena was, or was reasonably known to be, lawfully issued and otherwise enforceable. Indictment at 3 ¶ 9.

    (4)    All documents and other evidence establishing that "[t]he Select Committee's subpoena commanded NAVARRO to appear on February 23, 2022, at 10:00 a.m., at an office in the U.S. Capitol Complex," including, but not limited to, documents sufficient to identify the office where Mr. Navarro was allegedly commanded to appear as well as all documents sufficient to support the allegation that such office was part of the U.S. Capitol Complex. *See* Indictment at 3 ¶ 10.

    (5)    All documents and other evidence sufficient to establish that the categories of "documents and communications" delineated within the Select Committee's subpoena were "relevant" to the Select Committee's investigation. *See* Indictment at 3 ¶ 11.

    (6)    All documents and other evidence sufficient to establish that the investigation of the Select Committee's investigation was "authorized." Indictment at 3 ¶ 11.

    (7)    All documents and other evidence sufficient to establish the enforceability of the "instructions for compliance and with document demand" referenced in the Indictment. *Id.* at 4 ¶ 12.

    (8)    All documents and other evidence sufficient to establish that, "[t]he subpoena also commanded that NAVARRO appear . . . and 'testify at a deposition.'" Indictment at 4 ¶ 13.

    (9)    All documents and other evidence sufficient to establish that Mr. Navarro was put on notice of the place he was to appear for a deposition pursuant to the Select Committee's subpoena, including, but not limited to, documents sufficient to establish whether Mr. Navarro was to appear personally "or by videoconference." *See* Indictment at 4 ¶ 13.

    (10)    All documents and other evidence sufficient to establish that the Select Committee subpoena was lawfully issued and otherwise enforceable such that it "required" anything by Mr. Navarro. *See* Indictment at 4-5 ¶ 14.

Amanda R. Vaughn, et al.
June 27, 2022
Page **8** of **9**

(11) All documents and other evidence sufficient to establish that Mr. Navarro had any obligation to "certify that he had conducted a diligent search for responsive records" as alleged by the Indictment. *Id.* at 4-5 ¶ 15.

(12) All documents and other evidence sufficient to establish that Mr. Navarro was required to "appear" to "assert any executive privilege objections on a question-by-question basis." Indictment at 5, ¶ 18.

(13) All documents and other evidence sufficient to establish that "[o]n March 2, 2022, at 10:00 a.m., NAVARRO did not appear before the Select Committee to testify," including, but not limited to, all documents sufficient to establish that Mr. Navarro was legally required to appear. Indictment at 21 ¶ 21.

(14) All documents and other evidence sufficient to establish that Mr. Navarro was "summoned as a witness," that the Select Committee had any lawful "authority" to summon Mr. Navarro, and/or that the "papers" Mr. Navarro had been summoned to produce related to a "matter under inquiry" by the Select Committee." Indictment at 6 ¶ 23.

(15) All documents and other evidence sufficient to establish that Mr. Navarro "refused to produce documents and communications, provide a log of any withheld records, certify a diligent search for records, and comply in any way" with the Select Committee subpoena. Indictment at 6 ¶ 23.

(16) To the extent not already provided by a prior request, all documents and other evidence sufficient to establish that Mr. Navarro was "summoned as a witness," that the Select Committee had any lawful "authority" to summon Mr. Navarro, and/or that the testimony compelled was "upon a matter under inquiry" before the Select Committee. Indictment at 7 ¶ 25.

(17) All documents and other evidence sufficient to establish that Mr. Navarro "did willfully make default" and/or "refused to appear to give testimony" and/or that any such testimony was "required" by the Select Committee subpoena. Indictment at 7 ¶ 25.

**H.** **Evidence of Uncharged Conduct**

We request that you produce any *Drew* evidence, or any other information related to any uncharged misconduct of any kind pursuant to *Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964).

**I.** ***Jencks* Materials**

Pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, the ABA Standards for Criminal Justice, 11-2.2 (Discovery Procedure Before Trial) and the

Amanda R. Vaughn, et al.
June 27, 2022
Page **9** of **9**

practice enunciated in *United States v. Hinton*, 631 F.2d 769 (D.C. Cir. 1980), request the early production of any statements of prospective Government witnesses that are in the Government's possession and that relate to the subject matter concerning which the witness will testify, so that any issues involving disclosure may be resolved in advance, counsel will have adequate time to review the material, and there will be no delay in court proceedings while counsel reviews the same. *See Jencks v. United States*, 353 U.S. 657 (1957).

\* \* \*

Please let us know promptly whether there are any requests set forth in this correspondence with which you decline to comply. For each request, we ask that the Government inform us whether: (1) the material exists and will be produced; (2) the material does not exist; or (3) the material exists, but the Government does not believe it is subject to disclosure. We are available to discuss any of the above requests at your convenience. We expressly reserve the right to supplement these requests as we review the discovery information produced and prepare for trial.

Very truly yours,

| | |
|---|---|
| SECIL LAW PLLC | E&W LAW LLC |
| /s/ John P. Rowley III | /s/ John S. Irving |
| John P. Rowley III | John S. Irving |