

**U.S. Department of Justice**

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street St., N.W.*
*Washington, D.C.  20530*

July 22, 2022

**DELIVERY VIA EMAIL**
John P. Rowley III
SECIL Law PLLC
1701 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
jrowley@secillaw.com

John S. Irving
E & W Law
1455 Pennsylvania Ave., NW Suite 400
Washington, DC 20004
john.irving@earthandwatergroup.com

      RE:    *United States v. Peter K. Navarro*, 22-cr-200 (APM)

Dear Counsel:

      We write in response to your letter of July 20, 2022, making certain discovery requests. We also reiterate our request for reciprocal discovery pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure.

      As we have stated previously, we understand our obligations under Rule 16, the Jencks Act, and *Brady*, *Giglio*, and their progeny. To date, we have provided discovery that exceeds our obligations. We have carefully reviewed your requests and the materials in our possession, custody, and control. As an initial matter, your letter appears to suggest that President Biden, the White House Counsel's Office, the House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"), and the House Select Committee on the Coronavirus Crisis are part of the prosecution team in this case. They are not. We have provided all discoverable materials we have received from those parties and thus have nothing more to provide in response to requests in which you seek information in their possession.

With respect to the enumerated discovery requests set forth in your letter, we provide the following information:

- Request A seeks any statements of the defendant, including, but not limited to, any statements made to the House Select Committee on the Coronavirus Crisis. We have provided you with all discoverable material on this topic that is in the possession, custody, or control of the prosecution team.

- With respect to Request C (7), seeking information about the defendant's arrest, to the extent this material exists, it is not discoverable.

- Request C (9) seeks documents relating to communications between the Department of Justice and the Select Committee. With respect to Request C (9), we have provided you with all discoverable material in our possession, custody, or control.

- Request C (10) seeks documents provided to the Select Committee by the White House. With respect to Request C (10), we have provided you with all discoverable material in our possession, custody, or control.

- Request C (11) seeks documents referencing communications between third parties and the White House. With respect to Request C (11), we have provided you with all discoverable material in our possession, custody, or control.

- Request C (12) seeks communications or evidence relating to Office of Legal Counsel opinions. With respect to Request C (12), we have provided you with all discoverable material in our possession, custody, or control.

- Requests C (16) and (17) seek correspondence between the House Select Committee on the Coronavirus Crisis and the defendant. With respect to these requests, there is no responsive material in the possession, custody, or control of the prosecution team.

- Request C (18) seeks documents relating to statements made by the Chairman of the House Select Committee on the Coronavirus Crisis. With respect to this request, there is no responsive material in the possession, custody, or control of the prosecution team.

- Request D seeks all reports of investigation concerning the Select Committee, Steve Bannon, Mark Meadows and Dan Scavino. We have provided you with all discoverable material on this topic that is in the possession, custody, or control of the prosecution team.

- Requests G (1) through (17) seek documents relating to the Select Committee's investigation, the subpoena served on the defendant, and the defendant's default. We have provided you with all discoverable material on these topics that is in our possession, custody, or control.

- Additional Requests (i), (vi), (viii), (ix) and (x) seek material that is not discoverable.

- To the extent Additional Requests (ix) and (x) also seek warrants, we have provided you with all discoverable material on these topics that is in the possession, custody, or control of the prosecution team.

- With respect to Additional Request (ii), (iii), (v), (iv), (vii), (xi) and (xii), to the extent these items exist, we have provided you with all discoverable material on these topics that is in the possession, custody, or control of the prosecution team.

As trial preparations commence, we will update our disclosures to provide any Jencks material, to the extent it exists and has not already been provided. We understand our obligations under Rule 16, the Jencks Act, and *Brady*, *Giglio*, and their progeny, and will continue to comply with them should additional discoverable material come into the prosecution team's possession, custody, or control.

Finally, today we are providing you via USAFX additional material as identified on the attached updated discovery log and identified by Bates Nos. US-002665 to US-002667. Please do not hesitate to contact us with any questions.

Sincerely,

MATTHEW M. GRAVES
United States Attorney

By: /s/ *Elizabeth Aloi*
Amanda R. Vaughn
Elizabeth Aloi
Molly Gaston
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
(202) 252-7212 (Aloi)
amanda.vaughn@usdoj.gov
elizabeth.aloi@usdoj.gov