

John P. Rowley III<br>
jrowley@secillaw.com<br>
Office +202 417 8652<br>
Mobile +703 402 8800

July 26, 2022

**VIA Email (amanda.vaughn@usdoj.gov)**

Amanda R. Vaughn
Molly Gaston
Elizabeth Aloi
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

  Re: **United States v. Peter K. Navarro (No. 1:22-cr-00200)**

Mses. Vaughn, Gaston, and Aloi:

  We write in response to your letter of July 22, 2022, which purported to resolve our discovery requests made on behalf of Mr. Navarro in our letter of June 27, 2022, and our follow up letter of July 20, 2022. We made our discovery requests pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and Rule 5.1 of the Local Criminal Rules of the District Court for the District of Columbia and asked that the Government preserve and produce all discoverable information in this case. We respectfully disagree that you have, "provided all discoverable materials."

  To that end, you write that our correspondence, "appears to suggest that President Biden, the White House Counsel's Office, the House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"), and the House Select Committee on the Coronavirus Crisis are part of the prosecution team in this case." To the contrary, at this juncture it would be premature for us to make any definitive assertion with respect to who constitutes the members of the prosecution team. Moreover, our ability to assess the veracity of other challenges Mr. Navarro may have to the government's prosecution of this case on or before the August 17, 2022, deadline imposed by the Court at your request is stymied by your failure to produce relevant information

  By way of just one example, left unanswered by the government's production is what prompted Deputy Counsel to the President, Jonathan Su, to write to Mr. Navarro on February 28, 2022, and advise that "President Biden has determined that an assertion of executive privilege is not in the national interest, and therefore is not justified, with respect to particular subjects within the purview of the Select Committee" or that "[i]n light of [this] determination . . ., we are not requesting that agency counsel be permitted to attend [Mr. Navarro's] deposition." (US-000339).

Amanda R. Vaughn, et al.
July 26, 2022
Page **2** of **3**

As Mr. Su advised the government, "[he] has not conducted any meetings or phone calls with NAVARRO" and, "[t]he only email SU has sent NAVARRO was to confirm President JOE BIDEN's position regarding executive privilege." (US-000485). Thus, it is beyond dispute that Mr. Navarro did not seek the position of the White House Counsel's Office with respect to the application of executive privilege as to the materials and testimony subpoenaed by the Select Committee.

Indeed, Mr. Su also told the government that he learned about Mr. Navarro's subpoena "in the media" and that he was "aware that NAVARRO's testimony was upcoming," suggesting that his correspondence was potentially serendipitously sent to Mr. Navarro. It was sent, however, after the return date for the production of documents subpoenaed of Mr. Navarro, meaning that it could not assist him with respect to any applicable privilege determination for that production. This is especially significant given that we are aware of no legal authority that bestows upon the incumbent President the final decision as to whether executive privilege may be asserted as to the Congressional testimony of the close aides of a former President. As you are no doubt aware, the Presidential Records Act, by its plain language, applies only to Presidential records consigned to the National Archives for curation and preservation following the expiration of an incumbent's term of office. *Trump v. Thompson*, No. 21-5254, 2021 U.S. App. LEXIS 36315, at *33-34 (D.C. Cir. Dec. 9, 2021).

The timing of Mr. Su's correspondence is further suspect considering the identical correspondence sent to Mr. Navarro's former colleague Daniel Scavino Jr. As you know, the Select Committee first subpoenaed Mr. Navarro's former colleague, Daniel Scavino, Jr., to appear for a deposition on October 28, 2021. We now know that this date was postponed until February 8, 2022, a fact that had not publicly been reported prior to the Select Committee's referral of Messrs. Navarro and Scavino for contempt. Yet, rather than send Mr. Scavino correspondence concerning President Biden's position with respect to executive privilege on the eve of Mr. Scavino's publicly understood deposition date, as he did for Mr. Navarro, Mr. Su did not send any such correspondence until March 15, 2022.

It defies credulity to suggest that Mr. Su sent these letters surreptitiously on the eve of the Select Committee's decision to refer Messrs. Navarro and Scavino for contempt. To the extent anyone at the Department of Justice was communicating with Mr. Su concerning this correspondence, those communications would be highly relevant to our assessment of whether there was any undue influence in the decision to prosecute Mr. Navarro or other abuse of prosecutorial discretion. *See Pillsbury Co. v. Federal Trade Comm.*, 354 F.2d 952, 964 (5th Cir. 1966) (recognizing a litigant's "right to the appearance of impartiality, which cannot be maintained unless those who exercise the judicial function are free from powerful external influences"). *See also SEC v. Wheeling-Pittsburgh Steel Corp.*, 648 F.2d 118, 125 n.9 (1981) ("[A]n agency could be found to be abusing the court's process if it vigorously pursued a charge because of the influence of a powerful third party without consciously and objectively evaluating the charge.").

Moreover, it is not specious for Mr. Navarro to suggest that Mr. Su was communicating with the Department of Justice. As you are also aware, Justin Clark, counsel to former President Donald J. Trump, produced handwritten notes to the government reflecting a telephone call he

Amanda R. Vaughn, et al.
July 26, 2022
Page **3** of **3**

had with Mr. Su. Mr. Clark's notes, as documented by the government in an FD-302, reflect that Mr. Clark had a conversation with Mr. Su in which memorandum of the Department's Office of Legal Counsel concerning the application of executive privilege to senior advisors to the President is assessed. To the extent that Mr. Su and the Department of Justice corresponded concerning the application of executive privilege as to *any former senior aide* to President Trump referred by the Select Committee for prosecution pursuant to 18 U.S.C. § 192, such communications potentially render Mr. Su and/or his Office an arm of the prosecution team whose records are properly the subject of discovery in *this case.*

The government may not simply close its eyes to information that is available to it and refuse to search for and produce discoverable material. "It is well accepted that a prosecutor's lack of knowledge does not render information unknown for Brady purposes." *United States v. Hazel*, 1994 WL 642198, at *7 (4th Cir. Nov. 15, 1994) (internal citations omitted). The government's "Rule 16 obligations extend to materials in the possession of its investigative agents." *United States v. Gonzales Claudio*, 806 F.2d 334, 342 (2d Cir. 1986). *See also United States v. Scruggs*, 583 F.2d 238, 242 (5th Cir. 1978). Accordingly, we respectfully renew our request that the government specifically identify whom it deems to be a member of the prosecution team so that we may more thoroughly assess whether this issue must be brought to the attention of the Court for prompt resolution.

Finally, we also wish to address your repeated contention that, "we have provided you with all discoverable material in our possession, custody, or control." For each of the enumerated discovery requests in our correspondence of June 26 and July 20, please advise whether there is *any material*, whether you deem it discoverable or not, so that we may assess whether to challenge any such assertion with the Court.

We look forward to the courtesy of your prompt reply.

Very truly yours,

SECIL LAW PLLC                                E&W LAW LLC


 /s/ John P. Rowley III                        /s/ John S. Irving
John P. Rowley III                             John S. Irving