```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,            )
c/o U.S. Department of Justice       )
9th St. & Pennsylvania Ave., N.W.    )
Washington, D.C.  20530              )
                                     )
           and                       )
                                     )
ANNE M. GORSUCH, ADMINISTRATOR,      )
Environmental Protection             )
   Agency                            )
401 M Street, S.W.                   )
Washington, D.C.  20460              )
                                     )
               Plaintiffs,           )
                                     )
           v.                        )    Civil Action No.
                                     )
THE HOUSE OF REPRESENTATIVES OF      )       82-3583
THE UNITED STATES; THE COMMITTEE     )
ON PUBLIC WORKS AND TRANSPORTATION   )
OF THE HOUSE OF REPRESENTATIVES;     )
THE HONORABLE JAMES J. HOWARD,       )
CHAIRMAN OF THE COMMITTEE ON PUBLIC  )
WORKS AND TRANSPORTATION OF THE      )
HOUSE OF REPRESENTATIVES; THE SUB-   )
COMMITTEE ON INVESTIGATIONS AND      )
OVERSIGHT OF THE COMMITTEE ON        )
PUBLIC WORKS AND TRANSPORTATION OF   )
THE HOUSE OF REPRESENTATIVES; THE    )
HONORABLE ELLIOTT J. LEVITAS,        )
CHAIRMAN OF THE SUBCOMMITTEE ON      )
INVESTIGATIONS AND OVERSIGHT OF      )
THE COMMITTEE ON PUBLIC WORKS AND    )
TRANSPORTATION OF THE HOUSE OF       )
REPRESENTATIVES; THE HONORABLE       )
THOMAS P. O'NEILL, SPEAKER OF THE    )
HOUSE OF REPRESENTATIVES; EDMUND     )
L. HENSHAW, JR., CLERK OF THE        )
HOUSE OF REPRESENTATIVES; JACK       )
RUSS, SERGEANT AT ARMS OF THE        )
HOUSE OF REPRESENTATIVES; AND        )
JAMES T. MOLLOY, DOORKEEPER OF THE   )
HOUSE OF REPRESENTATIVES,            )
                                     )
               Defendants.           )
                                     )
```

<u>SECOND AMENDED COMPLAINT</u>
(For Declaratory Relief)

The United States of America and Anne M. Gorsuch, by their undersigned attorneys, bring this civil action to obtain declaratory relief and for their complaint against the defendants allege as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1345.

2. The plaintiffs are the United States of America and Anne M. Gorsuch, in her official capacity as Administrator of the Environmental Protection Agency ("EPA").

3. The defendant House of Representatives of the United States ("House of Representatives") ordinarily has the power to summon a witness by proper subpoena to give testimony or produce papers concerning matters properly under inquiry before the House of Representatives.

4. The defendant Committee on Public Works and Transportation of the House of Representatives ("the Committee") ordinarily has the power to summon a witness by proper subpoena to give testimony or produce papers concerning matters properly under inquiry before the Committee and to vote to recommend that a witness be held in contempt of Congress for failing to testify or produce subpoenaed documents.

5. The defendant the Honorable James L. Howard is the Chairman of the Committee. He is sued in his official capacity only.

6. The defendant Subcommittee on Investigations and Oversight of the Committee on Public Works and Transportation of

the House of Representatives ("the Subcommittee") ordinarily has the power to summon a witness by proper subpoena to give testimony or produce papers concerning matters properly under inquiry before the Committee and to vote to recommend that a witness be held in contempt of Congress for failing to testify or produce subpoenaed documents.

7. The defendant the Honorable Elliott J. Levitas is the Chairman of the Subcommittee. He is sued in his official capacity only.

8. The defendant the Honorable Thomas P. O'Neill, as the Speaker of the House of Representatives, has the power to certify to the United States Attorney a statement of facts of an alleged failure by a witness to testify or produce subpoenaed documents to Congress and to request criminal prosecution of the witness under 2 U.S.C. § 194 for contempt of Congress. He is sued in his official capacity only.

9. The defendant Edmund L. Henshaw, Jr., is the Clerk of the House of Representatives. He is sued in his official capacity only.

10. The defendant Jack Russ is the Sergeant at Arms of the House of Representatives. He is sued in his official capacity only.

11. The defendant, James T. Molloy, the Doorkeeper of the House of Representatives, has the duty to deliver the certification of the Speaker of the House of Representatives requesting criminal prosecution under 2 U.S.C. §194 to the United States Attorney. He is sued in his official capacity only.

