**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal No. 1:22-cr-00200-APM** |
| **v.** ) | |
| ) | |
| **PETER K. NAVARRO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S NOTICE PURSUANT TO FED R. CRIM. P. 12.3**
**OF DEFENSES OF ENTRAPMENT BY ESTOPPEL AND PUBLIC AUTHORITY**

Defendant Peter K. Navarro, by and through the undersigned counsel, and pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure, hereby gives notice of his intent to assert a defense of actual or believed exercise of public authority on behalf of the federal government, as well as a defense of entrapment by estoppel. In support of this Motion, Dr. Navarro states as follows:

The Government charged Dr. Navarro with two counts of violating 2 U.S.C. § 192, which prohibits "willfully" making default in response to a subpoena for documents and testimony from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"). The United States Supreme Court and the District of Columbia Circuit have repeatedly explained that "willfully" requires specific intent, *i.e.*, that a defendant acted with knowledge that his actions were unlawful. *Ratzlaf v. United States*, 510 U.S. 135, 137-138 (1994); *Bryan v. United States*, 524 U.S. 184, 191-196 (1988).  *See also United States v. Burden*, 934 F.3d 675, 692 (D.C. Cir 2019); *United States v. Zeese*, 437 F. Supp. 3d 86, 94 (D.D.C. 2020).

At all times relevant, Dr. Navarro operated with respect to the Select Committee's subpoena at the direction of former President Donald J. Trump. Dr. Navarro informed the Select

1

Committee of his understanding that the President was asserting Executive Privilege, that he was unable to comply with its subpoena, and that the Select Committee should negotiate the parameters of Dr. Navarro's compliance, which it never attempted to do.

Dr. Navarro acted with public authority when, in November and December 2021, he notified the House Select Subcommittee on the Coronavirus Crisis that he could not comply with the Subcommittee's subpoena due President Trump's instructions to invoke Executive Privilege as a former Senior Advisor to the President. Dr. Navarro again acted with public authority when he notified the Select Committee in February 2022, and thereafter, that he could not comply with the Committee's subpoena due to President Trump's direction to assert Executive Privilege.

Dr. Navarro's actions were entirely consistent with the principles of Separation of Powers, Executive Privilege, and absolute immunity of Senior Presidential Aides from congressional process that have been articulated in over fifty years of opinions form the U.S. Department of Justice's Office of Legal Counsel.  While not an attorney, Dr. Navarro's actions with respect to the Select Committee's subpoena were based on his correct and reasonable understanding that he was not required to comply, and was unable to comply, in light of the instructions he had received from President Trump.

In the event that the Court declines to grant Dr. Navarro's Motion to Dismiss the Indictment on the basis that he did not commit the charged offenses as a matter of law, Dr. Navarro intends to assert a defense of entrapment by estoppel – *i.e.*, that a government official committed an error, and he violated the law while relying on that error.[1]/ Alternatively, Dr. Navarro intends to assert that his actions did not violate the statute because he lacked criminal intent due to a mistake of fact

---

[1]/ *See* "Public Authority Defense," *U.S. Department of Justice Criminal Resource Manual* at 2055 (archived), available at https://www.justice.gov/archives/jm/criminal-resource-manual-2055-public-authority-defense. *See also* discussion of entrapment by estoppel in *See United States v. Chrestman*, 525 F.Supp. 3d 14 (D.C.C. 2021).

– *i.e.*, that he honestly, albeit mistakenly, believed that he performed the charged offenses in cooperation with the government. Dr. Navarro also intends to assert what is more often referred to as the defense of public authority – *i.e.*, that he acted in reasonable reliance upon a grant of actual or apparent authority by a government official.

Dated: August 17, 2022                          Respectfully Submitted,

                                          E&W Law, LLC

                                             /s/ John S. Irving
                                    John S. Irving (D.C. Bar No. 460068)
                                    1455 Pennsylvania Avenue, N.W., Suite 400
                                    Washington, D.C. 20004
                                    Telephone: (301) 807-5670
                                    Email: john.irving@earthandwatergroup.com

                                          SECIL LAW PLLC

                                           /s/ John P. Rowley, III
                                    John P. Rowley, III  (D.C. Bar No. 392629)
                                    1701 Pennsylvania Ave., N.W., Suite 200
                                    Washington, D.C. 20006
                                    Telephone: (703) 417-8652
                                    Email: jrowley@secillaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **Criminal No. 1:23-cr-00200-APM** |
| **v.** ) | |
| ) | |
| **PETER K. NAVARRO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### CERTIFICATE OF SERVICE

On August 17, 2022, the undersigned hereby certifies that a true and correct copy of the

foregoing was electronically filed via the CM/ECF system and copies were electronically mailed

to counsel for the government and Chambers.


_____/s/ John S. Irving_____
John S. Irving (D.C. Bar No. 460068)