IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA,          )
                                   )
           Plaintiff,              )
                                   )    CR No. 22-200
                                   )    Washington, D.C.
        vs.                        )    August 11, 2022
                                   )    9:00 a.m.
PETER K. NAVARRO,                  )
                                   )
           Defendant.              )
_____)
```

TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:         Elizabeth Ann Aloi
                            Molly Gaston
                            U.S. ATTORNEY'S OFFICE
                            DISTRICT OF COLUMBIA
                            555 4th Street, NW
                            Washington, D.C. 20003
                            (202) 252-7212
                            Email:
                            elizabeth.aloi@usdoj.gov
                            Email: molly.gaston@usdoj.gov

```
APPEARANCES CONTINUED:

For the Defendant:          John S. Irving, IV
                            EARTH & WATER LAW LLC
                            1455 Pennsylvania Avenue, NW
                            Suite 400
                            Washington, D.C. 20004
                            (301) 807-5670
                            Email: jirving1@verizon.net

                            John P. Rowley, III
                            JPROWLEY LAW PLLC
                            8639 Chase Glen Circle
                            Fairfax Station,
                            Virginia 22039
                            (703) 402-8800
                            Email:
                            john.rowley@jprowleylaw.com

Court Reporter:             William P. Zaremba
                            Registered Merit Reporter
                            Certified Realtime Reporter
                            Official Court Reporter
                            E. Barrett Prettyman CH
                            333 Constitution Avenue, NW
                            Washington, D.C. 20001
                            (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

```
 1                   P R O C E E D I N G S
 2          THE COURT:  Good morning.  Please be seated,
 3   everyone.
 4          COURTROOM DEPUTY:  Good morning, Your Honor.
 5   This is Criminal Case No. 22-200, the United States of
 6   America versus Peter K. Navarro.
 7          Elizabeth Aloi and Molly Gaston for the
 8   government.
 9          John Irving and John Rowley for the defense.
10          The defendant is appearing in person for these
11   proceedings.
12          THE COURT:  All right, Counsel, good morning to
13   all of you.
14          Mr. Navarro, good morning to you, sir.
15          All right.  So we're here just to check in on
16   where things stand.  We've got a schedule in place where
17   we've got Rule 12 motions due in about a week or so.  There
18   was a motion to compel filed by the defense; the response is
19   due, I think, next week.
20          So why don't we start with the government, if
21   there's anything government counsel wants to raise, and then
22   we'll turn to defense counsel.
23          MS. ALOI:  Good morning, Your Honor.
24          THE COURT:  Good morning.
25          MS. ALOI:  The government has nothing to bring
```

1   before the Court this morning.  We are on track to respond

2   to the motion to compel in an expedited manner, in an

3   expeditious manner; we'll have it filed next week.

4          THE COURT:  Are you suggesting -- I haven't -- the

5   defense didn't ask for expedited briefing.  Are you

6   suggesting that you'll be filing before your 14 days?

7          MS. ALOI:  If that will help with the Court's

8   resolution of the pending motion, with the motion to dismiss

9   timing, we are prepared to do so.

10         THE COURT:  Well, when do you think you can have

11  your opposition in?

12         MS. ALOI:  We can aspire for Monday.

13         THE COURT:  Okay.  Terrific.

14         So if you file something by Monday, I assume that

15  defense will want a reply date -- defense counsel, what do

16  you think is a reasonable date by which you all can reply?

17         MR. ROWLEY:  Thank you, Your Honor.  Good morning.

18         THE COURT:  Good morning.

19         MR. ROWLEY:  Your Honor, our Rule 12 motions are

20  due on the 17th, which I believe is next Wednesday.

21         THE COURT:  Right.

22         MR. ROWLEY:  We'll need at least two or three days

23  to respond to -- to reply to the government's opposition,

24  Your Honor.

25         But I think the timing of this is such, it's going

```
 1    to be very difficult for us to file our Rule 12 motions
 2    until we know the government's position with respect to the
 3    discovery that Mr. Navarro believes he's entitled to.
 4    So it's a challenging situation, Your Honor.
 5               THE COURT:  Help me understand that.
 6               I mean, what do you think you need in terms of
 7    discovery for Rule 12 motions?  In other words, you know,
 8    I mean, Rule 12 motions usually involve a challenge to the
 9    indictment itself.  If there are motions that require some
10    discovery, it's typically not at the Rule 12 stage, but
11    maybe I'm thinking of things more narrowly than I should be.
12               MR. ROWLEY:  Well, there were several things,
13    Your Honor.
14               We have -- as we set forth in our motion to compel
15    discovery, there is the possibility, we're not alleging
16    this, but there's at least the possibility of undue
17    political influence.  We think that that is something that
18    should be raised by motion to dismiss.
19               There's the selective prosecution issue, which is
20    an interesting motion in and of itself, Your Honor.  We know
21    that there has been an improper effect on Mr. Navarro in
22    that he has been prosecuted, but similarly situated
23    individuals, that is, Mark Meadows and Dan Scavino, have not
24    been prosecuted.  So the question becomes, since there was
25    an effect, what was the government's purpose?  Was there a
```

1    discriminatory purpose?  And we have asked in our --

2           THE COURT:  Can I ask you -- I haven't encountered

3    this much, but is it your view that a selective prosecution

4    challenge can be based on anything other than what we

5    traditionally think of as protected classifications?

6           MR. ROWLEY:  Yes, Your Honor.  We've cited the

7    case authority in our motion --

8           THE COURT:  Okay.

9           MR. ROWLEY:  -- that Mr. Navarro's expression of

10   his First Amendment rights, his objections to the subpoena,

11   his thoughts about the Committee, that that can constitute

12   political animus if interpreted by the government as -- or

13   factored in by the government as a decision to prosecute him

14   as opposed to other similarly situated individuals.

15          In addition to that, Your Honor, we have issues

16   pertaining to the creation of the Select Committee.

17   Your Honor is more than familiar with those issues, but we

18   raised them again in our challenge to the indictment.

19          There's the question about whether or not the

20   subpoena that's referenced in the indictment is invalid on

21   its face.  We've raised those issues.  The subpoena directed

22   Mr. Navarro to appear for deposition at the Capitol

23   building.  The Capitol building has more than 600 rooms.  So

24   there was not any reasonable description as to where he was

25   to appear for deposition.

1              And then it also appears that Committee counsel,

2    perhaps on his own -- we don't know, we'd like to have

3    discovery on this issue -- changed the place of deposition

4    even further and said, no, Mr. Navarro, not the Capitol

5    building, but the O'Neill House Office Building.  So there

6    were a number of issues.

7              And then, of course, there's the grand jury abuse

8    issues that we've raised in our motion as well, Your Honor.

