UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 22-cr-200 |
| v. | : | |
| | : | |
| PETER K. NAVARRO, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
NOTICE UNDER FEDERAL RULE OF PROCEDURE 12.3**

The Defendant has filed a Notice, pursuant to Federal Rule of Criminal Procedure 12.3, stating that he intends to assert public authority and entrapment-by-estoppel defenses at trial. *See* ECF No. 36. The Defendant's Notice is deficient, and neither defense is available to excuse the Defendant's contempt of Congress.

First, pursuant to Federal Rule of Criminal Procedure 12.3(3), the Government denies that the Defendant exercised public authority when he willfully defied the subpoena that the House Select Committee to Investigate the January 6th Attack on the U.S. Capitol ("the Committee") issued to him. The Defendant was not directed by a law enforcement agent to engage in total noncompliance. *See, e.g.*, *United States v. Fulcher*, 250 F.3d 244, 253-54 (4th Cir. 2001) ("The public authority defense allows 'the defendant [to] seek[ ] exoneration based on the fact that he reasonably relied'" on the "actual authority of a government official to engage him in a covert activity." (citations omitted)). And the Defendant fails to identify any law enforcement agency or federal intelligence agency official directing his noncompliance. Having received no direction from law enforcement to engage in contempt, a public-authority defense is unavailable to the Defendant and any evidence or argument the Defendant proposes in furtherance of that defense should be excluded.

Second, the Defendant's Notice is deficient because it fails to identify "the [law enforcement] agency member on whose behalf [he] claims to have acted." Fed. R. Crim. P. 12.3(2)(B); *see also United States v. Abcasis*, 785 F. Supp. 1113, 1117 (E.D.N.Y. 1992) (explaining "that the government has a strong interest in being apprised of a claimed authorization defense" because "it is possible for Defendants, in the closing moments of trial, to offer testimony that a particular law enforcement officer authorized their acts" and, "[i]n the absence of notice, the government might have difficulty rebutting that testimony"). The Defendant's Notice asserts that he defaulted on the subpoena under the authority of former President Trump citing only a vague reference to acting at some unidentified instruction of the former president. *See* ECF No. 36 at 1-2. But the former President was not a government official at the time of the Defendant's willful default. He was a private citizen. The Defendant fails to identify any government official with whom he consulted on his decision to default, much less one who authorized him to do so.

The Defendant also noticed his intent to mount an entrapment-by-estoppel defense. That defense is distinct from a public-authority defense, *see United States v. Chrestman*, 525 F. Supp. 3d 14, 29–30 (D.D.C. 2021) (explaining that the entrapment-by-estoppel defense "arises when an individual criminally prosecuted for an offense reasonably relied on statements made by a government official charged with 'interpreting, administering, or enforcing the law defining the offense' and those statements actively misled the individual to believe that his or her conduct was legal"), and not subject to Rule 12.3. Moreover, it is not available here, because the Government never sanctioned the Defendant's contempt.[1]

---

[1] There being no evidence to support them, the Government plans to file a motion at the appropriate time to exclude evidence and argument relating to these defenses at trial.

2

Finally, in support of his erroneous claim that the public-authority and entrapment-by-estoppel defenses apply, the Defendant's Notice cites to *Ratzlaf v. United States*, 510 U.S. 135 (1994) and *Bryan v. United States*, 524 U.S. 184 (1988) for the proposition that the Government must prove that the Defendant acted with knowledge that his actions were unlawful. This is incorrect. To prove willfulness, the Government must prove only that the Defendant's failure to comply with the subpoena was deliberate and intentional. It is not a defense to contempt of Congress that the Defendant did not comply with the subpoena because of his understanding or belief of what the law allowed, or because of his understanding or belief that he had a legal privilege, such as executive privilege, that excused him from complying. *See* Final Jury Instr., *United States v. Bannon*, No. 1:21-CR-00670 (CJN), ECF No. 129 at 27-28 (instruction on elements of contempt of Congress); *Bannon*, No. 1:21-CR-00670 (CJN), 2022 WL 2900620, at *1 (D.D.C. Apr. 6, 2022) (reaffirming the willfulness standard applicable in contempt prosecutions). In any event, the public-authority and entrapment-by-estoppel defenses are affirmative defenses for which a defendant bears the burden. *E.g.*, *United States v. Theunick*, 651 F.3d 578, 590 (6th Cir. 2011) (public-authority defense); *United States v. Khanu*, 664 F. Supp. 2d 35, 41 (D.D.C. 2009) (entrapment by estoppel)  Neither claim negates intent and a defendant must make a pre-trial showing of the elements of each defense before he can present them to a jury. *E.g.*, *United States v. Alvarado*, 808 F.3d 474, 485 (11th Cir. 2015) ("[A] defendant will not be allowed to assert the [public-authority] defense, or to demand that the jury be instructed on it, unless he meets certain evidentiary prerequisites."); *United States v. Pardue*, 385 F.3d 101, 108 (1st Cir. 2004) (affirming exclusion of entrapment-by-estoppel defense at trial where defendant could not make prima facie case)  As described above, the Defendant never will be able to make the requisite showing in this case.

3

The Defendant's Notice of his claimed public-authority defense is deficient, and there is nothing that can be done to rectify it because the Defendant's decision to default was not an exercise of public authority or the product of entrapment—the decision was his own. Neither defense is available to excuse his contempt of Congress.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar No. 481052

By:    */s/ Elizabeth Aloi*
        Elizabeth Aloi (D.C. Bar No. 1015864)
        Molly Gaston (VA 78506)
        Amanda R. Vaughn (MD)
        Assistant United States Attorneys
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7212 (Aloi)
        elizabeth.aloi@usdoj.gov