# EXHIBIT A

| | |
|---|---|
| **From:** | jrowley@secillaw.com |
| **To:** | pknavarro; "Stan Brand"; stanley@brandwoodwardlaw.com |
| **Cc:** | "John Irving"; jrowley@secillaw.com |
| **Subject:** | FW: USA v. Navarro, No. 1:22-cr-00200-APM |
| **Date:** | Tuesday, August 30, 2022 11:47:28 AM |
| **Attachments:** | USA v. Navarro House Mot for Leave to File Amicus 08.30.2022.pdf |
| | USA v. Navarro House Mot for Leave to File Amicus Proposed Order 08.30.2022.pdf |

**From:** Kaplan, Jennifer
**Sent:** Tuesday, August 30, 2022 11:32 AM
**To:** dcd_cmecf_cr@dcd.uscourts.gov
**Cc:** Letter, Douglas <Douglas.Letter@mail.house.gov>; Tatelman, Todd Columbus, Eric Elizabeth.Aloi@usdoj.gov; Joseph.Cooney@usdoj.gov; John.D.Crabb@usdoj.gov; Molly.Gaston@usdoj.gov; Amanda.Vaughn@usdoj.gov; john.irving@earthandwatergroup.com; jrowley@secillaw.com
**Subject:** USA v. Navarro, No. 1:22-cr-00200-APM

Good morning,

Please find attached the House of Representatives' motion for leave to file an amicus brief in the above-captioned criminal matter, along with a proposed order.

Regards,
Jenny

**Jenny Kaplan**
Law Clerk
Office of General Counsel
U.S. House of Representatives
Phone:
Cell:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                        )<br>)<br>PETER K. NAVARRO,        )<br>)<br>    *Defendant*.          )<br>)<br>_____)  | Criminal No. 1:22-cr-00200-APM |

**UNITED STATES HOUSE OF REPRESENTATIVES'
MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Pursuant to Rule 47 of the Federal Rules of Criminal Procedure and Rule 47 of the Local Criminal Rules, for the reasons stated below, the United States House of Representatives[1] moves this Court for leave to file an amicus curiae brief in support of the United States' opposition to Defendant's Motion to Dismiss the Indictment. The House would file its amicus brief by September 2, 2022, which is two days after the due date of the brief of the Department of Justice, so that the House can review that brief and avoid any duplication. The House amicus brief will be filed seven days before the reply brief for Defendant is due on September 9, 2022.

In *United States v. Bannon*, No. 21-cr-670, despite the opposition of the parties, Judge Nichols authorized the filing of an amicus brief by the House under identical circumstances, so that the House could supplement the Justice Department's brief and assist that court in its deliberations about Mr. Bannon's motion to dismiss his indictment. In his motion to dismiss in this case, in trying to demonstrate that Judge Nichols erred in rejecting Mr. Bannon's motion to dismiss, Defendant has cited (at 22) the House's amicus brief filed in *Bannon*.

As explained below, Defendant's motion to dismiss his indictment raises various arguments of immense interest and importance to the House, not only in this specific case, but also more broadly because Defendant has attacked the institutional interests of the House in various ways. In the analogous *Bannon* prosecution, the Justice Department cursorily addressed

---

[1] The United States House of Representatives Bipartisan Legal Advisory Group (BLAG) voted to authorize the filing of this motion and an amicus brief for the House. The BLAG consists of the Speaker, Majority Leader and Whip, and Minority Leader and Whip, and "speaks for, and articulates the institutional position of the House in all litigation matters." Rule II.8(b), Rules of the U.S. House of Representatives, 117th Cong. (2021). The Republican Leader and the Republican Whip decline to support this filing out of concern for damaging institutional prerogatives, as the Committee failed to adhere to the "shall" requirements prescribed by H. Res. 503 as required by the Rules of the House of Representatives and as required by the Supreme Court in *Yellin v. United States*, 374 U.S. 109 (1963).

2

some of these attacks, and the House, as amicus, was able to provide the court with more comprehensive argument on these points, as Judge Nichols addressed them.[2]

Although Rule 47 does not require consultation with opposing parties, out of courtesy for the parties here and in an effort to narrow any areas of possible disagreement and promote efficiency, the House informed both parties of its intent to file this motion and sought their consent.

The Justice Department reported its belief that the interests of the Federal Government in this criminal prosecution are adequately represented by the U.S. Attorney's Office.  It does not believe that any of the pending legal issues are particularly complex or novel such that an amicus brief would be necessary.  That said, Justice Department recognizes that the point of an amicus brief is to assist the Court.  If the Court believes that it would be helpful to have the House weigh in on any particular issue, the Justice Department will defer to the Court.

