IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 1:22-cr-00200-APM |
| ) | |
| PETER K. NAVARRO, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SUPPLEMENT TO MOTION TO COMPEL DISCOVERY
REGARDING POSSIBLE SELECTIVE PROSECUTION**

Defendant Peter K. Navarro, by and through the undersigned counsel, hereby supplements his Motion to Compel Discovery regarding the possibility that the Government is engaging in selective prosecution by prosecuting him with criminal Contempt of Congress, in violation of Title 2 U.S.C. § 192.

**I. PROCEDURAL BACKGROUND**

On August 31, 2022, this Court held a hearing on Defendant's Motion to Compel Discovery wherein it considered, among other things, Dr. Navarro's request that the Government provide discovery regarding his claim that it is selectively prosecuting him in retaliation for his public expression of constitutionally protected political beliefs. The Court considered the parties' argument and asked questions to counsel for the parties about whether the Government's disparate treatment may have been caused by improper discriminatory intent.

This case involves the disparate treatment by the Department of Justice of three similarly situated individuals (Mark Meadows, Dan Scavino and Dr. Navarro)[1]/whom the House of

---

[1]/ Actually, all three are *identically* situated according to the Government's view of the elements it must prove to establish a violation of 2 U.S.C. § 192. According to the Government, the offense is completed when a defendant "received a subpoena, ignored the subpoena's document demand, and refused to appear for testimony despite the admonition that he must." Govt. Opp. to Def. Mot. to Compel, at 1. Under that erroneous standard, Mark Meadows

1

Representatives referred to the Department for prosecution. Of the three, the Department is prosecuting only Dr. Navarro. Although the Government insists that it is acting properly and without discriminatory motive, it has never persuasively explained the disparity in its treatment of Dr. Navarro or the reasons for its publicly humiliating arrest of him, and its subsequent strip search and shackling for his initial court appearance. Defending this outrageous behavior, the Government claims – with straight faces, no less – that this is the way things are normally done when a 73-year-old person with no criminal record is arrested for two nonviolent misdemeanor violations.[2]

Dr. Navarro knows that the Court is well aware of the sequence of events, but it bears repeating here. On December 13, 2021, the House of Representatives voted to refer former White House Chief of Staff Mark Meadows to the Department of Justice for prosecution based on his refusal to appear for deposition before the Select Committee and answer questions about the January 6th riot at the U.S. Capitol. Four months later, in April 2022, the House referred Dan Scavino and Dr. Navarro in the same report (and vote) for prosecution by the Department of Justice based on their refusal to comply with Select Committee subpoenas directing them to produce documents and appear for deposition.

The House made its criminal referrals for all three men for essentially the same reason: they had asserted executive privilege on behalf of President Donald J. Trump and refused to appear for deposition.[3] On June 2, 2022, a Grand Jury indicted Dr. Navarro for Contempt of Congress.

---

and Dan Scavino violated § 192 when they refused to appear for deposition by the Select Committee – just as Dr. Navarro did when he complied with the instructions he received from President Trump as one of his former senior advisors.

[2] Govt. Opp. to Def. Mot. to Compel, at 16 ("Contrary to the Defendant's claims … it is not law enforcement's normal practice to ask combative, unrepresented subjects to self-surrender.")

[3] Mr. Meadows produced documents to the Committee but declined to appear for deposition. Mr. Scavino, like Dr. Navarro, neither produced documents nor appeared for deposition. In referring Mr. Scavino and Mr. Navarro for

The next day, June 3, 2022, without explanation, the Department of Justice announced that would not prosecute either Mr. Meadows or Mr. Scavino.[4]/

The parties agree that a defendant who alleges he is being selectively prosecuted must show two things.[5]/ *First,* he must establish that the prosecutorial policy "had a discriminatory *effect*" on him. *Second,* he must show that the policy had "a discriminatory *purpose*." *United States v. Armstrong,* 517 U.S. 456, 465 (1996). This can be established by showing that the Government based its decision to prosecute on a defendant's "exercise of constitutional rights through participation in political activity." *Branch Ministries v. Rossotti*, 40 F. Supp. 2d 15, 21 (D.D.C .1999), *aff'd* 211 F. 3d 137 (D.C. Cir. 2000).[6]/

