```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,      )
                               )
         Plaintiff,            )
                               )    CR No. 22-200
                               )    Washington, D.C.
    vs.                        )    August 31, 2022
                               )    2:07 p.m.
PETER K. NAVARRO,              )
                               )
         Defendant.            )
_____)


        TRANSCRIPT OF MOTION HEARING PROCEEDINGS
         BEFORE THE HONORABLE AMIT P. MEHTA
              UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Government:        Amanda Vaughn
                           Elizabeth Ann Aloi
                           Molly Gaston
                           U.S. ATTORNEY'S OFFICE
                           DISTRICT OF COLUMBIA
                           555 4th Street, NW
                           Washington, D.C. 20003
                           (202) 252-7212
                           Email:
                           elizabeth.aloi@usdoj.gov
                           Email: molly.gaston@usdoj.gov

```
APPEARANCES CONTINUED:

For the Defendant:         John S. Irving, IV
                           EARTH & WATER LAW LLC
                           1455 Pennsylvania Avenue, NW
                           Suite 400
                           Washington, D.C. 20004
                           (301) 807-5670
                           Email: jirving1@verizon.net

                           John P. Rowley, III
                           JPROWLEY LAW PLLC
                           8639 Chase Glen Circle
                           Fairfax Station,
                           Virginia 22039
                           (703) 402-8800
                           Email:
                           john.rowley@jprowleylaw.com

                           Stanley McKennett Brand
                           BRAND WOODWARD LAW
                           3 Pebble Ridge Court
                           Rockville, MD 20854
                           (202) 258-6597
                           Email: stanleymbrand@gmail.com

                           Stanley Edmund Woodward, Jr.
                           BRAND WOODWARD LAW
                           1808 Park Road NW
                           Washington, D.C. 20010
                           (202) 996-7447
                           Email:
                           stanley@brandwoodwardlaw.com

Court Reporter:            William P. Zaremba
                           Registered Merit Reporter
                           Certified Realtime Reporter
                           Official Court Reporter
                           E. Barrett Prettyman CH
                           333 Constitution Avenue, NW
                           Washington, D.C. 20001
                           (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

```
 1                    P R O C E E D I N G S
 2           COURTROOM DEPUTY:  All rise.  The Honorable
 3   Amit P. Mehta presiding.
 4           THE COURT:  Please be seated.
 5           COURTROOM DEPUTY:  Good morning, Your Honor.
 6   This is criminal case No. 22-200, United States of America
 7   versus Peter K. Navarro.
 8           Amanda Vaughn, Elizabeth Aloi, and Molly Gaston
 9   for the government.
10           John Irving, John Rowley, Stanley Brand, and
11   Stanley Woodward for the defense.
12           The defendant is appearing in person for these
13   proceedings.
14           THE COURT:  Okay, Counsel.  Good afternoon.
15           Mr. Navarro, welcome.  Good afternoon to you, sir.
16           THE DEFENDANT:  Good afternoon to you.
17           THE COURT:  Okay.  So we're here this afternoon to
18   talk about Mr. Navarro's motion to compel discovery.  The
19   parties have exchanged briefs and I've obviously read
20   everything the parties have submitted.
21           I think I'd like to begin with just some
22   questions, and primarily direct those questions to
23   government counsel, just so I can get the factual framework
24   that I think may ultimately inform some of the legal issues
25   that have come up.  So if I could just have government
```

```
 1  Mr. Scavino and Mr. Meadows, neither of them showed up for
 2  their depositions, they just blanketly refused just like
 3  I did.  So why isn't he in the exact same boat as the two of
 4  them?
 5          MS. ALOI:  So, Your Honor, we're here on a motion
 6  to compel and what you're describing is a selective
 7  prosecution argument.
 8          THE COURT:  Right.
 9          MS. ALOI:  It is not subject to Rule 16.
10          THE COURT:  Agreed.
11          MS. ALOI:  To obtain discovery, the defendant must
12  show some evidence tending to show the existence of the
13  essential elements of that claim.
14          And so here, the elements of that specific claim
15  include discriminatory effect and intent, and that's
16  *Armstrong*, as you previously noted.
17          THE COURT:  Right.
18          MS. ALOI:  So to show discriminatory effect, the
19  defendant must make a credible showing of different
20  treatment of similarly situated persons.
21          And the defendant also must be in a protected
22  class and the similarly situated offenders must be outside
23  that protected class and committing roughly the same crime.
24  And as was discussed, that's actually just not what happened
25  on the facts here.
```

```
 1            THE COURT:  So to cut to the chase, which is how
 2   is Mr. Meadows differently situated, in the government's
 3   view, and how is Mr. Scavino differently situated than
 4   Mr. Navarro?
 5            MS. ALOI:  So just as starting point, both
 6   Mr. Meadows and Mr. Scavino had -- were vocal about their
 7   political beliefs.  Mr. Meadows' lawyer --
 8            THE COURT:  I'm sorry, I didn't hear you.
 9            MS. ALOI:  They were both vocal about their
10   political briefs, and Mr. Meadows' lawyer actually wrote an
11   op-ed in The Washington Post about executive privilege.  So
12   the starting point here is that they are all -- they all
13   share that; they all are vocal about their political
14   beliefs.
15            But the defendant has not shown that they
16   committed the same crime for a couple of reasons.
17   Mr. Meadows produced records to the Committee, the defendant
18   did not.
19            And the House reports that recite the failure of
20   both Mr. Meadows and Mr. Scavino to reply to the subpoena in
21   other respects show that their refusals were quite
22   different; there was a level of engagement that did not
23   occur here.
24            But setting that aside, in order to obtain
25   discovery on a selective prosecution --
```

```
 1              THE COURT:  Before you keep going, I don't want to
 2   set that aside, because that's important.
 3              So is that -- I mean, as you stand here today and
 4   you want me to conclude that Mr. Meadows and Mr. Scavino are
 5   differently situated than Mr. Navarro, and the two grounds
 6   you've identified is that Mr. Meadows produced records and
 7   that the refusal was different for those two gentlemen than
 8   it was for Mr. Navarro.  Is there anything else?
 9              MS. ALOI:  Well, they also must be outside the
10   protected class.  And here --
11              THE COURT:  No, no, I get that point.
12              But I'm asking you about the reasons that you
13   think they're differently situated.  Let's assume for a
14   moment that their argument is right that the other two
15   remain silent and it's only Mr. Navarro that has been
16   outspoken.
17              MS. ALOI:  So, Your Honor, first, just as a
18   starting point, the government doesn't have to refute that,
19   it's their burden to show that they are similarly situated
20   and that there's one outside the protective class --
21              THE COURT:  I know, but you've raised issues in
22   your opposition.
23              MS. ALOI:  -- so they've not met that burden.
24              You know, the government is not going to opine on
25   the internal deliberation over whether and why to bring a
```

