UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | CRIMINAL NO. 22-cr-200 |
| v. | : | |
| | : | |
| **PETER K. NAVARRO,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION TO COMPEL

The Defendant, Peter K. Navarro, has filed a supplemental brief suggesting that his own public statements are evidence of the Government's discriminatory intent. That argument is unsound, and his supplement does nothing to cure his previous failure to meet the rigorous threshold showing necessary to obtain discovery on a selective prosecution claim.

The Defendant concedes, as he must, that to obtain discovery regarding selective prosecution, he must establish some evidence of both discriminatory effect and discriminatory purpose. ECF No. 53 at 3. The Defendant has provided no evidence of either in his original briefing or in his supplement, and his demand for discovery regarding selective prosecution should be denied.

First, at no point has the Defendant provided any proof of the Government's discriminatory purpose or intent. In his original motion, the Defendant tried to suggest that the Select Committee's reference in its criminal contempt report to the Defendant's public statements evidenced the Government's intent. ECF No. 31 at 34. Apparently recognizing that this fails—the Committee is not part of the prosecution team and has no role in the Government's prosecutorial decision-making—the Defendant's new claim, advanced in his supplement, is that

his own statements are somehow evidence of the Government's intent. That is, the Defendant's supplement lists multiple examples of the Defendant's public criticisms of the Committee and the Biden Administration, ECF No. 53 at 6-9, and asserts without explanation that these statements are evidence of the Government's discriminatory purpose. *Id*. at 6. But the Defendant's own statements say nothing of the prosecutors' intent without proof that the Government was aware of and acted because of them. *See United States v. Stone*, 394 F. Supp. 3d 1, 36 (2019) ("If one seeks permission to embark on discovery related to selective prosecution, it is not enough to simply state that the prosecutor was biased. Defendant must *show* that in his case, the decisionmaker acted with a discriminatory purpose." (emphasis in original)). The Defendant has presented no such evidence.

Second, the Defendant similarly fails to bolster his claims of discriminatory effect. In fact, the Defendant's supplement shows instead that one of the individuals whom he argues was treated differently only because he did not engage in speech against the Committee and presidency—Mark Meadows—also publicly criticized the Committee and the Biden Administration, in the form of an op-ed written by his attorney. *See* ECF No. 53 at 5; ECF No. 53-2 (op-ed by George J. Terwilliger, writing "[a]s counsel for former White House chief of staff Mark Meadows," and criticizing both the Committee and the Biden Administration). Just as the Defendant's claim about discriminatory purpose fails, so too does his speculation, rather than evidence, regarding discriminatory effect. *See Stone*, 394 F. Supp. 3d at 31 ("[A] defendant must provide something more than mere speculation or 'personal conclusions based on anecdotal evidence.'") (quoting *United States v. Armstrong*, 517 U.S. 456, 470 (1996)).

It is the Defendant's burden to make the rigorous showing that his entitled to discovery on a selective prosecution claim. Having tried three times and provided no evidence of discriminatory

effect or intent on the part of the prosecutorial decisionmakers in his case, the Defendant has failed to make the requisite showing. For the reasons set forth here and in the Government's opposition brief, ECF No. 33, Defendant's motion should be denied.

                                Respectfully submitted,

                                MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar No. 481052

By:    */s/ Elizabeth Aloi*
        Molly Gaston (VA 78506)
        Amanda R. Vaughn (MD)
        Elizabeth Aloi (D.C. 1015864)
        Assistant United States Attorneys
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7212 (Aloi)
        elizabeth.aloi@usdoj.gov