**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | **CRIMINAL NO. 22-cr-200** |
| **v.** | : | |
| | : | |
| **PETER K. NAVARRO,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES'  MOTION IN LIMINE TO**
**EXCLUDE EXHIBITS CONSISTENT WITH COURT'S JANUARY 19, 2023, ORDER**

On January 19, 2023, this Court granted in-part the United States' motion in limine excluding irrelevant and inadmissible evidence and argument at trial (ECF No. 68).  On January 21, 2023, Defendant Navarro filed an updated Exhibit List which includes proposed exhibits on the very same topics the Court already found inadmissible. Thus, consistent with the Court's January 19, 2023, Order, the Government now respectively asks the Court to exclude from trial the inadmissible defense exhibits. Given the Court's January 19, 2023, decision, the Court has a sufficient basis to rule in advance of trial to exclude Defense Exhibits 1 through 4, 7, 8, 10, 11, 13 through 16, 18, 20 through 25 (attached as Exhibit A).[1]

    a.  **Defense Exhibits 1 through 4 Relate to the House Select Committee on the Coronavirus Crisis, Are Irrelevant, and contain Inadmissible Self-Serving Hearsay**

Defense Exhibit 1 is a November 20, 2021, public statement by former President Trump relating to a subpoena that Defendant Navarro received from the House Select Committee on the Coronavirus Crisis.  Defense Exhibits 2  and 4 are letters from Defendant Navarro to the Chairman

---

[1] Exhibit 8, an inadmissible public statement of Mr. Navarro, was not separately provided to the Government by the Defendant, but appears to be embedded within Exhibit 7.

of that Coronavirus Crisis Subcommittee.  Exhibit 3 is an email from Defendant Navarro to a spokesperson for President Trump, also about the Coronavirus Crisis Subcommittee.  These are matters relating to a "*different* congressional committee about a *different* subpoena more than two months before the Select Committee [on the January 6, 2021, attack] issued its subpoena."  ECF No. 68 at 7-8 (emphasis in original).  These matters are not relevant to this contempt prosecution and are inadmissible pursuant to Federal Rule of Evidence 402.

Moreover, each of these exhibits contain self-serving hearsay. "While the Federal Rules of Evidence set forth various exceptions to hearsay, self-serving hearsay is not one of those." *United States v. Michael Jabaar Wilkins*, No. CR 19-390 (RC), 2021 WL 1894990, at *5 (D.D.C. May 11, 2021) (citing *United States v. Rivera-Hernandez*, 497 F.3d 71, 82 n.5 (1st Cir. 2007)) ("To be received in evidence an admission . . . must be contrary to that party's position at the time of the trial.").  Thus, they are also inadmissible under Federal Rule of Evidence 802.

The Defendant is plainly trying to offer this hearsay in support of an improper defense— to attempt to show the jury that he was acting under the impression that executive privilege exempted his compliance with the Select Committee's subpoena.  But, as this Court has held, the Defendant cannot present evidence that his "failure to appear was unintentional or not deliberate because he believed in good faith that President Trump's purported invocation of executive privilege excused his appearance." ECF No. 68 at 31.

### b. Defense Exhibits 7, 8, 10 and 11 Contain Self-Serving Hearsay and will Improperly Inject issues Relating to Executive Privilege Into the Trial

Defense Exhibit 7 is a February 9, 2022, email from Defendant Navarro to a spokesperson for former President Trump, asking her to share a proposed public statement of Defendant Navarro with the former President. Defense Exhibit 8 is the public statement. Defense Exhibit 10  is a February 28, 2022, letter from the White House to Defendant Navarro relating to the issue of

executive privilege, and Defense Exhibit 11 appears to be his reply to the White House.  These communications too contain inadmissible self-serving hearsay and each relates to a defense of executive privilege that is unavailable to Defendant Navarro.  They should be excluded.

