# EXHIBIT B



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C.  20530*

**BY EMAIL**

January 10, 2023

John P. Rowley III, Esq.
John S. Irving, Esq.

                Re:     <u>United States v. Navarro</u>

Dear  Messrs. Rowley and Irving:

      We write in response to your January 6, 2023 letter, in which you seek certain materials.

      First, you requested transcripts and "related materials" generated by the Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Committee'). You state that you are entitled to these materials to establish the "reasonableness of [your client's] belief that Former President Trump ha[d] invoked executive privilege." As an initial matter, a mistaken reliance on a claim of executive privilege is not a defense. In any event, the reasonableness of your client's belief – assuming such belief has any relevance to this prosecution – can only be assessed with respect to actions of other witnesses with which he was familiar. Accordingly, actions about which he was ignorant are not relevant. You also state that you need these materials in relation to a "potential defense of selective prosecution." You already know the identities of the individuals whom the Committee referred for contempt prosecution but were not charged. Information about other individuals, who were not referred, is irrelevant to any claim of selective prosecution. As the Court has noted, "the Select Committee does not make prosecutorial decisions, the Department does." Mem Op. and Order, dated September 12, 2002, at 6 [Dkt. 55]. In sum, we will not be providing the requested materials.

      Second, you requested the government's application for a compulsion order for a grand jury witness and materials related to an authorizing official. The defendant, however, cannot challenge the basis of the government's request for a compulsion order. *See, e.g,,  United States v. Trammel*, 583 F.2d 1166, 1168 (10th Cir. 1978), *aff'd*, 445 U.S. 40 (1980) ("A defendant has no standing to contest the propriety of the grant of immunity to a witness."); *United States v. Hathaway*, 534 F.2d 386, 402 (1st Cir. 1976) ("a challenge to a grant of immunity, like assertion of the privilege against self-incrimination, is personal; defendants are without standing to contest the legal sufficiency of the granting of immunity by the Government to these witnesses."). Moreover, whether to seek a compulsion order lies entirely within the purview of the Executive Branch. The Court performs only a ministerial task with respect to the government's request for a compulsion order. *See, e.g., United States v. Taylor*, 728 F.2d 930, 934 (7th Cir. 1984) ("Both the exclusive nature of Congress's delegation and the fact that the balancing process is wholly

within the expertise of the executive branch foreclose the federal courts from taking more than a ministerial role in prosecutorial immunity decisions that are made properly under 18 U.S.C. § 6003."); *United States v. Leyva*, 513 F.2d 774, 776 (5th Cir. 1975) ("since the court's duties in granting [a request for a compulsion order] are largely ministerial, when the order is properly requested the judge has no discretion to deny it.").[1]  Accordingly the requested materials are not relevant, and we will not be producing them.

          Sincerely,

          MATTHEW M. GRAVES
          UNITES STATES ATTORNEY


          _____/s/_____
          Elizabeth Aloi
          John Crabb Jr.
          Assistant U.S. Attorneys

---

[1] Also, the basis of witness's potential criminal liability is of no moment, since, among other reasons, the government does not intend to call the witness at trial; thus we have no obligation to provide potentially impeaching information for this individual. *See Giglio v. United States*, 405 U.S. 150 (1972).