## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| | **:** | **CRIMINAL NO. 22-cr-200 (APM)** |
| **v.** | **:** | |
| | **:** | |
| **PETER K. NAVARRO,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER, FOR AN EVIDENTIARY HEARING, AND TO COMPEL MATERIAL DISCOVERY

The Defendant, Peter K. Navarro, is charged with two counts of contempt of Congress for his total defiance of a subpoena issued to him by the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the U.S. Capitol ("the Committee") which required him to produce documents and provide testimony relating to his and others' efforts to prevent the peaceful transfer of power between presidential administrations. On January 19, 2023, this Court denied Defendant's motion to dismiss, finding that the President did not invoke executive privilege in connection with the testimony sought by the Committee from Defendant Navarro. ECF No. 68 at 3-4 ("Defendant has failed to come forward with any evidence to support the claimed assertion of privilege"). Without any legal or factual basis, Defendant now asks this Court to reconsider its decision. The Defendant's efforts to dismiss the Indictment continue to be meritless and this Court should deny the Defendant's motion.

### I.     The Defendant Has Not Met the Standard of a Motion for Reconsideration

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration in criminal cases. This Court has, however, "nevertheless…determined that motions for reconsideration may be entertained in criminal cases...." *United States v. Slough*, 61 F. Supp. 3d

103, 107 (D.D.C. 2014) citing *United States v. Cabrera*, 699 F.Supp.2d 35, 40 (D.D.C.2010).  The

Court, when entertaining such a motion, has adopted the civil standard for interlocutory motions,

finding that relief may be appropriate as "justice requires."  *Slough*, 61 F. Supp. 3d 103, 107–08

(D.D.C. 2014).   "To determine whether justice requires reconsideration of a previously issued

interlocutory order, the Court considers whether it patently misunderstood a party, has made a

decision outside the adversarial issues presented to the Court by the parties, has made an error not

of reasoning but of apprehension, or where a controlling or significant change in the law or facts

[has occurred] since the submission of the issue to the Court…. Furthermore, the party moving to

reconsider carries the burden of proving that some harm would accompany a denial of the motion

to reconsider." *Id.* (internal citations and quotations omitted).

Here, the Court has not patently misunderstood a party, nor made a decision outside the

adversarial issues presented to the Court.  The record is clear:  the Defendant moved to dismiss the

case, in-part, because of President Trump's purported invocation of executive privilege.  ECF No.

34 at 5.  The Court invited the parties to submit evidence, both with regard to the invocation, and

Defendant Navarro's reliance on it.  *See, e.g.,* 11/4/22 Hrg. Tr. at 8 ("So what I'm wondering is by

-- is there any other evidence other than that single statement in which you claim the President of

the United States invoked executive privilege as to Dr. Navarro with respect to this subpoena?").

The Court evaluated the parties' pleadings and made its finding: there was no invocation. *See* ECF

No. 68 at 3-4.

The Defendant does not identify a controlling or significant change in the law or facts that

has occurred since the submission of the issue to the Court.  Nor does Defendant's motion make

any suggestion that the Court made an error of apprehension.  Errors of apprehension may include

a Court's failure to consider "controlling decisions or data that might reasonably be expected to

alter the conclusion reached by the court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).  The only information on which the Defendant now asks the Court to rely is fabricated evidence of an invocation:  a letter dated January 23, 2023, not from former President Trump but from his attorney, created after Defendant Navarro's indictment, retroactively stating that Defendant Navarro had an obligation to assert executive privilege on [President Trump's] behalf.  ECF. No 71, Ex. A.  Moreover, an after-the-fact claim that Defendant Navarro, in general, "had an obligation to assert executive privilege" is plainly not what the Court noted is required: "*some* evidence to show that *President Trump* made a 'formal claim of privilege' after 'personal consideration' with respect to the Select Committee subpoena." Mem. Op. ECF No. 68 at 5 (emphasis added).  In essence, regardless of whether the letter accurately characterizes Defendant Navarro's purported "obligation," it is does not addresses the issue, nor cures the defect that the Court highlighted.  It also does not change the fact that the Committee attempted to negotiate terms with Defendant Navarro that would have allowed him not to reveal information that might be subject to executive privilege.

The Defendant then goes on to identify several former Trump administration officials who did make claims of executive privilege before the Select Committee, ECF No. 71 at 16-17, but completely misses the salient point: These administration officials showed up for their for Select Committee depositions.

At bottom, Defendant's motion appears to be last ditch attempt to put before the jury information he describes as a reasonable belief that "he had a legal duty to assert executive privilege." ECF No. 71 at 4.   But, as this Court rightly found, under controlling law, *Licavoli v. United States*, 294 F. 2d 207 (D.C. Cir. 1961), even a good faith belief that the law excused compliance is not a

defense to contempt under 2 U.S.C. §192.  ECF No. 68 at 30-31.   There is no basis for the Court to reconsider its decision.[1]

## II.        There is No Discovery to Compel

In his motion, the Defendant seeks to compel "transcripts and related materials, to include any communications with or among Members and Select Committee staff, that: (i) reference Dr. Navarro; (ii) include any reference to an assertion of executive privilege by any deponent or interviewee on behalf of by President Biden or former President Trump; (iii) include any reference to any witness's refusal to answer a question posed by the Select Committee in its interview and/or deposition of that witness; and (iv) include any correspondence between the Department and the Select Committee concerning any of the foregoing, including any decision to refer and/or prosecute any such witness for contempt of Congress."    ECF No. 71 at 18.[2] The Defendant justifies this request as necessary to evaluate the reasonableness of the Defendant's belief that he had a duty to assert executive privilege.  But, information not known or relied on by Defendant Navarro tells one little about the reasonableness of his belief, which is, as a matter of law, not a defense or exculpatory.  He is not entitled to the information.

Finally, the Defendant reiterates his request ███████████████



---

[1] Absent a basis to reconsider its decision, there is also no reason for this Court to hold an evidentiary hearing. None of the matters raised by the Defendant in his motion are relevant to the entrapment by estoppel defense, the one area of inquiry the Court held in abeyance in its January 19, 2023, Order.

[2] It is not clearly why the Defendant wishes to compel Select Committee transcripts from the Government, given that the transcripts have been made public, and he cites to them in his motion, suggesting he already has access to them.



There is no basis to compel the disclosure of this material from the Government.

### III.    Conclusion

For the foregoing reasons, the Defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/Elizabeth Aloi*
John  Crabb Jr.
N.Y. Bar No. 2367670
Elizabeth Aloi (D.C. 1015864)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212 (Aloi)
elizabeth.aloi@usdoj.gov