UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | **CRIMINAL NO. 22-cr-200 (APM)** |
| v. | : | |
| | : | |
| **PETER K. NAVARRO,** | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' MOTION FOR A TRIAL DATE

The Government respectfully asks the Court to set a trial date.

Pursuant to the Speedy Trial Act (STA), trial must commence within seventy days of the time from the date the indictment was filed, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). Defendant Navarro first appeared before the Court on June 3, 2022; seventy days from that date was August 12, 2022.

By the Government's calculation, the following exclusions have applied in this case:

1. June 3, 2022, to June 17, 2022, by the June 3, 2023, Order of the Magistrate Judge, entered over the objection of the United States;

2. July 14, 2022, to July 15, 2022, during the pendency of Defendant Navarro's Motion to Modify Protective Order (ECF No. 27);

3. August 4, 2022, to January 11, 2023, though a combination of pending pretrial motions and the Court's November 10, 2022, Minute Order; and

4. January 27, 2023, to May 28, 2023, by the January 27, 2023, Order of the Court and the Court's representations at the January 27, 2023, hearing that it would exclude time

during the pendency of the briefing related to testimonial immunity and executive privilege.[1]

In other words, of the seventy days to commence trial after Defendant's appearance, a total of sixty days have elapsed: 26 days from June 18 to July 13; 19 days from July 16 to August 3; and 15 days from January 12 to January 26.

The Government's testimonial immunity and executive privilege pleading will have been fully briefed and under advisement by the Court for thirty days on May 28, 2023. Thus, the Speedy Trial clock will continue to run from that date and expire on June 7, 2023, but for this motion.[2]

Defense counsel have indicated that they are not available to try this case within the prescribed time. The STA may be tolled to allow the defendant continuity of counsel, only if the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §§ 3161(h)(7)(A) & (B)(iv).

The Court must carefully assess whether such a continuance would serve the ends of justice and outweigh the best interest of the public and the defendant in a speedy trial. *Zedner v. United States*, 547 U.S. 489, 506-07 (2006); *United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008)

---

[1] Certain pretrial delays are automatically excluded from the Act's time limits, such as delays caused by pretrial motions. 18 U.S.C. § 3161(h)(1)(F). In *Henderson v. United States*, 476 U.S. 321, 330 (1986), the Supreme Court held that § 3161(h)(1)(F) excludes "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" The Act also excludes a reasonable period (up to thirty days) during which a motion is actually "under advisement" by the court. 18 U.S.C. § 3161 (h)(1)(J). The executive privilege and testimonial immunity filings constituted a motion. *See Melendez v. United States*, 518 U.S. 120, 126 (1996) ("[T]he term 'motion' generally means '[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.'" (second alteration in original) (quoting BLACK'S LAW DICTIONARY 1013 (6th ed.1990))). Additionally, as was done here (*see* Transcript of January 27, 2023, Hearing at 78-79), the time necessary to prepare motions may be excluded.

[2] *See United States v. Shellef*, 718 F.3d 94, 111 (2d Cir. 2013) (motion to schedule trial date tolls the STA).

("*Zedner* makes clear that trial judges are obligated to seriously weigh the benefits of granting the continuance against the strong public and private interests served by speedy trials"). If the Court determines that the continuance is justified, it must make express findings about why the ends of justice were served by a continuance and put those findings on the record. *Id.* at 360.

*United States v. Lloyd*, 125 F.3d 1263 (9th Cir. 1997), is instructive with respect to the circumstances presented here. In *Lloyd*, the defendant's attorney requested a continuance based on unavailability of counsel due to vacation plans. Relying on an affidavit submitted in support of the motion, the district court granted the continuance. *Id.* at 1266-67. On appeal, the circuit court found that the district court had not properly assessed the basis for the continuance:

> According to the record, the district court conducted no independent inquiry and made no attempt to verify that the statements Jones made about Freeman's and Olbertz's schedules were accurate, much less determine whether any scheduling problems that actually existed could be resolved without unduly delaying the trial. The district court simply accepted Jones' claims that Freeman had vacation plans in October and a trial in November, as well as his vague assertion that Olbertz "[was] unavailable the end of November, 1995 and December, 1995," and then assumed that no changes could be made in any of the contemplated arrangements.

*Id.* at 1269. The circuit court held that the STA had been violated and reversed the conviction. *Id.* at 1269-70.

Accordingly, the Government asks the Court to carefully assess the defendants' counsels' availability for trial; schedule the trial as soon as possible; and toll the speedy trial clock, if appropriate, pursuant to 18 U.S.C. 3161(h)(7)(A) & (B)(iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

        By:    */s/Elizabeth Aloi*
John Crabb
Elizabeth Aloi (D.C. Bar No. 1015864)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212 (Aloi)
elizabeth.aloi@usdoj.gov

4