**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **Criminal No. 1:22-cr-00200-APM** |
| **v.** ) | |
| ) | |
| **PETER K. NAVARRO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT DR. PETER K. NAVARRO'S REPLY IN SUPPORT OF**
**<u>MOTION TO DISMISS</u>**

The parties are again before the Court on a uniquely procedural issue that arises because of the government's continued unconventional approach to the prosecution of Dr. Navarro for contempt of congress – the first time a close advisor to the President of the United States has been prosecuted with this offense.  The government's position is that it doesn't matter whether former President Trump invoked executive privilege as to Dr. Navarro's testimony before the Select Committee because the Department of Justice has never taken the position that such an assertion gives rise to immunity from prosecution for contempt of Congress.  But this *ipsit dixit* assertion is belayed by the obvious fact that never before has the Department been asked to consider the Constitutional ramifications of a prosecution of a former close presidential advisor for contempt of Congress.  Thus, when the Court posed this question to the Department, for the first time,[1] *the government* requested an opportunity for the Department of Justice to that question for the first time.  It then submitted a brief that wholly failed to address the question of

---

[1] The government's suggestion that it had briefed this issue in the *civil action* brought by former President Trump's former Chief of Staff is inapposite insofar as that case did not deal with the Constitutional ramifications of the prosecution of a former advisor for contempt of congress following an invocation of executive privilege by a former President.

whether the doctrine of Separation of Powers precluded the prosecution of a close presidential advisor for contempt of congress following the invocation of executive privilege by the President for whom that advisor served.  As a result, the government has allowed The Speedy Trial Act clock to lapse and this indictment must be dismissed.

The government claims its brief is a motion – "[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant," Opp. at 2 (*quoting Melendez v. United States*, 518 U.S. 120, 126 (1996) (quoting BLACK'S LAW DICTIONARY 1013 (6th ed.1990)), because it asks the Court not to permit Dr. Navarro to argue that former President Trump invoked executive privilege.  Yet the government filed its brief without calling it a motion – whether on the face of the filing or in its docketing of the same – and further did not comply with Rule 7(c) of the Local Rules of Criminal Procedure in this District, which required the government to file a proposed order with its brief, should it have been a motion.  It is inconceivable that these events are amount to pure coincidence.  Rather, the only logical explanation is that only after the government realized that it had allowed the Speedy Trial Act clock to lapse did it fall back on the argument that its March 14 brief was a motion.

Nor does the government's March 14 briefing automatically toll time under The Speedy Trial Act as a supplemental briefing to a motion for which the Court had held a hearing.  18 U.S.C. § 3161(h)(1)(H).  Contrary to the government's suggestion, no pending motion required supplemental briefing – the Court unequivocally denied Dr. Navarro's motion for reconsideration, a fact the government relied upon in its March 14 briefing.  *See* Brief, at 3 (March 14, 2023) (ECF No. 79) ("The Court later denied the motion for reconsideration.").  Although the Supreme Court acknowledged, "[i]t would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion

is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials," *Henderson v. United States*, 476 U.S. 321, 331 (1986), the unique posture of this case is that there was no pending pertinent motion when the Court requested briefing.

Judge Kelly recently addressed a similar issue when confronted with the question of whether an unsolicited post-hearing brief tolls time under The Speedy Trial Act. Quoting the Supreme Court, Judge Kelly concluded that not excluding time, "makes no sense," because, "the provisions of the [Speedy Trial] Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion.'" *United States v. Nordean*, 2022 U.S. Dist. LEXIS 108898, at *14 (Jun. 20, 2022) (quoting *Henderson*, 476 U.S. at 331). Rather, Judge Kelly concluded, "a court is not immediately positioned to dispose of a motion when a party presents it with a new supplemental filing that the party urges it consider in resolving the motion." *Id.* Here, however, there was no pending pertinent motion.[2]

The government finally contends that the interests of justice support the tolling of time under The Speedy Trial Act. In support of its argument, the government asserts that 3161(h)(7) allows for interest of justice tolling rather broadly, and argues that the parties and the Court have

---

[2] As noted in the motion to dismiss, Dr. Navarro takes the position that the motion *in limine* cited by the government as turning its brief into a motion, Dr. Navarro does not consider the government's motion one that is pending such that its existence would have tolled STA. *See* STA Motion, p. 9 ("Regardless, in its motion in limine, the government did not address the question posed by the Court at the January 27, 2023, pretrial hearing. . . Accordingly, the government's motion in limine, cannot be construed as a motion for which posthearing briefing was required or that had been otherwise taken under advisement by the Court. To whit, none of the exhibits referenced by the government were even discussed at the pretrial hearing at which additional briefing was requested by the government." (internal quotation omitted)). *See also id.*, pp. 9-10 n.3 ("Moreover, to the extent the government suggests the filing of its motion *in limine* warrants the exclusion of time until trial, when the Court presumably would rule on the admissibility of each exhibit, the D.C. Circuit has noted that tolling calculation for speedy trial purposes when the government simply asserts that filings which are commonly carried over until trial, are motion would compromise the exact purpose of the Speedy Trial Act, as it would allow the government to submit its filings[] at an early stage then fail[] to press for prompt disposition." (internal quotations and citations omitted)).

