UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 22-cr-200 (APM) |
| ) | |
| PETER K. NAVARRO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING AND TO COMPEL MATERIAL DISCOVERY

**I.**

On January 24, 2023, Defendant Peter K. Navarro moved the court: (1) to reconsider its Order denying Defendant's motion to dismiss, (2) to hold "an evidentiary hearing on the question of what evidence supports a finding that former President Trump invoked privilege and/or that Dr. Navarro reasonably believed he had a legal duty to assert executive privilege," and (3) to "compel the Government to comply with its obligations to provide discovery that is material to the preparation of Dr. Navarro's defense." Def.'s Mot. to Recons., for an Evidentiary Hr'g, and to Compel Material for Disc., ECF No. 71 (redacted) [hereinafter Def.'s Mot.], at 1. At the pretrial conference held on January 27, 2023, the court denied Defendant's motion for reconsideration, *see* Jan. 27, 2023 Hr'g Tr., ECF No. 76 [hereinafter Jan. Hr'g Tr.], at 4–13; Minute Order, Feb. 2, 2023, but left open the remaining two motions pending further briefing from the parties.

Having considered the parties' original and supplemental arguments, the court grants Defendant's request for an evidentiary hearing and grants his request for discovery in part. The court has already set aside August 28, 2023, for an evidentiary hearing.

## II.

The request for supplemental briefing arose in part from the question of whether Defendant had the right to present evidence to the jury that former President Donald J. Trump instructed him to assert executive privilege or testimonial immunity in response to the Select Committee's subpoena. *See* Jan. Hr'g Tr. at 49, 53–54, 60–62, 69. The court hypothesized that a proper invocation of privilege or immunity could be viewed as a limit on Congress's authority to issue a subpoena for the testimony of a former aide to a former President concerning official acts. *See id.* at 21–23. Such evidence, the court suggested, could negate an element of the offense— namely, whether the Select Committee had the requisite "authority" to issue the subpoena in question. *See* 2 U.S.C. § 192; *cf. Gojack v. United States*, 384 U.S. 702, 708 (1966) ("It can hardly be disputed that a specific, properly authorized subject of inquiry is an essential element of the offense under § 192."); *Shelton v. United States*, 327 F.2d 601, 607 (D.C. Cir. 1963) (holding that the defendant's "rights were abridged when the subpoena was issued without Subcommittee authorization").

Upon further reflection, the court thinks that a fact dispute over an actual, proper invocation is for the court, not the jury, to determine. Such an invocation by a former President would act as a constitutional constraint on the scope of the contempt statute, not as a diminution of congressional authority to issue compulsory process in the first instance. That has long been the position of the Department of Justice. *See Prosecution for Contempt of Cong. of an Exec. Branch Official Who Has Asserted a Claim of Exec. Privilege*, 8 Op. O.L.C. 101, 102 (1984) (Gorsuch Memo) ("[W]e believe that the contempt of Congress statute was not intended to apply and could not constitutionally be applied to an Executive Branch official who asserts the President's claim of executive privilege in this context."); *Whether the Dep't of Just. May*

*Prosecute White House Officials for Contempt of Cong.*, 32 Op. O.L.C. 68–69 (2008) (stating the same with respect to an invocation of testimonial immunity). And the parties now agree that a former senior aide to a former President enjoys only a qualified immunity against compelled congressional testimony. *See* U.S.' Br. on Def.'s Unsupported Claims of Exec. Privilege and Testimonial Immunity, ECF No. 79 [hereafter Gov't Suppl. Br.], at 10–11; June 21, 2023 Hr'g Tr., ECF No. 90 [hereinafter June Hr'g Tr.], at 83–84 (defense counsel agreeing that Defendant is entitled only to qualified immunity). Because competing considerations must be balanced when evaluating a claim of qualified immunity, including the views of the incumbent President, *see Thompson v. Trump*, 20 F.4th 10, 32 (D.C. Cir. 2021), the court is better equipped to make that determination. The court therefore will permit Defendant, through his own testimony or other evidence, to establish the factual predicate for the actual, proper invocation of executive privilege or testimonial immunity, or both, by the former President.[1]

Three points of clarification are important at this juncture.

