IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal No. 1:22-cr-00200-APM |
| v. ) | |
| ) | |
| PETER K. NAVARRO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO GOVERNMENT OPPOSTION TO MOTION
FOR A CONTINUANCE OF EVIDENTIARY HEARING AND TRIAL**

The Government facetiously contends in its Opposition to Dr. Navarro's Motion for Continuance of the Evidentiary Hearing and Trial that Elizabeth Harrington's testimony is "inadmissible", and that his request is somehow "strategic." Neither of these objections is accurate. This case has been pending for over a year and, although the Court and parties have spent considerable time analyzing the complex constitutional issues presented, there exists no exigency that supports refusing Dr. Navarro's request for a short continuance.

**I.   Ms. Harrington's Testimony Is Corroborative of Other Evidence that Former President Trump Instructed Dr. Navarro to Assert Executive Privilege.**

It's clear from the Government's Opposition that it would prefer that Ms. Harrington not testify at the evidentiary hearing.[1] Although it claims that her testimony is "generally speaking,

---

[1] In its zeal to prosecute Dr. Navarro and keep Ms. Harrington from testifying, the Government has implicitly threatened her with perjury "if she intends to testify inconsistent with her grand jury testimony" and that she "must first waive her Fifth Amendment right not to incriminate herself." Opp. at 3.  This assertion is at odds with long-standing precedent that:  "Our legal system provides methods for challenging the Government's right to ask questions – lying is not one of them," *United States v. Wong*, 431 U.S. 174, 178 (1977), and so, "[e]ven constitutionally explicit Fifth Amendment privileges do not exonerate affirmative false statements." *United States v. North*, 708 F. Supp. 380, 383 (D.D.C. 1988) (citing *Wong*, 431 U.S. at 178).  Regardless of whether Ms. Harrington could assert the Fifth Amendment to avoid what *the government submits* would be perjured testimony, the reality is that Mr. Harrington's anticipated testimony is wholly consistent with her grand jury testimony – the government just failed to ask probative follow up questions of her at the time.

not in dispute", it challenges its relevance of the calls she had with Dr. Navarro and the email she received from him on February 9, 2022, the day the J6 Committee served its subpoena. Opp. n.1. Standing alone, Ms. Harrington's testimony does not prove that former President Trump instructed Dr. Navarro to assert executive privilege in response to the Committee's subpoena. But the testimony is corroborative of other evidence – including Dr. Navarro's anticipated testimony – that he was following President Trump's instructions when he notified the Committee that it should negotiate the privilege issue with its holder.[2]

Ms. Harrington will explain that after being served with the subpoena, Dr. Navarro called her and then followed up by sending the media statement he planned to publicly issue that day. The statement explained that President Trump had asserted executive privilege and noted that the J6 Committee should negotiate any waiver of the privilege with his attorneys and him. Ms. Harrington conveyed the statement to two of President Trump's administrative assistants and, later that day, Dr. Navarro publicly released the statement. *See* Defense Exhibit 7.

At the time, the J6 Committee was aggressively issuing subpoenas to the former President's senior presidential aides. A few months before the Committee issued its subpoena to Dr. Navarro, President Trump publicly confirmed in October 2021 that he expected senior aides Mark Meadows, Dan Scavino, Kash Patel and Steve Bannon to invoke privilege in response to the J6 Committee's subpoenas.[3] It strains credulity to believe that Dr. Navarro was the only senior presidential aide whom President Trump did not expect to assert privilege.[4] Ms. Harrington's

---

[2] As noted in Dr. Navarro's Motion, the Government itself has recognized that Ms. Harrington is an important witness in this case.

[3] https://www.washingtonpost.com/politics/2021/10/07/trump-lawyer-tells-former-aides-not-cooperate-with-jan-6-committee/

[4] Within a few weeks after President Trump confirmed that he expected Mark Meadows, *et al*, to assert executive privilege in response to the J6 Committee's subpoenas, he also publicly instructed Dr. Navarro

testimony will corroborate other evidence that Dr. Navarro, the other senior presidential aides, was expected by President Trump to similarly respond to the J6 Committee.

The Government suggests that if the Court disagrees with the admissibility of Ms. Harrington's testimony, she should be made available for "live or virtual testimony" before August 28. Opp. at 2. This would, of course, impose an unfair burden on a woman who is in her ninth month of pregnancy. There is no reason to do that when a brief continuance of the hearing would allow her to testify in person and not otherwise prejudice the government.

II. **Dr. Navarro has Shown Good Cause for a Short Continuance of the Evidentiary Hearing.**

The Government alleges without any basis that Dr. Navarro's request for continuance of the hearing is "strategic" and done for improper reasons. Opp. at 1-2. Leaving aside the personal attack on defense counsel, there is no plausible strategic reason for the request and the Government provides none – Ms. Harrington's pregnancy is not effected by the timing of the filing of Dr. Navarro's motion. No prejudice to the Government would result from a short continuance and it would be fundamentally unfair to Dr. Navarro to deny calling Ms. Harrington as a witness on his behalf.

There was no inordinate delay in filing the Motion for Continuance. Upon receiving notice on July 28 that the Court planned to go forward with the hearing on August 28, counsel for Dr. Navarro subpoenaed several witnesses to testify at the evidentiary hearing, including Elizabeth Harrington. Two days earlier, on July 26, counsel learned for the first time that Ms. Harrington's due date for the birth of her second child is August 29. Dr. Navarro's motion to continue the

---

to "protect the privilege" in response to a subpoena served on him by the Covid Subcommittee. *See* Defense Ex. 1 (Statement by Donald J. Trump - November 20, 2021). Dr. Navarro understood that President Trump's simultaneous instructions concerning the Congressional subpoenas applied to any subpoenas his senior aides received from the Democrat-led Committees.

evidentiary hearing was filed on August 7. There was no "strategic" reason for the request – the timing of Dr. Navarro's motion does not affect Ms. Harrington's due date. Defense counsel filed the motion as soon as was practicable given their schedules, which the government was aware precluded the evidentiary hearing from being held before August 28.

### III.  Conclusion

For the forgoing reasons, Defendant Peter K. Navarro respectfully requests that the Court grant a brief continuance of the scheduled dates of the evidentiary hearing and trial.

Dated: August 10, 2023                Respectfully Submitted,


                                      E&W Law, LLC

                                       /s/ John S. Irving
                                      John S. Irving (D.C. Bar No. 460068)
                                      1455 Pennsylvania Avenue, N.W., Suite 400
                                      Washington, D.C. 20004
                                      Telephone: (301) 807-5670
                                      Email: john.irving@earthandwatergroup.com


                                      SECIL LAW PLLC

                                       /s/ John P. Rowley, III
                                      John P. Rowley, III  (D.C. Bar No. 392629)
                                      1701 Pennsylvania Ave., N.W., Suite 200
                                      Washington, D.C. 20006
                                      Telephone: (202) 417-8652
                                      Email: jrowley@secillaw.com
                                      BRAND WOODWARD LAW, LP

                                       /s/ Stanley E. Woodward
                                      Stan M. Brand (D.C. Bar No. 213082)
                                      Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                      400 Fifth Street, Northwest Suite 350
                                      Washington, D.C.  20001
                                      202-996-7447 (telephone)
                                      202-996-0113 (facsimile)
                                      Stanley@BrandWoodwardLaw.com

                                      *Counsel to Dr. Peter K. Navarro*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 10, 2023, a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

/s/ Stanley E. Woodward
Stan M. Brand (D.C. Bar No. 213082)
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, D.C.  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel to Dr. Peter K. Navarro*
