## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|  | : | |
|  | : | |
|  | : | CRIMINAL NO. 22-cr-200 (APM) |
| v. | : | |
|  | : | |
| PETER K. NAVARRO, | : | |
|  | : | |
| Defendant. | : | |

## UNITED STATES' MOTION TO EXCLUDE EXHIBITS

The Government respectfully asks the Court to exclude from the August 28, 2023, hearing exhibits identified by the Defendant that are irrelevant – that is, not probative of any assertion of testimonial immunity or executive privilege by former President Trump as it relates to the subpoena the Defendant received from the House Select Committee to Investigate the January 6th Attack on the United States Capitol, the Defendant's disregard of which is the subject of this contempt prosecution.  These exhibits, as identified on the list provided by the Defendant, are Exhibits 1, 1.1, 1.2, 1.3, 1.4, 1.5, 1.15, 1.16, 1.17, 1.18, 2, 2.1, 2.2, 3, 4, 13, 14, 15, 16, 17, 20 and 21.[1]

**I.**  **Exhibits 1, 1.1, 1.4, 1.15, 1.16, 1.17, 1.18, 2, 2.1, 2.2, 3, 4 and 21 relate to a Different Subpoena issued by a Different Congressional Committee and Have No Relevance to the August 28, 2023, Hearing.**

The Court has narrowed the subject of the August 28, 2023, hearing to very specific issues of testimonial immunity and executive privilege. Specifically, as to Count One, to succeed on his claims of executive privilege, the Defendant must demonstrate that every record responsive to the

---

[1] The exhibits (attached as Exhibit A) were disclosed to the Government, along with an Exhibit List (attached as Exhibit B) on August 25, 2023.

subpoena he received from the January 6th Committee related to official acts and that the former President invoked executive privilege after personal consideration. ECF No. 96 at 4. As to Count Two, the Defendant must establish the factual predicate that there was an actual, proper, and sufficiently formal invocation of testimonial immunity by the former President as it relates to January 6th Committee subpoena, *id*. at 4-5, and this Court must find that the Defendant did not waive such claim by failing to raise it before the January 6th Committee. If such a showing is made, the Court must evaluate Defendant's claim of qualified immunity against the views of the incumbent president. *Id.* at 3.

Exhibits 1, 1.1, 1.4, 1.15, 1.16, 1.17, 1.18, 2, 2.1, 2.2, 3, 4 and 21 relate to a subpoena issued to the Defendant by the House Select Committee on the Coronavirus. The Defendant has previously argued that because the former President may have invoked executive privilege over this subpoena he received from a different Congressional Committee that he had a right to then ignore the January 6th Committee's subpoena.  This argument has long since been rejected by this Court. *See, e.g.,* ECF No. 100 (Order) ("[Coronavirus-Related Exhibits] are not relevant as they pertain to a different congressional subpoena (one issued by the House Select Committee on the Coronavirus Crisis), and the court has ruled that Defendant cannot rely on the events relating to that subpoena as part of a valid defense."); *see also United States v. Navarro*, No. 22-cr-200 (APM), 2023 WL 371968, at *4 (D.D.C. Jan. 19, 2023); Mem. Op. and Order on Entrapment by Estoppel and Public Authority Defenses, ECF No. 97, at 3–4. I.  The Defendant should not be permitted to relitigate this issue at the forthcoming evidentiary hearing.

II.     **Exhibits 1.2, 1.3, 1.5 and 20 Pertain to Subpoenas Issued to Different Former Presidential Aides and Have No Relevance to Defendant's Purported Executive Privilege and Testimonial Immunity Claims.**

Defense Exhibit 1.5 appears to contain copies of subpoenas issued by the January 6th Committee to former White House aides that are not the Defendant and Exhibit 20 is a related

news article. Exhibits 1.2 and 1.3 reflect related correspondence between those individuals and counsel to former President Trump. The Court has already found that these too have no relevance to Defendant's purported executive privilege claims, and the Defendant should not be permitted to relitigate his failed arguments yet again. *See, e.g.*, ECF No. 96 (Order) at 6-8 (rejecting as a defense Defendant's mistaken belief that he was excused from compliance because others may have been).

### III.    Exhibits 13, 14, 15, 16 and 17 are Not Probative of Defendant's Purported Executive Privilege or Testimonial Immunity Claims.

The Court has already excluded from trial Defense Exhibits 13, 14, 15, 16, *see* ECF No. 100 at 2, and Defense Exhibit 17 is a civil complaint filed by the Defendant long after his default on the January 6th Committee subpoena. It is also not clear what, if any, relevance these exhibits could possibly have to the narrow issues of executive privilege and testimonial immunity before the Court at the August 28, 2023, evidentiary hearing.  For the same reasons the Court excluded them from trial, they should be excluded from the hearing. *Id.* ("These exhibits are communications, including drafts of a complaint, between Defendant and third parties that post-date the charged offense. ... These exhibits are excluded from trial, as there is no obvious relevance to them and any probative value is outweighed by the danger of confusion of the issues or misleading the jury.").  As the Court has already held, "these exhibits could not be introduced to establish a good faith mistake of law." *Id.* at n.2.

### IV.    Conclusion

For the foregoing reasons, the Court should exclude from the August 28, 2023, hearing the exhibits identified herein.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Elizabeth Aloi*
       John D. Crabb
       Elizabeth Aloi (D.C. 1015864)
       Assistant United States Attorneys
       United States Attorney's Office
       601 D Street, N.W.
       Washington, D.C. 20530
       (202) 252-7212 (Aloi)
       elizabeth.aloi@usdoj.gov