12. Venue properly resides in this judicial district pursuant to 28 U.S.C. § 1391(b).

13. This is a civil action seeking declaratory relief pursuant to 28 U.S.C. §2201 with respect to defendants' efforts, discussed below, to compel production of certain documents.

14. The Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §9601 et seq., authorizes the President to take action at sites that contain hazardous waste. This Act authorizes action to remove or arrange for the removal of hazardous substances, pollutants, or contaminants released into the environment to protect the public health or welfare. 42 U.S.C. § 9604.

15. Funds for the administrative activities under CERCLA are provided in part through a tax on chemical and crude oil producers.

16. Pursuant to Executive Order 12316, August 14, 1981, 46 Fed. Reg. 42237, the President's responsibility for carrying out the provisions of CERCLA have been delegated, in part, to the Administrator of EPA.

17. Under CERCLA, EPA identifies hazardous waste sites to determine, among other things, potentially responsible parties. EPA also has the authority to seek criminal and civil penalties against those parties at such sites.

18. EPA has generated an interim priority list that targets approximately 160 hazardous waste sites throughout the country for investigation.

19. If EPA deems that legal action is necessary, it refers the matter to the Department of Justice.

20. On March 10, 1982, the Subcommittee opened hearings on certain environmental matters, which included the implementation of CERCLA.

21. On September 15, 1982, Chairman Levitas, on behalf of the Subcommittee, wrote a letter to Administrator Gorsuch (Attachment 1 hereto), which letter stated in pertinent part:

> . . . this letter, in conformance with the provisions of section 104(e)(2)(D) of [CERCLA], is to request that all information being reported to or otherwise being obtained by [EPA] or any others acquiring such information on behalf of [EPA], be made available to the subcommittee.

22. In order to respond to the Subcommittee's concerns, EPA has offered either to produce or make available for copying by the Subcommittee approximately 787,000 pages of documents, which would cost approximately $223,000 and would require an expenditure of more than 15,000 personnel hours. The Subcommittee has declined to review most of those documents.

23. EPA withheld from the Subcommittee certain documents generated by government attorneys and other enforcement personnel in the development of potential litigation against private parties. Those documents, which are part of open law enforcement files, are sensitive memoranda and notes reflecting enforcement strategy, legal analyses, lists of potential witnesses, settlement considerations and similar materials.

24. On November 16, 1982, the Subcommittee issued, and on November 22, 1982, the Subcommittee served on Administrator Gorsuch a subpoena ("the Subpoena") calling for her to appear before the Subcommittee on December 2, 1982 and to produce at that time the following described documents:

> all books, records, correspondence, memorandums, papers, notes and documents drawn or received by the Administrator and/or her representatives since December 11, 1980, including duplicates and excepting shipping papers and other commercial or business documents, contractor and/or other technical documents, <u>for those sites listed as national priorities pursuant to Section 105(8)(B) of [CERCLA]</u>.

(Attachment 2 hereto, emphasis supplied).

25. After careful review, EPA, the Attorney General, as well as the President found that documents such as those referred to in paragraph 22 of this Complaint, that is, memoranda or notes by EPA attorneys and investigators reflecting enforcement strategy, legal analyses, lists of potential witnesses, settlement considerations and similar materials, might, if disclosed, adversely affect pending enforcement action, overall enforcement policy, or the rights of individuals.

26. On November 30, 1982, the President concluded that dissemination of such documents would impair his solemn responsibility to enforce the law and, pursuant to the authority vested in him by the Constitution and laws of the United States, instructed Administrator Gorsuch that such documents should not be

made available to Congress or the public except in extraordinary circumstances.

27. Upon receiving this instruction EPA reviewed the documents previously withheld from the Subcommittee, which then totalled seventy-four. On December 14, 1982, ten of those documents were produced, based upon a determination that dissemination of them would not adversely affect pending enforcement actions, overall enforcement policy or the rights of individuals. EPA continued to withhold the remaining sixty-four.

28. As of December 2, 1982, the return date of the Subpoena, EPA had not listed any sites as national priorities pursuant to Section 105(8)(B) of CERCLA. Accordingly, no documents of the type described in the Subpoena were in existence at any relevant time.