9    So a number of things.

10             I take your point about what can be raised in a

11   motion to dismiss, but I think that at least those matters

12   can be raised in a motion to dismiss.

13             And on the record that we have right now, we do

14   not have complete transparency into what exactly happened,

15   and we think we need that information, Your Honor, in order

16   to have a comprehensive motion to dismiss and have the Court

17   have the facts before it before it rules on our motion.

18             THE COURT:  Well, look, we can walk and chew gum

19   at the same time.  So what I mean by that is you've got a

20   Rule 12 deadline next week.  To the extent that there are

21   issues you think you can raise without discovery, you should

22   raise those by that deadline.  If after we look at the

23   discovery motion and I rule on it and if you do get the kind

24   of discovery that you are seeking and think that discovery

25   can be the predicate for a different motion to dismiss, then

1   we'll set deadlines for that.

2           So I don't think you ought to view next week as a

3   hard and fast deadline that, depending upon the outcome of

4   the motion to compel, that you'll be foreclosed from filing

5   anything else in the future.  I just want to get things

6   moving in the direction -- in the right direction.  And if

7   there are motions that can be addressed and put on file that

8   don't involve the kind of discovery disputes that you're

9   talking about, then at least let's get that ball rolling --

10  let's at least start moving in that direction.

11          MR. ROWLEY:  Your Honor, would the Court consider

12  setting another hearing on the discovery issues?

13          Right now, to the best of my knowledge, the only

14  motions hearing that has been set is the September 23rd

15  motions hearing on our Rule 12 motions.  I anticipate that

16  the government is not going to agree with many, perhaps any,

17  of the issues that we've raised in our motion to compel

18  discovery.

19          THE COURT:  The short answer is yes.

20          When do you think you can -- so the government

21  files on the 15th, you've got a motions deadline on the

22  17th.  What do you think in terms of getting your reply in?

23  Do you want -- let me just tell you.  I'm not going to be

24  here next week, so we can't do it next week.  So we're

25  looking at getting back together the week of the 22nd.

```
 1   I can -- I mean, if you get something on file by the 22nd,
 2   I could be ready by the 25th or -6th if the parties are
 3   available.
 4            THE DEFENDANT:  Mr. Rowley, can I confer with
 5   counsel for a second?
 6            MR. ROWLEY:  May I, Your Honor?
 7            (Defense counsel conferred with defendant off the
 8   record.)
 9            MR. ROWLEY:  Your Honor, I think a couple of
10   points, if I may.
11            We'll comply with any schedule the Court sets;
12   however, it will be challenging for us to file a reply to
13   the government's opposition to our motion to compel at the
14   same time basically, within days of the time that we have
15   our Rule 12 motions to file.
16            Secondly, Your Honor, as we pointed out --
17            THE COURT:  So, Mr. Rowley, that's why I asked
18   you.  What do you think is realistic?  I'm not looking to
19   jam you up.
20            So we've got the 17th as the motions deadline
21   to the extent you're filing any Rule 12 motions that aren't
22   based on the discovery.
23            So your motion is not insubstantial.  I assume the
24   government's opposition won't be insubstantial.  So give me
25   a reply date that's realistic and we can then set a hearing
```

```
 1   date.
 2            MR. ROWLEY:  Well, Your Honor, we'd like to have
 3   the full seven-day reply period to the government's
 4   opposition.
 5            THE COURT:  Okay.  So you'll file by the 22nd?
 6            MR. ROWLEY:  Yes, Your Honor.
 7            THE COURT:  Okay.
 8            So as I said, I think -- well, why don't you
 9   finish your second point and then we'll set the next date.
10            MR. ROWLEY:  And then the second point,
11   Your Honor, is just simply, as we've pointed out in our
12   motion to compel, the Court is well aware of our position.
13   This is an extremely complicated case.  It's a case that
14   involves separation of powers, executive privilege,
15   invocations of privilege on behalf of the President.
16            There has never been another case, Your Honor,
17   where a senior advisor to a President has been held in
18   criminal contempt and prosecuted by the Justice Department
19   for his invocations of executive privilege and refusal to
20   comply with a congressional subpoena.
21            So I understand that the government would like to
22   move this along as quickly as possible, but, Your Honor,
23   I think that in order to have a fair hearing of these very
24   complicated issues, it's going to require a little more
25   time.
```

1           And as I said, we will comply with whatever

2    schedule the Court sets, but the schedule of filing our

3    Rule 12 motions at or about the same time as we're

4    responding to the government on our discovery motions kind

5    of jams us up somewhat, Your Honor.

6           And Your Honor is aware that the position that the

7    government itself has taken for more than 50 years has been

8    that a senior advisor like Mr. Navarro cannot be criminally

9    prosecuted.  So as I say, these are not frivolous issues;

10   these are very important issues.

11          Mr. Navarro is out on bond; these are misdemeanor

12   charges.  I understand the Court wants to move the case

13   along, but at the same time, Your Honor, I don't know if

14   there's any particular urgency to have this case tried --

15          THE COURT:  Well, Mr. Rowley, if I can just

16   interrupt you for a moment and say the following, which is,

17   look -- I have articulated a couple things; one is that

18   I think there is a public interest in getting the case to

19   trial; two, at least from a factual standpoint, it's not

20   clear to me how complicated the case is.  Maybe I'm not

21   seeing things that you all are.  I mean, I know Mr. Bannon's

22   case took two days, I believe, at most.  And, third, in

23   terms of the complexity of the legal issues, you know, the

24   sooner you get them briefed, the sooner I can get them

25   resolved.  And as my fall progresses, my schedule becomes

1   increasingly difficult.

2          MR. ROWLEY:  Understood.

3          THE COURT:  And, you know, I've carved out a trial

4   date in November that, at present, works, and we'll just see

5   where we are.

6          I mean, like I said, you've got my commitment to

7   move things along as quickly as we can.  I don't want to

8   deny Mr. Navarro an opportunity to be fully prepared for

9   trial and raise whatever legal issues he thinks need to be

10  raised.  And he'll have the -- you have my word that you're

11  going to have that time and opportunity to do that.

12         MR. ROWLEY:  And, Your Honor, I appreciate that.

13         If I might just say one thing with respect to

14  Mr. Bannon's case.  The government's position in that case

15  was that Mr. Bannon had a subpoena, the subpoena required

16  that he show for -- he appear for a deposition by a certain

17  date, he didn't, and that was willful non-compliance.

18         Your Honor, this case is much more complicated

19  than that.  That's not our position of the case.  We will

20  push back very strong on the government if that's their

21  case.