Counsel for Defendant stated that they object to any participation in this case by the House, and will oppose the House's motion.

The Court should grant this motion anyway because an amicus brief from the House will materially aid in the resolution of issues raised in this case in at least two ways.

*First*, the House is uniquely situated to address many of Defendant's challenges. Defendant argues, among other points, that the Select Committee: (1) was formed in a manner

---

[2] *See Commonwealth of the N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) ("The filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'") (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) ("Amicus participation is normally appropriate when . . . 'the amicus has an interest in some other case that may be affected by the decision in the present case,' or . . . 'when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'") (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008)).

that (Defendant believes) is inconsistent with the House resolution that created it; (2) did not follow certain House procedures for seeking Defendant's deposition; and (3) and does not have a valid legislative purpose for the subpoena.

A thorough response to these arguments requires extensive knowledge and understanding of House Rules, parliamentary precedents, and internal procedures, as well as the details of the Select Committee's structure, formation, and operation. The House seeks to provide this information for the Court's benefit. Indeed, the D.C. Circuit has made clear that descriptions by the House in briefing and oral argument concerning the scope and meaning of House internal rules can be dispositive in ruling on the merits of a claim. *Barker v. Conroy*, 921 F.3d 1118, 1124, 1130-32 (D.C. Cir. 2019). Given this principle, it clearly is appropriate for this Court to hear from the House itself on these particular issues raised by Defendant.

*Second*, the House has a strong institutional interest in addressing Defendant's challenge to a Congressional committee's subpoena; the House has an obvious inherent interest in the interpretation of its own rules. Moreover, should this Court adopt Defendant's arguments (which strike at the core of the work done by a House select committee), it could open the door to sweeping challenges to the Select Committee's work overall, and the work of other House committees.

Further, this amicus request has substantial precedent, even beyond what Judge Nichols ordered in *Bannon*. Courts have often accepted amicus briefs from the House in criminal cases, particularly when (as here) they involve issues affecting the House's institutional interests.[3] The

---

[3] *See, e.g.*, Order, *United States v. Collins*, No. 18-cr-567 (S.D.N.Y. Apr. 3, 2019), ECF 77 (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); *In the Matter of the Search of: Electronic Communications (Both Sent and Received) in the Account of Chakafattah@gmail.com at Internet Service Provider Google, Inc.*, No. 14-mj-617 (E.D. Pa. July 24, 2017); Sealed Text Order, *In re Grand Jury Subpoena #0714-SGJ-002330*, 15-MC-3005 (C.D. Ill. July 28, 2015) (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); *United States v. Renzi*, No. 13-10588 (9th Cir. Apr. 15, 2014), ECF 34; Order,

proposed amicus brief should cause little or no inconvenience for Defendant, who will still have seven days to file his reply brief. If this motion has not been acted upon by September 2, 2022, we will nevertheless on that day electronically provide the House's proposed brief to the district court Clerk's office and serve it on counsel for the Defendant and the Justice Department so that they will have the contents of that brief as early as possible.

## CONCLUSION

For the reasons set forth above, the United States House of Representatives should be granted leave to file an amicus brief in support of the United States' opposition to Defendant's Motion to Dismiss the Indictment, and to file that brief by September 2, 2022. A proposed order is attached.

/s/ Douglas N. Letter
DOUGLAS N. LETTER
  *General Counsel*
TODD B. TATELMAN
  *Principal Deputy General Counsel*
ERIC R. COLUMBUS
  *Special Litigation Counsel*

---

*United States v. Renzi*, No. 08-cr-00212 (D. Ariz. Nov. 4, 2008), ECF 152 (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); *In re Search of The Rayburn House Off. Bldg. Room No. 2113*, 432 F. Supp. 2d 100, 105 n.2 (D.D.C. 2006), *rev'd sub nom. United States v. Rayburn House Off. Bldg., Room 2113*, Washington, D.C. 20515, 497 F.3d 654 (D.C. Cir. 2007) (noting that "[t]he Court granted the [House's] motion for leave to file a brief as *amicus curiae* in support of [a party's] motion in recognition of the importance of the House's interest in and position on the questions of serious constitutional magnitude that are raised in this matter").

5

                                                OFFICE OF GENERAL COUNSEL
                                                U.S. HOUSE OF REPRESENTATIVES
                                                5140 O'Neill House Office Building
                                                Washington, D.C. 20515
                                                (202) 225-9700
                                                Douglas.Letter@mail.house.gov

August 30, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that on August 30, 2022, I caused the foregoing document to be served on the parties' counsel via electronic mail.

                                        */s/ Douglas N. Letter*
                                        Douglas N. Letter