A defendant must present some evidence of selective prosecution, but he need not prove his case. *See United States v. Jones,* 159 F.3d 969, 978 (6th Cir. 1998) (concluding that the defendant had met his burden of presenting "some evidence tending to show the essential elements" of selective prosecution, even though he was unable to establish a prima facie case of discriminatory effect). Upon establishing a *prima facie* case of selective prosecution, the burden shifts to the Government to try to prove that the filing of charges did not arise from discriminatory motives. *Att'y Gen. v. Irish People, Inc.,* 684 F. 2d at 932 n. 11.

---

prosecution, Chairman Thompson said, "Both of these men have refused to comply with the Select Committee subpoenas in any way." *See* Def. Mot. To Compel, at 31, n. 22.

[4]/ To be clear, Dr. Navarro believes that no President advisor should be prosecuted for complying with the President's instructions to invoke executive privilege in response to a congressional subpoena.

[5]/ Excerpts of Transcript of August 31, 2022, hearing ("Trans.") at 43, attached as Exhibit A.

[6]/ A prosecutor may, of course, exercise discretion in making charging decisions. But that discretion is "subject to constitutional constraints" including those imposed by the equal protection component of the Due Process Clause. *United States v. Batchelder*, 442 U.S. 114, 125 (1979).

## II. THE AUGUST 31, 2022, HEARING

During the August 31, 2022, hearing on Defendant's Motion to Compel Discovery, the Court asked Government counsel about Dr. Navarro's assertion that the prosecution had a discriminatory purpose and smacked of retaliation for his public statements about the Biden Administration and the Select Committee. In response, the Government claimed that Mr. Meadows and Mr. Scavino made *comparable* public criticisms of the Committee based on their political beliefs.

> COURT: So to cut to the chase, which is how is Mr. Meadows differently situated, in the Government's view, and how is Mr. Scavino differently situated than Mr. Navarro?[7]
>
> MS. ALOI: So just as a starting point, both Mr. Meadows and Mr. Scavino … were both vocal about their political beliefs, and Mr. Meadow's lawyer actually wrote an op-ed in *The Washington Post* about executive privilege. So the starting point here is that they are all -- they all share that; they are all vocal about their political beliefs.[8]
>
> \*   \*   \*
>
> COURT: … But I'm asking you about the reasons that you think they're differently situated. Let's assume for a moment that their argument is right that the other two remain[ed] silent and it's only Mr. Navarro that has been outspoken.[9]
>
> \*   \*   \*
>
> COURT: Are you aware of – I mean, you've mentioned the op-ed that was written by Mr. Meadow's counsel. Are you aware of any other statements, either by Mr. Meadows, his representative, or Mr. Scavino and his representatives?[10]
>
> MS. ALOI: Am I aware of any other statements?

---

[7] Trans. at 44.

[8] *Id.*

[9] Trans. at 45.

[10] Trans. at 46-47.

4

| | |
|---|---|
| COURT: | Public statements that were made about the Select Committee? |
| MS. ALOI: | I cannot recite any particular ones today. But we did do a review, and as noted in our brief, we had identified some on Twitter.[11]/ |
| COURT: | So you think there's some on Twitter from Mr. Scavino directly? |
| MS. ALOI: | Yes, I believe so.[12]/ |

*   *   *

| | |
|---|---|
| MS. ALOI: | And today I'm just prepared to say that Mr. Meadows and Mr. Scavino have also been vocal about the political beliefs.[13]/ |

Counsel for Dr. Navarro has conducted a further review of public statements by Mr. Meadows and Mr. Scavino that were critical of the Select Committee. *The Washington Post* op-ed was the only specific "statement" the Government could attribute to Mr. Meadows. However, it was written, not by him, but by former Deputy Attorney General George Terwilliger. In any event, it was a scholarly criticism of the Biden Administration for being "the first in history not to resist a Congressional subpoena for testimony from a senior White House aide"[14]/ -- and not comparable to Dr. Navarro's expressions of political frustration with the Committee and the Biden Administration.