1  criminal prosecution.
2          But here the public record shows that there was a
3  different level of engagement despite them both being in the
4  same protected class with the Committee, and, as you have
5  noted, there was a different way in which Mr. Meadows,
6  Mr. Navarro, Mr. Scavino, claimed that executive privilege
7  was invoked.
8          THE COURT: Okay.
9          MS. ALOI: So they also have to show
10 discriminatory impact, and that is important because it is
11 necessary for them to obtain additional discovery, which is
12 the matter before the Court here today.
13         And to do that, they have to show that --
14 Mr. Navarro would have to show that his selection was based
15 on an unjustifiable standard. And the only evidence he
16 offered to that effect is the committee referral, and the
17 committee referral cannot itself provide evidence of the
18 prosecutor's intent. These other allegations that there
19 must have been some sort of undue political influence are
20 just speculation, they're not evidence, and speculation is
21 insufficient to obtain discovery on a selective prosecution
22 claim.
23         THE COURT: Okay.
24         Are you aware of -- I mean, you've mentioned the
25 op-ed that was written by Mr. Meadows' counsel. Are you

```
 1   aware of any other statements, either by Mr. Meadows, his
 2   representative, or Mr. Scavino and his representatives?
 3            MS. ALOI:  Am I aware of any other statements?
 4            THE COURT:  Public statements that were made about
 5   the Select Committee?
 6            MS. ALOI:  I cannot recite any particular ones
 7   today.  But we did do a review, and as noted in our brief,
 8   we had identified some on Twitter.
 9            THE COURT:  Okay.  So you think there's some on
10   Twitter from Mr. Scavino directly?
11            MS. ALOI:  Yes, I believe so.
12            You know, they may not be --
13            THE COURT:  I don't follow Mr. Scavino on Twitter
14   or anyone, for that matter.
15            MS. ALOI:  Your Honor, part of the challenge of
16   answering that question is that the defendant really hasn't
17   identified a specific political belief that he claims puts
18   him in this protected class.  He says generally that he
19   is --
20            THE COURT:  Well, he hasn't said it's -- I guess
21   in his reply, he's mentioned or alluded to political beliefs
22   under the D.C. statute.
23            But at least in his primary brief, in his opening
24   brief, it was that, I have been a more vocal critic of the
25   Committee than these other two gentlemen.  That is what he
```

```
1   claims is the difference.  And essentially he's saying, I've
2   been retaliated against for being more vocal than these
3   other two former officials.
4           MS. ALOI:  And today I'm just prepared to say that
5   Mr. Meadows and Mr. Scavino have also been vocal about their
6   political beliefs.
7           THE COURT:  Okay.
8           MS. ALOI:  But in any event, you don't have to
9   reach this issue to find that he is not entitled to
10  additional discovery on this claim, because they didn't
11  commit similar crimes and there's no evidence of
12  discriminatory impact.
13          THE COURT:  Okay.
14          I mean, it's not that they committed similar
15  crimes, it's that they engaged in similar conduct.
16          MS. ALOI:  Similar conduct, that's right.
17          THE COURT:  One was prosecuted and the other two
18  have not been.  Okay.
19          MS. ALOI:  That's right.
20          THE COURT:  All right.
21          Mr. Irving, I think you wanted to say something
22  more about grand jury.  And if you want to reply, I'll give
23  you an opportunity to be heard as well, or rebuttal I should
24  say.
25          MR. IRVING:  Your Honor, if I may just address a
```