### c.   Defense Exhibits 13 through 16 and 22 through 25 Are Irrelevant

Defense Exhibits 13 and 14, and 22 through 25 are communications between the Defendant and other parties that occurred long after the charged offense.[2] They are each irrelevant, contain self-serving hearsay, and could not have informed the Defendant's state of mind during the criminal conduct, given that they had not yet occurred.  Indeed, the communications reflected in Exhibits 23 through 25 were written after Defendant Navarro was indicted and appear to reflect a retroactive attempt to obtain former President Trump's blessing for the Defendant's contempt.  And, in any event, even if they reflect a good faith, but objectively unreasonable belief of the Defendant that he thought the president had asserted executive privilege, this defense is unavailable to him. ECF No. 68 at 32 ("Like any other person charged with a violation of § 192, Defendant cannot assert a defense that he refused to appear because he had a good faith belief that he was not legally required to do so.").

### d.   Defense Exhibit 15 is Irrelevant under Federal Rule of Evidence 402

Defense Exhibit 15 is an email from Defendant Navarro to the Government ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[2] Exhibit 13 is an email which attaches a draft of what would become a Complaint filed by Defendant Navarro to initiate a civil lawsuit; the filed Complaint is proposed defense Exhibit 17.

and his exchange with the Government is wholly irrelevant to the contempt charges. It too contains self-serving hearsay.  It should be excluded under Rules 402, 403 and 802.

###### e.   Defense Exhibit 17 is Self-Serving Hearsay, Irrelevant and Not Evidentiary

Defense Exhibit 17 is a Complaint filed by the Defendant several months after the charged conduct, after being notified that he was under investigation. It has no bearing on the issues properly before the jury at trial.  Furthermore, the document is 88 pages of inadmissible hearsay, as it is the Defendant's own statement offered for the truth of the statements within it.

###### f.   Defense Exhibit 18 is Inadmissible Without a Proper Foundation

Defense Exhibit 18 is Verizon toll records for the period beginning November 2021, through June 2022. The Defendant has not explained for what purpose he intends to introduce his own phone records at trial, but if he intends to do so to support of any of the improper arguments described in the Court's order, he should not be permitted to do so.

###### g.   Defense Exhibits 20 and 21 are Inadmissible, Irrelevant News Articles

Defense Exhibits 20 and 21 are news articles from the fall of 2021. Both are hearsay and irrelevant.  The first is a September 23, 2021, article about  the subpoenas from the January 6, 2021, Select Committee to Mark Meadows and Steve Bannon.  It may not be used to advance a selective prosecution defense. ECF No. 68 at 36 ("The Defendant may not raise a selection prosecution defense before the jury.").

The second article is a dated November 20, 2021, and about the subpoena Defendant Navarro  received from the coronavirus committee. To the extent the Defendant wishes to argue that he somehow relied on these articles to excuse his behavior, he may not do so without an adequate foundation. There is no evidence in the record to suggest that he read the articles, much

less relied on them, and in any event, even if he had, consistent with *Licavoli v. United States*, 294 F. 2d 207 (D.C. Cir. 1961), that would not be a defense to contempt.

## II.        Conclusion

In its January 19, 2023, Order, the Court left open the possibility that the Defendant could proffer additional evidence relating to whether President Trump intentionally misled the Defendant on the state of the law, and if the Defendant relied on that advice, whether such reliance was reasonable. The Court also held open the possibility that the Defendant could proffer additional evidence that he relied on OLC opinions when he failed to comply with his subpoena. Not one of the exhibits proposed by the Defendant suggests he was misled by the President or read any OLC opinions, or otherwise relied upon them to excuse his contempt.  So that the forthcoming trial may proceed in a fair and expeditious manner, the Government requests the Court enter an order preventing  the Defendant from offering Defense Exhibits 1 through 4, 7, 8, 10, 11, 13 through 18, 20 through 25.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/Elizabeth Aloi*
John  Crabb Jr.
N.Y. Bar No. 2367670
Elizabeth Aloi (D.C. 1015864)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212 (Aloi)
elizabeth.aloi@usdoj.gov