acknowledged that this case involve complex and novel legal issues.  While the government cites *Zedner v. United States* for the proposition that interests of justice continuances are considered quite broadly, subsequent cases in this district have limited *Zedner*'s holding to only those instances where tolling is beneficial to both the government and a defendant.  *See United States v. Morrow*, 102 F. Supp. 3d 232, 243 (D.D.C. 2015).  Here, *the government* requested additional time to brief the Court on the question of whether the invocation of executive privilege by a former President as to his former close senior advisor would Constitutionally preclude the Department of Justice from prosecuting that advisor for contempt of Congress.  The Court was prepared to allow Dr. Navarro to offer evidence demonstrating that in fact former President Trump had invoked executive privilege as to Dr. Navarro, but *the government* sought an opportunity to provide additional briefing.

Relatedly, the government cannot now claim that Dr. Navarro has "sandbagged" this Court with a claim that *the government* caused The Speedy Trial Act clock to run.[3]  First, when the Court ordered additional briefing on the position of the Department of Justice with respect to what effect former President Trump's invocation of executive privilege has on the constitutionality of a prosecution for contempt of congress as against a former senior advisor to a former President, defense counsel reasonably believed the government would brief that quesiton.  Indisputably, executive privilege persists beyond the presidency; as Justice Kavanaugh noted: "A former President must be able to successfully invoke the Presidential communications privilege for communications that occurred during his Presidency, even if the current President does not support the privilege claim.  Concluding otherwise would eviscerate the executive

---

[3] To be sure, defense counsel's words were: "[The defense] think[s] these are pretrial *briefs*. . . [The defense] think[s] these are pretrial *briefs*."  Opp., at 4 (emphasis added).

privilege for Presidential communications." *Trump v. Thompson*, 595 U.S. _____ (2022), *motion for stay denied* (J. Kavanaugh statement). Instead, the government's brief re-litigated issues that had already been decided by the Court and emphasized that the Court need not address this important Constitutional question.

Second, defense counsel – like the government in initially claiming that Dr. Navarro would be immune from prosecution – was, "mistaken," in assuming that the briefing contemplated by the government would constitute a motion warranting the automatic exclusion of time under The Speedy Trial Act. As the government concedes, however, Dr. Navarro cannot inadvertently waive his rights under The Speedy Trial Act. *See* Opp., at 9-10 n.7 ("To be clear, the Government is not suggesting that the Defendant has waived his STA rights; nor could he. . . Instead, we are arguing that the Defendant cannot challenge the specific period of delay which he endorsed."). And although perhaps technically procedural, The Speedy Trial Act has been interpreted to require strict adherence in most cases; specifically, this Circuit has observed that, "[t]he strategy of § 3161(h)(8) [since Amended to become § 3161(h)(7)] is to counteract substantive open-endedness with procedural strictness. This provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making [ends-of-justice] findings." *United States v. Bryant*, 523 F.3d 349, 360-61 (D.C. Cir. 2008). *See also id.*, (observing a level of discretion in Speedy Trial Act cases, but then noting of what is now § 3161(h)(7), ". . .it is equally clear that Congress. . . saw a danger that [ends-of-justice] continuances could get out of hand and subvert the Act's detailed scheme.").

**CONCLUSION**

Dr. Navarro respectfully requests the Court dismiss the indictment in this matter.

[SIGNATURE ON NEXT PAGE]

Dated: June 13, 2023                    Respectfully Submitted,

                                        E&W Law, LLC

                                        _____/s/ John S. Irving_____
                                        John S. Irving (D.C. Bar No. 460068)
                                        1455 Pennsylvania Avenue, N.W., Suite 400
                                        Washington, D.C. 20004
                                        Telephone: (301) 807-5670
                                        Email: john.irving@earthandwatergroup.com


                                        SECIL LAW PLLC

                                        _____/s/ John P. Rowley, III_____
                                        John P. Rowley, III  (D.C. Bar No. 392629)
                                        1701 Pennsylvania Ave., N.W., Suite 200
                                        Washington, D.C. 20006
                                        Telephone: (703) 417-8652
                                        Email: jrowley@secillaw.com

                                        BRAND WOODWARD LAW, LP

                                        _____/s/ Stanley E. Woodward, Jr._
                                        Stan M. Brand (D.C. Bar No. 213082)
                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                        1808 Park Road NW
                                        Washington, DC  20010
                                        202-996-7447 (telephone)
                                        202-996-0113 (facsimile)
                                        Stanley@BrandWoodwardLaw.com

                                        *Counsel to Dr. Peter K. Navarro*

## CERTIFICATE OF SERVICE

On June 13, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.


Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Dr. Peter K. Navarro*