First, the claimed assertion of *testimonial immunity* is relevant only to Count Two—contempt of Congress for refusing to provide testimony. *See* Indictment, ECF No. 1, at 7. It does not extend to Count One—contempt of Congress for refusing to produce records. *Id.* at 6. Testimonial immunity, as the name implies, extends only to *testimony*. The rationale for such immunity simply does not apply to the production of records. *See Testimonial Immunity Before*

---

[1] The Department of Justice did not publicly announce its view that a former aide of a former President is entitled to no more than qualified testimonial immunity until *after* Defendant received his subpoena. *See* Stmt. of Interest of the U.S., *Meadow v. Pelosi*, No. 21-cv-3217 (CJN), ECF No. 42, at 9 (July 15, 2022). Even if Defendant declined to comply with the subpoena because he believed he enjoyed *absolute* testimonial immunity, an honest mistake of law is not a valid defense to contempt of Congress. *See United States v. Navarro*, No. 22-cr-200 (APM), 2023 WL 371968, at *13 (D.D.C. Jan. 19, 2023). And he now agrees that he was entitled to no more than qualified immunity. *See* June Hr'g Tr. at 83–84. Moreover, Defendant has noticed a defense of entrapment by estoppel, *see* Def.'s Suppl. Notice, ECF No. 92, which "implicates due process concerns under the Fifth and Fourteenth amendments." *United States v. Nichols*, 21 F.3d 1016, 1018 (10th Cir. 1994). The court addresses the availability of that defense, and the attendant due process concerns, in a separate order.

*Cong. of the Former Couns. to the President*, 43 Op. O.L.C. 1, 6–7 (May 20, 2019) (explaining that a question-by-question invocation of executive privilege, as an alternative to absolute testimonial immunity, "is insufficient to ameliorate several threats that compelled testimony poses," such as the "substantial risk of inadvertent or coerced disclosure of confidential information").

That said, Defendant may lay the foundation for the proper invocation of executive privilege as to Count One. To do so, however, he must make two showings. One, because he produced nothing, he will have to establish that the responsive records he possessed pertained *only* to official acts. Executive privilege does not reach any records that Defendant had relating to unofficial acts, so unless another privilege applied (and he did not invoke one), he was compelled to produce such records. *See Thompson*, 20 F.4th at 25–26 (explaining scope of executive privilege); *Testimonial Immunity Before Cong. of the Assistant to the President and Senior Couns. to the President*, 43 Op. O.L.C. at 2, (July 12, 2019) (opining that "a member of the President's inner circle [could] not be compelled by a congressional committee to testify about matters related to her official duties"). And, two, he will have to demonstrate that President Trump invoked executive privilege "after actual personal consideration." *United States v. Reynolds*, 345 U.S. 1, 8 (1953); *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 389 (2004) ("Executive privilege is an extraordinary assertion of power 'not to be lightly invoked.'") (quoting *Reynolds*, 345 U.S. at 7). Both conditions must be met for Defendant's noncompliance to fall outside the contempt statute. *See* Gorsuch Memo at 106, 139–40 (opining that the contempt statute did not apply to an EPA Administrator who, at the direction of the President, withheld 64 documents in response to a congressional subpoena after the President had received "the

4

unanimous recommendation of all Executive Branch officials involved in the process" to invoke privilege as to those records).