29. On December 2, 1982, Administrator Gorsuch appeared before the Subcommittee and advised it that no documents of the type described in the Subpoena were in existence. That appearance and advice constitute full compliance with the requirements of the Subpoena. Administrator Gorsuch also advised the Committee that the documents referred to in paragraph 26 of this Complaint were being withheld from the Subcommittee pursuant to the President's instruction. She tendered to the Subcommittee approximately five file boxes of documents which were responsive to the Subcommittee's apparent concerns, as best as EPA could perceive them, but the Subcommittee refused to accept delivery of those documents.

30. At the conclusion of the hearing on December 2, 1982, the Subcommittee passed a resolution finding Administrator Gorsuch in

contempt for failure to comply with the Subpoena and reporting the matter to the Committee. (Attachment 4 hereto).

31. On December 10, 1982, the Committee reported an alleged refusal of Administrator Gorsuch to comply with the Subpoena to the full House of Representatives together with a recommendation that she be cited for contempt of Congress. (Attachment 5 hereto).

32. On December 16, 1982, the House of Representatives passed a resolution directing the Speaker to certify to the United States Attorney for the District of Columbia the report of the Committee on the alleged contumacious conduct of Administrator Gorsuch in failing and refusing to furnish documents in compliance with the Subpoena. H. Res. 632 (Attachment 6 hereto).

33. Section 194 of Title 2 provides:

> Whenever a witness summoned as mentioned in section 192 fails to appear to testify or fails to produce any books, papers, records, or documents, as required, or whenever any witness so summoned refuses to answer any question pertinent to the subject under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee or subcommittee of either House of Congress, and the fact of such failure or failures is reported to either House while Congress is in session, or when Congress is not in session, a statement of fact constituting such failure is reported to and filed with the President of the Senate or the Speaker of the House, it shall be the duty of the said President of the Senate or the Speaker of the House, as the case may be, to certify, and he shall so certify, the statement of facts aforesaid under the seal of the Senate or House, as the case may be, to the appropriate United States attorney, whose duty it shall be to bring the matter before the grand jury for its action.

34. On December 17, 1982, Speaker O'Neill and Clerk of the House Henshaw certified to the United States Attorney for the District of Columbia an alleged failure and refusal of Administrator Gorsuch to produce subpoenaed documents to the Subcommittee. (Attachment 7 hereto).

35. The Sergeant at Arms delivered said certification to the United States Attorney for the District of Columbia on December 17, 1982.

36. The Subpoena exceeds the jurisdiction of the Subcommittee.

37. If the Subpoena were deemed to include a request for the production of any documents other than those concerning sites listed as national priorities pursuant to Section 105(8)(B) of CERCLA, the Subpoena is unlawful because it fails to describe the requested documents with adequate specificity.

38. The Executive Branch has both the constitutional and a common law privilege to ensure the confidentiality of its law enforcement files and its deliberative processes. Producing to the Subcommittee the documents referred to in paragraph 27 would contravene those privileges. Accordingly, even if the Subpoena were deemed to require Administrator Gorsuch to produce those documents, her refusal to do so was lawful in all respects.

39. The plaintiffs have offered to attempt to compromise this dispute, but the defendants continue to demand that all of the documents referred to in paragraph 27 of this Complaint be produced.

40. The defendants have not and cannot show any compelling need for those documents sufficient to overcome the plaintiffs' need to prevent their disclosure.

41. The acts of defendants complained of herein have injured plaintiffs by impairing their ability to meet their obligation to execute the laws of the United States faithfully, by impeding them in the lawful exercise of the powers conferred upon the Executive Branch by the Constitution and laws of the United States, by creating inconsistent obligations, and by damaging their reputation for obedience to the rule of law.

42. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs pray that this Court:

A. Enter a judgment declaring that Administrator Gorsuch has fully complied with all requirements of the Subpoena; or, in the alternative,

B. Enter a judgment declaring that, insofar as Administrator Gorsuch did not comply with the Subpoena, her non-compliance was lawful; and

C. Grant plaintiffs such other, further and different relief as the Court may deem just and equitable.

Respectfully submitted,

J. PAUL MCGRATH
Assistant Attorney General


STANLEY S. HARRIS
United States Attorney


RICHARD K. WILLARD
Deputy Assistant Attorney General

_____
LEWIS K. WISE

_____
ANDREW M. WOLFE

_____
BETSY J. GREY

Attorneys, Department of Justice
Civil Division - Room 3531
10th & Pennsylvania Avenue, N.W.
Washington, D. C.   20530
Tel: (202) 633-4020

Attorneys for Plaintiffs United
  States of America and Anne M.
  Gorsuch

- 11 -