22         Judge Nichols was -- I was in the courtroom and it

23  appeared to me that he was very disturbed by the *Licavoli*

24  case, thought that he was bound by that case, and ruled

25  accordingly.

1          Our position, Your Honor, is that case has nothing

2     to do with the present case before Your Honor.  This is much

3     more complicated; it's a separation of powers case, and then

4     it's also a case as to what Mr. Navarro reasonably believed

5     when he decided not to comply with that subpoena.  So a very

6     different case, Your Honor.

7          THE COURT:  Okay.

8          Well, I mean, like I said, if that translates into

9     a longer trial, then you will let me know that.  Maybe the

10    government's presentation won't be as long or will be the

11    same length of time as it was in Mr. Navarro's [sic] case.

12    Maybe you'll have a more substantial case.  I just don't

13    know at this point.

14          MR. ROWLEY:  Your Honor, if I may make one

15    additional point, and that is, with respect to the

16    government's opposition to our motion to compel, we have,

17    I think, very precisely indicated that there is certain

18    evidence that we believe may very well exist -- we can't say

19    definitively because we don't know that.  But based upon the

20    record that we have right now and based upon the initial

21    discovery that the government has provided, we have reasons

22    to believe that additional, very important discovery,

23    evidence that is important and material to our defense, may

24    exist.

25          Now, on this present schedule, I would hope that

1  the government would, in addition to responding to our

2  motion, make a representation to the Court one way or the

3  other whether this information even does exist.  I mean, to

4  simply say that we're not entitled to it without knowing

5  whether the evidence exists out there is not especially

6  helpful to the cause.

7             THE COURT:  You're referring to the evidence

8  that's being sought in your motion to compel or something

9  else?

10             MR. ROWLEY:  Motion to compel, Your Honor.

11             THE COURT:  Okay.

12             MR. ROWLEY:  Motion to compel whether there was

13  undue political influence, whether there were communications

14  between the White House and the Justice Department, between

15  the White House and Select Committee, between the Select

16  Committee and the Justice Department.

17             There must be some reason, as an example,

18  Your Honor, that the Justice Department decided to discard

19  50 years of OLC opinions with respect to decisions regarding

20  senior advisors to the President.

21             We think that it is probable that there were

22  discussions between the Select Committee and/or the

23  White House and the Justice Department, or internal to the

24  Justice Department, as to why those many OLC opinions should

25  be ignored.  And that's just one example, Your Honor.  We've

1    set forth others in our motion.

2            But as I said, it would not be particularly

3    helpful if the government simply said, we've produced

4    everything that you're entitled to, without having first

5    done a search of whether or not the information and evidence

6    that we believe may very well exist does, in fact, exist.

7            THE COURT:  Okay.

8            Well, let's wait and see what the government says.

9            MR. ROWLEY:  Thank you, Your Honor.

10           THE COURT:  All right.  So just in terms of

11   scheduling then.

12           So if the government files its opposition by the

13   15th, we'll get a reply from Mr. Navarro on the 22nd.  Let

14   me just take a look at my schedule.

15           Just bear with me, everyone.  I'm just checking

16   something about my schedule.

17           All right.  How about tentatively can we set

18   down -- let's set down 2:30 on the 26th, if everyone is

19   available.

20           MS. ALOI:  Yes, that works for the government.

21           MR. ROWLEY:  Your Honor, I may have miscalculated

22   with respect to when oppositions and replies were due.

23           According to my calculations, our motion to compel

24   was filed -- motion to compel discovery was filed on

25   August 4th, the government's opposition would be due

1    August 18.  And I realize the Court accelerated that

2    schedule somewhat, but our reply would typically have been

3    due then on August 25th, and August 26th is just the next

4    day.

5              THE COURT:  Right.  But you don't get more time

6    because the government files sooner; in other words, your

7    date for the reply is pegged when the opposition is filed,

8    not when the initial motion's filed.

9              MR. ROWLEY:  I understand.

10             THE COURT:  So you get seven days from the 15th.

11   Now, again, if you're telling me you need a little extra

12   time, tell me that.  But you said seven days, so that's why

13   I said the 22nd.

14             MR. ROWLEY:  Well, Your Honor, particularly since

15   the Court is not available next week, if you could give us,

16   say, ten days, rather than the seven days, I think that

17   would help us have a more fulsome response to the

18   government's opposition.

19             THE COURT:  Okay.  File by the 23rd, and I'll

20   manage to get ready by the 26th.

21             Look, I mean, this is about discovery.  And the

22   sooner we get this resolved, the better off everybody will

23   be.

24             And if there's discovery to be disclosed, let's

25   get the government disclosing it sooner rather than later.

1    So let's move this along.

2            And if there are going to be motions that follow

3    from whatever discovery that gets granted, then we'll know

4    that sooner rather than later too.

5            MR. ROWLEY:  And, Your Honor, just for

6    clarification for me, we'll file our Rule 12 motions on the

7    17th of August.  But if I understand the Court correctly,

8    because the motion to compel will be playing out after that

9    date, the Court would consider allowing us to supplement

10   those motions at some point after we get the government's

11   discovery.

12           THE COURT:  Correct.

13           MR. ROWLEY:  Okay.  Thank you, Your Honor.

14           THE COURT:  Correct.

15           All right.  So we've got that in place.  Is there

16   anything else we ought to talk about this morning?

17           MS. ALOI:  Not from the government.

18           THE COURT:  All right.

19           Mr. Rowley and Mr. Irving, anything you'd like to

20   raise?

21           MR. ROWLEY:  No, Your Honor.  Thank you.

22           THE COURT:  Okay.  Terrific.

23           So we'll look forward to getting everybody's

24   papers, and we'll see everybody back here on the -- 26th at

25   2:30.  Thanks, everyone.

1          COURTROOM DEPUTY:  All rise.

2          This Court stands in recess until return of court.

3          (Proceedings concluded at 9:20 a.m.)

C E R T I F I C A T E

I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.