Other than that, the only public criticisms the Government was able to identify, either during the hearing or in its brief by Mr. Meadows and Mr. Scavino, were postings they allegedly made on Twitter. However, the Government failed to identify any specific Twitter references whether at the hearing or in its opposition. *See* Govt. Opp. to Def. Mot. to Compel, at 13, n. 4.

---

[11]/ Trans. at 47

[12]/ *Id.*

[13]/ Trans. at 48

[14]/ Mr. Terwilliger's *Washington Post* op-ed is attached as <u>Exhibit B</u>.

5

Counsel for Dr. Navarro has reviewed the Twitter account references and found only two posts by Mr. Meadows, the main one of which announced on December 10, 2021, the lawsuit his counsel had filed against the Select Committee and its members.[15] We found *no* Twitter postings whatsoever by Mr. Scavino or his representatives.

Any attempt by the Government to negate Dr. Navarro's showing of discriminatory purpose by comparing his public expressions of political beliefs to those of Mr. Meadows and Mr. Scavino cannot withstand even minimal scrutiny.

### III.   EXAMPLES OF DR. NAVARRO'S PUBLIC CRITICISM OF THE BIDEN ADMINISTRATION AND THE SELECT COMMITTEE

For purposes of comparison, the following is a partial and noncomprehensive list of the public statements[16] that Dr. Navarro has made in criticism of the Biden Administration and the Select Committee during the time before the Department of Justice obtained an indictment against him on June 2, 2022, for Contempt of Congress:

---

**Date:** June 1, 2022
**Media Source:** *The Washington Times (Op-ed)*
**Link:** https://www.washingtontimes.com/news/2022/jun/1/jan-6-committee-is-a-kangaroo committee/

Op-ed in *The Washington Times* published the day before Dr. Navarro was indicted.

*Dr. Navarro:* "…Mrs. Pelosi's kangaroos are clearly seeking to punish Mr. Trump and his most senior advisers by subjecting us to the shame, humiliation, ostracization, banishment and possible imprisonment that comes with false accusations of being insurrectionists seeking to overturn a fair election."

---

[15]  *See* https://twitter.com/newsmax/status/1469304739548569604?s=20&t=SIJblLlaG_OY_ybGiBkwog.

[16]  The Select Committee report that referred Dr. Navarro to the Department for prosecution refers to several of his additional public criticisms of the Committee. *See* Def. Mot. To Compel, at 34. .

**Date:** May 31, 2022
**Media Source:** *The Hill (Statement)*
**Link:**https://thehill.com/policy/national-security/3507152-navarro-formally-sues-jan-6-committee-doj/

Article in *The Hill* about the *pro se* lawsuit Dr. Navarro filed against the Select Committee.

*Dr. Navarro:* "It is 99 percent aimed at the kangaroo committee that [House Speaker Nancy] Pelosi [D-Calif.] formed."

**Date:** May 30, 2022
**Media Source:** *USA Today (Statement)*
**Link:**https://www.usatoday.com/story/news/politics/2022/05/31/house-jan-6-subpoena-navarro/9985924002/

Article in *USA Today* discussing the lawsuit that Dr. Navarro planned to file against the Select Committee.

*Dr. Navarro:* "This case ultimately is about whether partisans in Congress are free to weaponize their investigatory powers – I think not – as well as the critical role that executive privilege and testimonial immunity play in ensuring effective presidential decision-making."

**Date:** March 28, 2022
**Media Source:** *The Washington Times (Statement)*
**Link:**https://www.washingtontimes.com/news/2022/mar/28/peter-navarro-ex-trump-aide-decries-jan-6-panels-w/

Article in *The Washington Times* in which Dr. Navarro slammed the House Jan. 6 committee for pursuing what he called a "witch hunt" against him and other Trump-connected officials ahead of their vote to hold him in contempt. He said that the Democratic-led panel is acting like a "partisan appeals court" for President Biden …."