Defendant contends that he was somehow denied due process of law because the Select Committee did not afford him the opportunity to distinguish between privileged official records and nonprivileged personal records. Def.'s Due Process Resp., ECF No. 95, at 4. The evidence is to the contrary. On February 9, 2022, Defendant agreed by email to accept service of the subpoena, which called for him to produce records by February 23, 2022. Gov't Suppl. Br. at 2 (citing Gov't Suppl. Br., Ex. 1, ECF No. 79-1 [hereinafter Ex. 1], at 29–30). He also told the Committee on that date, "no counsel. Executive Privilege." *Id.* The production date passed without Defendant making any contact with the Committee. *Id.* On February 24, 2022, the Select Committee emailed him to remind him about the expired deadline and the upcoming deposition date of March 2, 2022. *Id.* Defendant did not appear for testimony on that date, and he produced no records. Defendant therefore had weeks to attempt to segregate privileged from unprivileged records. He cannot now complain that the Select Committee did not afford him sufficient time to do so.

Second, the court does not at this time prejudge what type or manner of instruction from President Trump might suffice to constitute a "formal" assertion of privilege or immunity. *See United States v. Navarro*, No. 22-cr-200 (APM), 2023 WL 371968, at *2–3 (D.D.C. Jan. 19, 2023). The court previously left that question unanswered because Defendant had not come forward with *any* evidence of a presidential invocation. *Id.*; Jan. Hr'g Tr. at 12. Defendant's burden will include showing that the claimed instruction to invoke was a "formal" one.

Finally, the court reserves on the question of whether Defendant waived his present claim of testimonial immunity by failing to raise it before the Select Committee. *See* Gov't Suppl. Br. at

5

13–14; *Navarro*, 2023 WL 371968 at *7 (citing waiver cases from the Supreme Court and the D.C. Circuit). According to the evidence known to the court, Defendant told the Committee that President Trump had "invoked executive privilege." *See* Gov't Suppl. Br. at 3 (citing Ex. 1 at 32); *see also id.* at 2 (citing Ex. 1 at 29–30). He made no mention of testimonial immunity. At the evidentiary hearing, Defendant may present evidence relevant to the question of waiver.

### III.

Defendant also seeks additional categories of discovery from the government. Specifically, he demands any materials provided by the Select Committee to the Department of Justice that: (a) "reference Dr. Navarro"; (b) "include any reference to an assertion of executive privilege by any deponent or interviewee on behalf of by [sic] President Biden or former President Trump"; (c) "include any reference to any witness's refusal to answer a question posed by the Select Committee in its interview and/or deposition of that witness"; and (d) "include any correspondence between the Department and the Select Committee concerning any of the foregoing, including any decision to refer and/or prosecute any such witness for contempt of Congress." Def.'s Mot. at 17. Defendant says he needs such materials because "evidence of former President Trump's invocation of executive privilege [as to others] provides circumstantial evidence that the privilege was invoked with respect to Dr. Navarro." *Id.* at 18. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████

### A.

As to his request for materials the Department received from the Select Committee that "reference Dr. Navarro," *id.* at 19, the court orders the government to produce any communications not previously disclosed between the Select Committee and the Defendant about the subpoena. Other than such communications, the court cannot discern how interview transcripts and other documents that merely refer to Defendant are material to preparing his defense.

### B.

The government need not produce records reflecting any other witness's assertion of executive privilege before the Select Committee. Defendant seeks that evidence in part to show that because President Trump instructed others to invoke executive privilege, the President directed Defendant to do the same. That is a demand for other acts evidence covered by Federal Rule of Evidence 404(b). *See* FED. R. EVID. 404(b) (other acts evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" unless it is "admissible for another purpose"). But evidence held by the Select Committee that President Trump directed others to invoke executive privilege is not probative of Defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Moreover, as the court has already held, it is not a valid defense that Defendant had a good faith but mistaken belief that he was excused from compliance because President Trump had invoked executive privilege as to others. *See Navarro*, 2023 WL 371968, at *13.

### C.

██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████

7

███████████████████████████████████████

████████████

### IV.

For the stated reasons, Defendant's motion for an evidentiary hearing is granted, and his motion to compel discovery is granted in part and denied in part.

Dated: July 28, 2023

_____
Amit P. Mehta
United States District Court Judge