Date:__August 22, 2022_____        

                                     William P. Zaremba, RMR, CRR

COURTROOM
DEPUTY: [2]  3/4 18/1
MR. ROWLEY: [24]
MS. ALOI: [6]  3/23
3/25 4/7 4/12 15/20
17/17
THE COURT: [30]
THE DEFENDANT: [1]
9/4

**-**

-6th [1]  9/2

**1**

11 [1]  1/5
12 [12]  3/17 4/19 5/1
5/7 5/8 5/10 7/20 8/15
9/15 9/21 11/3 17/6
14 [1]  4/6
1455 [1]  2/3
15th [1]  8/21 15/13
16/10
17th [4]  4/20 8/22 9/20
17/7
18 [1]  16/1

**2**

200 [2]  1/4 3/5
20001 [1]  2/13
20003 [1]  1/15
20004 [1]  2/4
202 [2]  1/16 2/14
2022 [2]  1/5 19/7
22 [1]  19/7
22-200 [2]  1/4 3/5
22039 [1]  2/8
22nd [5]  8/25 9/1 10/5
15/13 16/13
23rd [2]  8/14 16/19
252-7212 [1]  1/16
25th [2]  9/2 16/3
26th [4]  15/18 16/3
16/20 17/24
2:30 [2]  15/18 17/25

**3**

301 [1]  2/4
3249 [1]  2/14
333 [1]  2/13
354-3249 [1]  2/14

**4**

400 [1]  2/3
402-8800 [1]  2/8
4th [2]  1/15 15/25

**5**

50 [2]  11/7 14/19
555 [1]  1/15
5670 [1]  2/4

**6**

600 [1]  6/23
6th [1]  9/2

**7**

703 [1]  2/8

**8**

807-5670 [1]  2/4
8639 [1]  2/7
8800 [1]  2/8

**9**

9:00 [1]  1/6
9:20 [1]  18/3

**A**

a.m [2]  1/6 18/3
about [10]  3/17 6/11
6/19 7/10 8/9 11/3
15/16 15/17 16/21
17/16
above [1]  19/4
above-titled [1]  19/4
abuse [1]  7/7
accelerated [1]  16/1
According [1]  15/23
accordingly [1]  12/6
addition [2]  6/15 14/1
additional [2]  13/15
13/22
addressed [1]  8/7
advisor [2]  10/17 11/8
advisors [1]  14/20
after [3]  7/22 17/8
17/10
again [2]  6/18 16/11
agree [1]  8/16
aided [1]  2/16
all [10]  3/12 3/13 3/15
4/16 11/21 15/10 15/17
17/15 17/18 18/1
All right [1]  17/18
alleging [1]  5/15
allowing [1]  17/9
Aloi [2]  1/13 3/7
along [4]  10/22 11/13
12/7 17/1
also [2]  7/1 13/4
Amendment [1]  6/10
AMERICA [2]  1/3 3/6
AMIT [1]  1/10
animus [1]  6/12
Ann [1]  1/13
another [2]  8/12 10/16
answer [1]  8/19
anticipate [1]  8/15
any [5]  6/24 8/16 9/11
9/21 11/14
anything [5]  3/21 6/4
8/5 17/16 17/19
appear [3]  6/22 6/25
12/16
APPEARANCES [2]
1/12 1/18
appeared [1]  12/23
appearing [1]  3/10
appears [1]  7/1
appreciate [1]  12/12
are [16]  4/1 4/4 4/5 4/9
4/19 5/9 7/20 7/24 8/7
9/2 11/9 11/10 11/11
11/21 12/5 17/2

articulated [1]  11/17
as [26]
ask [2]  4/5 6/2
asked [2]  6/1 9/17
aspire [1]  4/12
assume [2]  4/14 9/23
ATTORNEY'S [1]  1/14
August [7]  1/5 15/25
16/1 16/3 16/3 17/7
19/7
August 18 [1]  16/1
August 4th [1]  15/25
authority [1]  6/7
available [3]  9/3 15/19
16/15
Avenue [2]  2/3 2/13
aware [2]  10/12 11/6

**B**

back [3]  8/25 12/20
17/24
ball [1]  8/9
Bannon [1]  12/15
Bannon's [2]  11/21
12/14
Barrett [1]  2/12
based [4]  6/4 9/22
13/19 13/20
basically [1]  9/14
be [28]
bear [1]  15/15
because [3]  13/19 16/6
17/8
becomes [2]  5/24
11/25
been [8]  5/21 5/22 5/24
8/14 10/16 10/17 11/7
16/2
before [6]  1/10 4/1 4/6
7/17 7/17 13/2
behalf [1]  10/15
being [1]  14/8
believe [5]  4/20 11/22
13/18 13/22 15/6
believed [1]  13/4
believes [1]  5/3
best [1]  8/13
better [1]  16/22
between [2]  14/14
14/14 14/15 14/22
bond [1]  11/11
bound [1]  12/24
briefed [1]  11/24
briefing [1]  4/5
bring [1]  3/25
building [4]  6/23 6/23
7/5 7/5

**C**

calculations [1]  15/23
can [20]
can't [2]  8/24 13/18
cannot [1]  11/8
Capitol [3]  6/22 6/23
7/4
carved [1]  12/3
case [24]

certain [2]  12/16 13/17
Certified [1]  2/11
certify [1]  19/2
CH [1]  2/12
challenge [3]  5/8 6/4
6/18
challenging [2]  5/4
9/12
changed [1]  7/3
charges [1]  11/12
Chase [1]  2/7
check [1]  3/15
checking [1]  15/15
chew [1]  7/18
Circle [1]  2/7
cited [1]  6/6
clarification [1]  17/6
classifications [1]  6/5
clear [1]  11/20
COLUMBIA [2]  1/1
1/14
commitment [1]  12/6
Committee [6]  6/11
6/16 7/1 14/15 14/16
14/22
communications [1]
14/13
compel [14]  3/18 4/2
5/14 8/4 8/17 9/13
10/12 13/16 14/8 14/10
14/12 15/23 15/24 17/8
complete [1]  7/14
complexity [1]  11/23
compliance [1]  12/17
complicated [5]  10/13
10/24 11/20 12/18 13/3
comply [4]  9/11 10/20
11/1 13/5
comprehensive [1]
7/16
computer [1]  2/16
computer-aided [1]
2/16
concluded [1]  18/3
confer [1]  9/4
CONFERENCE [1]  1/9
conferred [1]  9/7
congressional [1]
10/20
consider [2]  8/11 17/9
constitute [1]  6/11
Constitution [1]  2/13
contempt [1]  10/18
CONTINUED [1]  2/1
correct [3]  17/12 17/14
19/3
correctly [1]  17/7
could [2]  9/2 16/15
counsel [7]  3/12 3/21
3/22 4/15 7/1 9/5 9/7
couple [2]  9/9 11/17
course [1]  7/7
court [17]  1/1 2/10
2/12 4/1 7/16 8/11 9/11
10/12 11/2 11/12 14/2
16/1 16/15 17/7 17/9
18/2 18/2