**Date:** March 28, 2022
**Media Source:** *The Washington Times (Op-ed)*
**Link:**https://www.washingtontimes.com/news/2022/mar/8/capitol-hills-dangerous-kangaroo-court/

Op-ed in *The Washington Times:* "Capitol Hill's Dangerous Kangaroo Court"

*Dr. Navarro:* "The U.S. House Select Committee … should get to the bottom of why the attack occurred, who may have instigated that attack (including possible ANTIFA anarchists, FBI informants and left-wing agitators), and why the Capitol Hill Police and National Guard failed to protect the Capitol perimeter despite ample warnings from the White House and intelligence community. Instead, this rabidly partisan committee has weaponized its subpoena powers and is pursuing a mission that, with no small irony, severely threatens the election integrity of the 2024 presidential race."

---

**Date:** December 11, 2021
**Media Source:** *Steve Bannon's War Room*
**Link:**https://rumble.com/vql6l9-the-fishing-expedition-to-wrap-blame-around-trumps-neck.html

*War Room* Podcast: *"The Fishing Expedition to Wrap Around Trump's Neck"*

---

**Date:** November 27, 2021
**Media Source:** *Steve Bannon's War Room*
**Link:**https://rumble.com/vpvqvf-navarro-pelosi-committed-treason.html

*War Room* Podcast: *"Pelosi Committed Treason"*

---

**Date:** November 15, 2021 (Pt. 2)
**Media Source:** *Steve Bannon's War Room*
**Link:**https://rumble.com/vp8x8t-the-true-mission-of-january-6.htm

*War Room* Podcast: *"The True Mission of January 6"*

---

**Date:** November 15, 2021 (Pt. 1)
**Media Source:** *Steve Bannon's War Room*
**Link:**https://rumble.com/vp8x3t-congress-doesnt-legislate-they-investigate.html

*War Room* Podcast: *"Congress Doesn't Legislate, They Investigate"*

---

**Date:** July 23, 2021
**Media Source:** *Steve Bannon's War Room*
**Link:**https://rumble.com/vk8rvg-dc-is-being-turned-into-guantanamo-bay.html

*War Room* Podcast: *"DC Is Being Turned Into Guantanamo Bay"*

**Date:** July 1, 2021
**Media Source:** *Steve Bannon's War Room*
**Link:** https://rumble.com/vjb88v-subpoenas-are-coming-from-election-investigation.html

*War Room* Podcast: *"Subpoenas Are Coming From Election Investigation"*

## CONCLUSION

Dr. Navarro submits that he has satisfied the showing required by *United States v. Armstrong* to obtain discovery from the Government in support of his claim of selective prosecution. He has established the Government afforded disparate treatment to persons similarly situated and circumstantially shown by "some evidence" (*Armstrong,* at 469), that this prosecution is in retaliation for his public expression of political views about the Biden Administration and the Select Committee. Although the Government has asserted that Mr. Meadows and Mr. Scavino also were both "vocal about the political beliefs", it has failed to identify any comparable evidence supporting that position. Dr. Navarro respectfully submits that he is entitled to discover whether he is being prosecuted in violation of the equal protection component of the Due Process Clause. He requests that this Court order the Government to assemble from its files documents which might corroborate or refute that possibility.

Dated: September 9, 2022

Respectfully Submitted,

E&W LAW, LLC

   */s/ John S. Irving*
John S. Irving (D.C. Bar No. 460068)
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
Telephone: (301) 807-5670
Email: john.irving@earthandwatergroup.com

SECIL LAW PLLC


     */s/ John P. Rowley, III*
John P. Rowley, III  (D.C. Bar No. 392629)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 417-8652
Email: jrowley@secillaw.com

BRAND WOODWARD LAW, LP


     */s/ Stanley E. Woodward, Jr.*
Stan M. Brand (D.C. Bar No. 213082)
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel to Dr. Peter K. Navarro*

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) Criminal No. 1:23-cr-00200-APM |
| | ) |
| **PETER K. NAVARRO,** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

On September 9, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and copies were provided to all registered parties via the CM/ECF system.

                                                   */s/ John S. Irving*
                                         John S. Irving (D.C. Bar No. 460068)