**cause [1]**  19/2
certain [2]  ... [duplicate column markers]

**D**

D.C [4]  1/5 1/15 2/4
2/13
Dan [1]  5/23
date [10]  4/15 4/16
9/25 10/1 10/9 12/4
12/17 16/7 17/9 19/7
day [2]  10/3 16/4
days [8]  4/6 4/22 9/14
11/22 16/10 16/12
16/16 16/16
deadline [5]  7/20 7/22
8/3 8/21 9/20
deadlines [1]  8/1
decided [2]  13/5 14/18
decision [1]  6/13
decisions [1]  14/19
defendant [4]  1/7 2/2
3/10 9/7
defense [6]  3/9 3/18
3/22 4/5 4/15 4/15 9/7
13/23
definitively [1]  13/19
deny [1]  12/8
Department [6]  10/18
14/14 14/16 14/18
14/23 14/24
depending [1]  8/3
deposition [4]  6/22
6/25 7/3 12/16
description [1]  6/24
didn't [2]  4/5 12/17
different [2]  7/25 13/6
difficult [2]  5/1 12/11
directed [1]  6/21
direction [3]  8/6 8/6
8/10
discard [1]  14/18
disclosed [1]  16/24
disclosing [1]  16/25
discovery [21]
discriminatory [1]  6/1
discussions [1]  14/22
dismiss [6]  4/8 5/18
7/11 7/12 7/16 7/25
disputes [1]  8/8
DISTRICT [4]  1/1 1/1
1/10 1/14
disturbed [1]  12/23
do [13]  4/9 4/10 4/15
5/6 7/13 7/23 8/20 8/22
8/23 8/24 9/18 12/11
13/2
does [2]  14/3 15/6
don't [10]  3/20 7/2 8/2
8/8 10/8 11/13 12/7
13/12 13/19 16/5
done [1]  15/5
down [2]  15/18 15/18
due [6]  3/17 3/19 4/20

**Court's [1]**  4/7
courtroom [1]  12/22
CR [1]  1/4
creation [1]  6/16
criminal [2]  3/5 10/18
criminally [1]  11/8
CRR [2]  19/2 19/8

**D**

due... **[3]** 15/22 15/25
16/3

**E**

**EARTH [1]** 2/2
**effect [2]** 5/21 5/25
**Elizabeth [2]** 1/13 3/7
**elizabeth.aloi [1]**
**else [3]** 8/5 14/9 17/16
**Email [4]** 1/16 1/17 2/5
2/9
**encountered [1]** 6/2
**entitled [3]** 5/3 14/4
15/4
**especially [1]** 14/5
**even [2]** 7/4 14/3
**everybody [1]** 16/22
17/24
**everybody's [1]** 17/23
**everyone [4]** 3/3 15/15
15/18 17/25
**everything [1]** 15/4
**evidence [5]** 13/18
13/23 14/5 14/7 15/5
**exactly [1]** 7/14
**example [2]** 14/17
14/25
**executive [2]** 10/14
10/19
**exist [5]** 13/18 13/24
14/3 15/6 15/6
**exists [1]** 14/5
**expedited [2]** 4/2 4/5
**expeditious [1]** 4/3
**expression [1]** 6/9
**extent [2]** 7/20 9/21
**extra [1]** 16/11
**extremely [1]** 10/13

**F**

**face [1]** 6/21
**fact [1]** 15/6
**factored [1]** 6/13
**facts [1]** 7/17
**factual [1]** 11/19
**fair [1]** 10/23
**Fairfax [1]** 2/7
**fall [1]** 11/25
**familiar [1]** 6/17
**fast [1]** 8/3
**file [9]** 4/14 5/1 8/7 9/1
9/12 9/15 10/5 16/19
17/6
**filed [6]** 3/18 4/3 15/24
15/24 16/7 16/8
**files [3]** 8/21 15/12
16/6
**filing [4]** 4/6 8/4 9/21
11/2
**finish [1]** 10/9
**first [2]** 6/10 15/4
**First Amendment [1]**
6/10
**follow [1]** 17/2
**following [1]** 11/16
**foreclosed [1]** 8/4
**foregoing [1]** 19/3

**forward [1]** 17/23
**frivolous [1]** 11/9
**full [1]** 10/3
**fully [1]** 12/8
**fulsome [1]** 16/17
**further [1]** 7/4
**future [1]** 8/5

**G**

**Gaston [2]** 1/13 3/7
**get [13]** 7/23 8/5 8/9
9/1 11/24 11/24 15/13
16/5 16/10 16/20 16/22
16/25 17/10
**gets [1]** 17/3
**getting [4]** 8/22 8/25
11/18 17/23
**give [2]** 9/24 16/15
**Glen [1]** 2/7
**going [6]** 4/25 8/16
8/23 10/24 12/11 17/2
**good [8]** 3/2 3/4 3/12
3/14 3/23 3/24 4/17
4/18
**good morning [5]** 3/2
3/12 3/23 3/24 4/18
**got [7]** 3/16 3/17 7/19
8/21 9/20 12/6 17/15
**government [22]**
**government's [12]**
4/23 5/2 5/25 9/13 9/24
10/3 12/14 13/10 13/16
15/25 16/18 17/10
**grand [1]** 7/7
**granted [1]** 17/3
**gum [1]** 7/18

**H**

**had [1]** 12/15
**happened [1]** 7/14
**hard [1]** 8/3
**has [11]** 3/25 5/21 5/22
6/23 8/14 10/16 10/17
11/7 11/7 13/1 13/21
**have [27]**
**haven't [2]** 4/4 6/2
**having [1]** 15/4
**he [9]** 5/22 6/24 12/9
12/16 12/16 12/17
12/23 12/24 13/5
**he'll [1]** 12/10
**he's [1]** 5/3
**hearing [5]** 8/12 8/14
8/15 9/25 10/23
**held [1]** 10/17
**help [3]** 4/7 5/5 16/17
**helpful [1]** 14/6 15/3
**here [3]** 3/15 8/24
17/24
**him [1]** 6/13
**his [5]** 6/10 6/10 6/11
7/2 10/19
**Honor [40]**
**HONORABLE [1]** 1/10
**hope [1]** 13/25
**House [4]** 7/5 14/14
14/15 14/23

**however [1]** 9/12

**I**

**I assume [1]** 4/14
**I believe [2]** 4/20 11/22
**I can [2]** 9/1 11/24
**I could [1]** 9/2
**I don't [1]** 8/2
**I have [1]** 11/17
**I haven't [2]** 4/4 6/2
**I just [2]** 8/5 13/12
**I know [1]** 11/21
**I mean [6]** 5/6 5/8 7/19
12/6 13/8 16/21
**I think [9]** 3/19 4/25
7/11 9/9 10/8 10/23
11/18 13/17 16/16
**I understand [2]** 11/12
16/9
**I was [1]** 12/22
**I'll [1]** 16/19
**I'm [5]** 5/11 8/23 9/18
11/20 15/15
**I'm not [1]** 11/20
**I've [1]** 12/3
**ignored [1]** 14/25
**Ill [1]** 2/6
**important [3]** 11/10
13/22 13/23
**improper [1]** 5/21
**increasingly [1]** 12/1
**indicated [1]** 13/17
**indictment [3]** 5/9 6/18
6/20
**individuals [2]** 5/23
6/14
**influence [2]** 5/17
14/13
**information [3]** 7/15
14/3 15/5
**initial [2]** 13/20 16/8
**insubstantial [2]** 9/23
9/24
**interest [1]** 11/18
**interesting [1]** 5/20
**internal [1]** 14/23
**interpreted [1]** 6/12
**interrupt [1]** 11/16
**invalid [1]** 6/20
**invocations [2]** 10/15
10/19
**involve [2]** 5/8 8/8
**involves [1]** 10/14
**Irving [3]** 2/2 3/9 17/19
**is [44]**
**Is there [1]** 17/15
**issue [2]** 5/19 7/3
**issues [13]** 6/15 6/17
6/21 7/6 7/8 7/21 8/12
8/17 10/24 11/9 11/10
11/23 12/9
**it [14]** 4/3 6/3 7/1 7/17
7/17 7/23 8/24 9/12
12/22 13/11 14/4 14/21
15/2 16/25
**it's [8]** 4/25 5/4 5/10
10/13 10/24 11/19 13/3

**its [2]** 6/21 15/12
**itself [3]** 5/9 5/20 11/7
**IV [1]** 2/2

**J**

**jam [1]** 9/19
**jams [1]** 11/5
**jirving1 [1]** 2/5
**John [4]** 2/2 2/6 3/9 3/9
**john.rowley [1]** 2/9
**JPROWLEY [1]** 2/6
**jprowleylaw.com [1]**
2/9
**JUDGE [2]** 1/10 12/22
**Judge Nichols [1]**
12/22
**jury [1]** 7/7
**just [15]** 3/15 8/5 8/23
10/11 11/15 12/4 12/13
13/12 14/25 15/10
15/14 15/15 15/15 16/3
17/5
**Justice [6]** 10/18 14/14
14/16 14/18 14/23
14/24
**Justice Department [1]**
14/24

**K**

**kind [3]** 7/23 8/8 11/4
**know [12]** 5/2 5/7 5/20
7/2 11/13 11/21 11/23
12/3 13/9 13/13 13/19
17/3
**knowing [1]** 14/4
**knowledge [1]** 8/13

**L**

**later [2]** 16/25 17/4
**LAW [2]** 2/2 2/6
**least [4]** 4/22 5/16 7/11
8/9 8/10 11/19
**legal [2]** 11/23 12/9
**length [1]** 13/11
**let [3]** 8/23 13/9 15/13
**let's [6]** 8/9 8/10 15/8
15/18 16/24 17/17
**Licavoli [1]** 12/23
**like [7]** 7/2 10/2 10/21
11/8 12/6 13/8 17/19
**little [2]** 10/24 16/11
**LLC [1]** 2/2
**long [1]** 13/10
**longer [1]** 13/9
**look [6]** 7/18 7/22
11/17 15/14 16/21
17/23
**looking [2]** 8/25 9/18

**M**

**make [2]** 13/14 14/2
**manage [1]** 16/20
**manner [2]** 4/2 4/3
**many [2]** 8/16 14/24
**Mark [1]** 5/23
**material [1]** 13/23
**matter [1]** 19/4
**matters [1]** 7/11

**May [7]** 9/6 9/10 13/4
13/18 13/23 15/6 15/21
**maybe [4]** 5/11 11/20
13/9 13/12
**me [11]** 5/5 8/23 9/24
11/20 12/23 13/9 15/14
15/15 16/11 16/12 17/6
**Meadows [1]** 5/23
**mean [9]** 5/6 5/8 7/19
9/1 11/21 12/6 13/8
14/3 16/21
**mechanical [1]** 2/15
**MEHTA [1]** 1/10
**Merit [1]** 2/11
**might [1]** 12/13
**miscalculated [1]**
15/21
**misdemeanor [1]**
11/11
**Molly [2]** 1/13 3/7
**molly.gaston [1]** 1/17
**moment [1]** 11/16
**Monday [2]** 4/12 4/14
**more [10]** 5/11 6/17
6/23 10/24 11/7 12/18
13/3 13/12 16/5 16/17
**morning [10]** 3/2 3/4
3/12 3/14 3/23 3/24 4/1
4/17 4/18 17/16
**most [1]** 11/22
**motion [29]**
**motion's [1]** 16/8
**motions [19]** 3/17 4/19
5/1 5/7 5/8 5/9 8/7 8/14
8/15 8/15 8/21 9/15
9/20 9/21 11/3 11/4
17/2 17/6 17/10
**move [4]** 10/22 11/12
12/7 17/1
**moving [2]** 8/6 8/10
**Mr [1]** 9/17
**Mr. [19]** 3/14 5/3 5/21
6/9 6/22 7/4 9/4 11/8
11/11 11/15 11/21 12/8
12/14 12/15 13/4 13/11
15/13 17/19 17/19
**Mr. Bannon [1]** 12/15
**Mr. Bannon's [2]** 11/21
12/14
**Mr. Irving [1]** 17/19
**Mr. Navarro [10]** 3/14
5/3 5/21 6/22 7/4 11/8
11/11 12/8 13/4 15/13
**Mr. Navarro's [2]** 6/9
13/11
**Mr. Rowley [3]** 9/4
11/15 17/19
**much [3]** 6/3 12/18
13/2
**must [1]** 14/17
**my [8]** 8/13 11/25
11/25 12/12 12/10 15/14
15/16 15/23

**N**

**narrowly [1]** 5/11
**NAVARRO [12]** 1/6 3/6
3/14 5/3 5/21 6/22 7/4

**N**

NAVARRO... **[5]** 11/8 11/11 12/8 13/4 15/13
Navarro's **[2]** 6/9 13/11
need **[5]** 4/22 5/6 7/15 12/9 16/11
never **[1]** 10/16
next **[10]** 3/19 4/3 4/20 7/20 8/2 8/24 8/24 10/9 16/3 16/15
Nichols **[1]** 12/22
no **[4]** 1/4 3/5 7/4 17/21
non **[1]** 12/17
non-compliance **[1]** 12/17
not **[23]**
nothing **[2]** 3/25 13/1
November **[1]** 12/4
now **[5]** 7/13 8/13 13/20 13/25 16/11
number **[2]** 7/6 7/9
NW **[3]** 1/15 2/3 2/13

**O**

O'Neill **[1]** 7/5
objections **[1]** 6/10
off **[2]** 9/7 16/22
OFFICE **[2]** 1/14 7/5
Official **[1]** 2/12
Okay **[10]** 4/13 6/8 10/5 10/7 13/7 14/11 15/7 16/19 17/13 17/22
OLC **[2]** 14/19 14/24
one **[5]** 11/17 12/13 13/14 14/2 14/25
only **[1]** 8/13
opinions **[2]** 14/19 14/24
opportunity **[2]** 12/8 12/11
opposed **[1]** 6/14
opposition **[10]** 4/11 4/23 9/13 9/24 10/4 13/16 15/12 15/25 16/7 16/18
oppositions **[1]** 15/22
order **[2]** 7/15 10/23
other **[5]** 5/7 6/4 6/14 14/3 16/6
others **[1]** 15/1
ought **[2]** 8/2 17/16
our **[25]**
out **[6]** 9/16 10/11 11/11 12/3 14/5 17/8
outcome **[1]** 8/3
own **[1]** 7/2

**P**

papers **[1]** 17/24
particular **[1]** 11/14
particularly **[2]** 15/2 16/14
parties **[1]** 9/2
pegged **[1]** 16/7
pending **[1]** 4/8
Pennsylvania **[1]** 2/3
perhaps **[2]** 7/2 8/16
period **[1]** 10/3

pertaining **[1]** 6/16
PETER **[2]** 1/6 3/6
place **[3]** 3/16 7/3 17/15
Plaintiff **[1]** 1/4
playing **[1]** 17/8
Please **[1]** 3/2
PLLC **[1]** 2/6
point **[6]** 7/10 10/9 10/10 13/13 13/15 17/10
pointed **[2]** 9/16 10/11
points **[1]** 9/10
political **[3]** 5/17 6/12 14/13
position **[6]** 5/2 10/12 11/6 12/14 12/19 13/1
possibility **[2]** 5/15 5/16
possible **[1]** 10/22
powers **[2]** 10/14 13/3
precisely **[1]** 13/17
predicate **[1]** 7/25
prepared **[2]** 4/9 12/8
present **[3]** 12/4 13/2 13/25
presentation **[1]** 13/10
President **[3]** 10/15 10/17 14/20
Prettyman **[1]** 2/12
privilege **[3]** 10/14 10/15 10/19
probable **[1]** 14/21
proceedings **[5]** 1/9 2/15 3/11 18/3 19/4
produced **[2]** 2/16 15/3
progresses **[1]** 11/25
prosecute **[1]** 6/13
prosecuted **[1]** 5/22 5/24 10/18 11/9
prosecution **[2]** 5/19 6/3
protected **[1]** 6/5
provided **[1]** 13/21
public **[1]** 11/18
purpose **[2]** 5/25 6/1
push **[1]** 12/20
put **[1]** 8/7

**Q**

question **[2]** 5/24 6/19
quickly **[2]** 10/22 12/7

**R**

raise **[5]** 3/21 7/21 7/22 12/9 17/20
raised **[8]** 5/18 6/18 6/21 7/8 7/10 7/12 8/17 12/10
rather **[3]** 16/16 16/25 17/4
ready **[2]** 9/2 16/20
realistic **[2]** 4/18 9/25
realize **[1]** 16/1
Realtime **[1]** 2/11
reason **[1]** 14/17
reasonable **[1]** 4/16

reasonably **[1]** 13/4
reasons **[1]** 13/21
recess **[1]** 18/2
record **[4]** 7/13 9/8 13/20 19/3
recorded **[1]** 2/15
referenced **[1]** 6/20
referring **[1]** 14/7
refusal **[1]** 10/19
regarding **[1]** 14/19
Registered **[1]** 2/11
replies **[1]** 15/22
reply **[10]** 4/15 4/16 4/23 8/22 9/12 9/25 10/3 15/13 16/2 16/7
Reporter **[2]** 2/10 2/11 2/11 2/12
representation **[1]** 14/2
require **[2]** 5/9 10/24
required **[1]** 12/15
resolution **[1]** 4/8
resolved **[2]** 11/25 16/22
respect **[5]** 5/2 12/13 13/15 14/19 15/22
respond **[2]** 4/1 4/23
responding **[2]** 11/4 14/1
response **[2]** 3/18 16/17
return **[1]** 18/2
right **[12]** 3/12 3/15 4/21 7/13 8/6 8/13 13/20 15/10 15/17 16/5 17/15 17/18
rights **[1]** 6/10
rise **[1]** 18/1
RMR **[2]** 19/2 19/8
rolling **[1]** 8/9
rooms **[1]** 6/23
Rowley **[6]** 2/6 3/9 9/4 9/17 11/15 17/19
rule **[13]** 3/17 4/19 5/1 5/7 5/8 5/10 7/20 7/23 8/15 9/15 9/21 11/3 17/6
Rule 12 **[12]** 3/17 4/19 5/1 5/7 5/8 5/10 7/20 8/15 9/15 9/21 11/3 17/6
ruled **[1]** 12/24
rules **[1]** 7/17

**S**

said **[9]** 7/4 10/8 11/1 12/6 13/8 15/2 15/3 16/12 16/13
same **[5]** 7/19 9/14 11/3 11/13 13/11
say **[6]** 11/9 11/16 12/13 13/18 14/4 16/16
says **[1]** 15/8
Scavino **[1]** 5/23
schedule **[9]** 3/16 9/11 11/2 11/2 11/25 13/25 15/14 15/16 16/2

search **[1]** 15/5
seated **[1]** 3/2
second **[3]** 9/5 10/9 10/10
Secondly **[1]** 9/16
see **[3]** 12/4 15/8 17/24
seeing **[1]** 11/21
seeking **[1]** 7/24
Select **[4]** 6/16 14/15 14/15 14/22
selective **[2]** 5/19 6/3
senior **[2]** 10/17 11/8 14/20
separation **[2]** 10/14 13/3
September **[1]** 8/14
set **[8]** 5/14 8/1 8/14 9/25 10/9 15/1 15/17 15/18
sets **[2]** 9/11 11/2
setting **[1]** 8/12
seven **[4]** 10/3 16/10 16/12 16/16
seven-day **[1]** 10/3
several **[1]** 5/12
short **[1]** 8/19
should **[4]** 5/11 5/18 7/21 14/24
show **[1]** 12/16
sic **[1]** 13/11
similarly **[2]** 5/22 6/14
simply **[3]** 10/11 14/4 15/3
since **[2]** 5/24 16/14
sir **[1]** 3/14
situated **[2]** 5/22 6/14
situation **[1]** 5/4
so **[31]**
So it's **[1]** 5/4
some **[3]** 5/9 14/17 17/10
something **[5]** 4/14 5/17 9/1 14/8 15/16
somewhat **[2]** 11/5 16/2
sooner **[6]** 11/24 11/24 16/6 16/22 16/25 17/4
sought **[1]** 14/8
stage **[1]** 5/10
stand **[1]** 3/16
standpoint **[1]** 11/19
stands **[1]** 18/2
start **[2]** 3/20 8/10
STATES **[4]** 1/1 1/3 1/10 3/5
Station **[1]** 2/7
STATUS **[1]** 1/9
stenography **[1]** 2/15
Street **[1]** 1/15
strong **[1]** 12/20
subpoena **[7]** 6/10 6/20 6/21 10/20 12/15 12/15 13/5
substantial **[1]** 13/12
such **[1]** 4/25
suggesting **[2]** 4/4 4/6
Suite **[1]** 2/3

**supplement [1]** 17/9

**T**

take **[4]** 7/10 15/14
taken **[1]** 11/7
talk **[1]** 17/16
talking **[1]** 8/9
tell **[2]** 8/23 16/12
telling **[1]** 16/11
ten **[1]** 16/16
tentatively **[1]** 15/17
terms **[4]** 5/6 8/22 13/23 15/10
Terrific **[2]** 4/13 17/22
than **[9]** 5/11 6/4 6/17 6/23 11/7 12/19 16/16 16/25 17/4
Thank **[4]** 4/17 15/9 17/13 17/21
Thank you **[3]** 4/17 15/9 17/13
Thanks **[1]** 17/25
that **[90]**
that's **[8]** 6/20 9/17 9/25 12/19 12/20 14/8 14/25 16/12
their **[1]** 12/20
them **[3]** 6/18 11/24 11/24
then **[13]** 3/21 7/1 7/7 7/25 8/9 9/25 10/9 10/10 13/3 13/9 15/11 16/3 17/3
there **[21]**
there's **[7]** 3/21 5/16 5/19 6/19 7/7 11/14 16/24
these **[5]** 3/10 10/23 11/9 11/10 11/11
thing **[1]** 12/13
things **[8]** 3/16 5/11 5/12 7/9 8/5 11/17 11/21 12/7
think **[22]**
thinking **[1]** 5/11
thinks **[1]** 12/9
third **[1]** 11/22
this **[19]** 3/5 4/1 4/25 5/16 6/3 7/3 10/13 10/22 11/14 12/18 13/2 13/13 13/25 14/3 16/21 16/22 17/1 17/16 18/2
This is **[1]** 3/5
those **[6]** 6/17 6/21 7/11 7/22 14/24 17/10
thought **[1]** 12/24
thoughts **[1]** 6/11
three **[1]** 4/22
time **[10]** 7/19 9/14 9/14 10/25 11/3 11/13 12/11 13/11 16/5 16/12
timing **[4]** 4/9 4/25
titled **[1]** 19/4
together **[1]** 8/25
too **[1]** 17/4
took **[1]** 11/22
track **[1]** 4/1
traditionally **[1]** 6/5

**T**

transcript [3]  1/9 2/15 19/3
transcription [1]  2/16
translates [1]  13/8
transparency [1]  7/14
trial [4]  11/19 12/3 12/9 13/9
tried [1]  11/14
turn [1]  3/22
two [3]  4/22 11/19 11/22
typically [2]  5/10 16/2

**U**

U.S [1]  1/14
understand [5]  5/5 10/21 11/12 16/9 17/7
Understood [1]  12/2
undue [2]  5/16 14/13
UNITED [4]  1/1 1/3 1/10 3/5
United States of [1] 3/5
until [2]  5/2 18/2
up [2]  9/19 11/5
upon [3]  8/3 13/19 13/20
urgency [1]  11/14
us [6]  5/1 9/12 11/5 16/15 16/17 17/9
usdoj.gov [2]  1/17 1/17
usually [1]  5/8

**V**

verizon.net [1]  2/5
versus [1]  3/6
very [10]  5/1 10/23 11/10 12/20 12/23 13/5 13/17 13/18 13/22 15/6
view [2]  6/3 8/2
Virginia [1]  2/8
vs [1]  1/5

**W**

wait [1]  15/8
walk [1]  7/18
want [4]  4/15 8/5 8/23 12/7
wants [2]  3/21 11/12
was [16]  3/18 5/24 5/25 5/25 6/24 6/24 12/15 12/17 12/22 12/22 12/23 12/24 13/11 14/12 15/24 15/24
Washington [4]  1/5 1/15 2/4 2/13
WATER [1]  2/2
way [1]  14/2
we [40]
we believe [1]  13/18
we can [1]  12/7
we will [2]  11/1 12/19
we'd [2]  7/2 10/2
we'll [12]  3/22 4/3 4/22 8/1 9/11 10/9 12/4

17/24
we're [5]  3/15 5/15 8/24 11/3 14/4
we've [11]  3/16 3/17 6/6 6/21 7/8 8/17 9/20 10/11 14/25 15/3 17/15
Wednesday [1]  4/20
week [9]  3/17 3/19 4/3 7/20 8/2 8/24 8/24 8/25 16/15
well [13]  4/10 5/12 7/8 7/18 10/2 10/8 10/12 11/15 13/8 13/18 15/6 15/8 16/14
were [5]  5/12 7/6 14/13 14/21 15/22
what [11]  4/15 5/6 5/25 6/4 7/10 7/14 7/19 8/22 9/18 13/4 15/8
whatever [3]  11/1 12/9 17/3
when [6]  4/10 8/20 13/5 15/22 16/7 16/8
where [5]  3/16 3/16 6/24 10/17 12/5
whether [6]  6/19 14/3 14/5 14/12 14/13 15/5
which [4]  4/16 4/20 5/19 11/16
White [3]  14/14 14/15 14/23
White House [3]  14/14 14/15 14/23
why [5]  3/20 9/17 10/8 14/24 16/12
will [9]  4/7 4/15 9/12 11/1 12/19 13/9 13/10 16/22 17/8
willful [1]  12/17
William [3]  2/10 19/2 19/8
within [1]  9/14
without [3]  7/21 14/4 15/4
won't [2]  9/24 13/10
word [1]  12/10
words [2]  5/7 16/6
works [2]  12/4 15/20
would [9]  8/11 10/21 13/25 14/1 15/2 15/25 16/2 16/17 17/9

**Y**

years [2]  11/7 14/19
yes [4]  6/6 8/19 10/6 15/20
you [45]
you'd [1]  17/19
you'll [4]  4/6 8/4 10/5 13/12
you're [6]  8/8 9/21 12/10 14/7 15/4 16/11
you've [3]  7/19 8/21 12/6
your [49]
Your Honor [38]

**Z**

Zaremba [3]  2/10 19/2 19/8