IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) <br> ) <br> )    Criminal No. 1:22-cr-00200-APM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| v. | |
| **PETER K. NAVARRO,** | |
| **Defendant.** | |

## DR. PETER K. NAVARRO'S REPLY IN
## SUPPORT OF HIS MOTION FOR NEW TRIAL

Of course, the Court will recall government counsel's unequivocal observation after the jury had returned its verdict: counsel had just entered the courthouse through John Marshall Park and saw *no* protestors or other activity that could have influenced the jury that had just provided their long-sought conviction of Defendant Dr. Peter K. Navarro. The government's misconception is consistent with their entire view of this prosecution – never before has a senior presidential advisor been charged – let alone convicted – of contempt of congress.

In its opposition, the government attempts to portray Dr. Navarro's concern that he was wrongfully associated with January 6, 2021, participants as wholly misplaced, quoting defense counsel in closing. *See* Govt. Opp., at 5 (Oct. 27, 2023) (ECF 143). Indeed, defense counsel's efforts to distance Dr. Navarro's connection to the events of January 6 were necessitated by the government's mischaracterization of Dr. Navarro's role – or lack thereof – in the events of that day. As the Court is aware, the jury was exposed, by the government, to the suggestion that Dr. Navarro was somehow associated with the events of January 6, through government witnesses that referenced the Select Committee's purpose as investigating, "domestic terrorism"; in response, the Court rightfully warned the government about exposing the jury to further

potentially inflammatory language.  *See* Tierney Sneed and Devan Cole, *Prosecutors say former Trump adviser Peter Navarro 'acted as if he is above the law' as trial begins*, CNN, https://www.cnn.com/2023/09/06/politics/peter-navarro-contempt-trial/index.html (last updated Sep. 6, 2023) ("After the jury left the room. . . [Judge] Mehta asked both sides if they would be presenting any other evidence that includes similar language, saying that he's concerned about the jury hearing 'words that are potentially inflammatory' that relate to the case at hand but are not central to it, so that they can sort out a solution ahead of time.").

      Therefore, the government's purported "threshold matter," that protestors either in support or against, "the insurrectionists," could not have influenced the jury, is fundamentally flawed.  Pivoting from this unsubstantiated assertion, the government instead endeavors to diminish the persuasiveness of the authority relied upon by Dr. Navarro.  For example, the government generally objects to Dr. Navarro's reliance on *United States v. Crews*, 856 F.3d 91 (D.C. Cir. 2017), as a basis for the standard of a mistrial based upon highly prejudicial material.  Govt. Opp., at 5-6 (Oct. 27, 2023) (ECF No. 143).  Apparently failing to complete its thought, the government suggests that the *Crews*'s court's reference to graphic descriptions of an injury to the defendant's co-conspirator makes Dr. Navarro's reliance on *Crews* irrelevant.  *See* Govt. Opp., at 5-6 (Oct. 27, 2023) (ECF No. 143).  This attempt at distinction is irrelevant.  The *Crews* court specifically notes the factors to be considered when considering a motion for a mistrial based on the presentation of potentially prejudicial information outside of the record.  *See Crews*, 856 F.3d at 96. ("A mistrial is warranted if inadmissible evidence is erroneously presented to the jury that is so highly prejudicial that the jury cannot reasonably be expected to ignore it[.] [W]e must therefore determine the extent to which the defendant was unfairly prejudiced.  To that end, we consider a number of factors, including the force of the unfairly prejudicial evidence, whether

that force was mitigated by curative instructions, and the weight of the admissible evidence that supports the verdict." (internal citations and quotation marks omitted) (quoting *United States v. McLendon*, 378 F.3d 1109, 1112 (D.C. Cir. 2004)).

Dr. Navarro's case involves materials outside of evidence which associate Dr. Navarro with polarizing groups and figures, which were presented to the jury during the deliberation process despite not being admitted at trial, and which would likely not have been admissible based on its lack of relevance and high potential for prejudice against Dr. Navarro. This means that the *Crews* factors should be considered by the Court. That Dr. Navarro's case deals with protestors and signs rather than a deceased co-defendant does not change the fact that the standard from *Crews* is the appropriate standard to be applied here.

Next, the government protests Dr. Navarro's reliance on *United States v. Campbell*, 684 F.2d 141 (D.C. Cir. 1982), for the definition of "extraneous influence" upon which a Court may base a mistrial if a jury relied upon. Govt. Opp., at 6 (Oct. 27, 2023) (ECF 143). Once again, the government fails to complete its thought, as it cites the exact language cited by Dr. Navarro before asserting that the record does not show that the jury, "discussed publicity, considered evidence not admitted, or had communication or other contact with third persons or the trial judge." *Compare* Govt. Opp., at 6 (Oct. 27, 2023) (ECF No. 143), *with* Motion for New Trial, at 7-8, (Oct. 6, 2023) (ECF No. 138). However, the government leaves out one important sentence from *Campbell* (and Dr. Navarro's Rule 33 Motion): "The single exception concerns 'extraneous influences' that *may* have improperly influenced the verdict." Motion for New Trial, at 7 (Oct. 6, 2023) (ECF No. 138) (emphasis added) (quoting *Campbell*, 684 F.2d at 151). Dr. Navarro need not demonstrate that the jury did in fact rely upon extraneous influence, but rather does demonstrate that the jury was exposed to extraneous influence at a critical point in the

3

deliberative process such that would warrant a mistrial through evidence not admitted (and potentially communication or other contact with third persons) such that it may have influenced their verdict such that would warrant a mistrial.

The government also claims that because the jurors in *United States v. Concepcion Cueto*, 515 F.2d 160 (1st Cir. 1975), read articles specifically about the specific defendant and his involvement with certain criminal groups and acknowledged discussing it with other jurors, that Dr. Navarro's situation is wholly distinguishable. *See* Govt. Opp., at 6 (Oct. 27, 2023) (ECF No. 143) (citing *Concepcion Cueto*, 515 F.2d at 164). However, the government fails to address that the Court in Dr. Navarro's case was unable to interview jurors about whether they were influenced by potentially prejudicial information prior to their verdict; in *Concepcion Cueto* the judge was able to poll the jurors and inform those who had read prejudicial outside material to remain "fair and impartial juror[s]." *See Concepcion Cueto*, 515 F.2d at 163. Even after all jurors in *Concepcion Cueto* affirmed they would remain impartial, the judgment was still vacated. *See id.* at 164. Similarly, the Court in *Concepcion Cueto* notes that material about potential association with certain groups, "possess[] capacity for prejudice." *See Concepcion Cueto*, 515 F.2d at 163 n.4 (citing *United States v. Solomon*, 422 F.2d 1110 (7th Cir. 1970), for the assertion that, "linking [defendant] with organized crime improper, though not 'prejudicial per se'"). Further still, the government suggests without support that even in a situation like *Concepcion Cueto* where potentially prejudicial material was exposed to the jury at a vital time in the process, a curative instruction will always prevent a mistrial. *See* Govt. Opp., at 5-6 (Oct. 27, 2023) (ECF 143). However, the Court in *Concepcion Cueto* notes that is not the case. *See Concepcion Cueto*, 515 F.2d at 164 ("This is not to say that such further instructions would always be curative; but in a marginal case their presence could help to remedy and confine the

prejudice."). Ultimately in *Concepcion Cueto*, the finding of a mistrial did not come down to whether the jurors actually considered prejudicial materials when reaching their verdict, but (as noted in Dr. Navarro's motion), where, "the content and timing of the material went beyond anything [the Court] feel[s] able to assume the average juror could withstand. It also went beyond anything the defendant should be forced to accept." (citing *Marshall v. United States*, 360 U.S. 310 (1959)).

The timing of the jurors' exposure to prejudicial information in *Concepcion Cueto* is just as troublesome as in Dr. Navarro's case, as the jurors were exposed to material which the Court itself highlighted as inflammatory earlier in the trial after both sides had rested while jury deliberations were ongoing. Accordingly, a new trial is warranted.

**[SIGNATURE ON NEXT PAGE]**

Dated: November 3, 2023                              Respectfully Submitted,

                                                                     E&W Law, LLC

                                                                     _____/s/ John S. Irving_____
                                                                     John S. Irving (D.C. Bar No. 460068)
                                                                     1455 Pennsylvania Avenue, N.W., Suite 400
                                                                     Washington, D.C. 20004
                                                                     Telephone: (301) 807-5670
                                                                     Email: john.irving@earthandwatergroup.com


                                                                     SECIL LAW PLLC

                                                                     _____/s/ John P. Rowley, III_____
                                                                     John P. Rowley, III  (D.C. Bar No. 392629)
                                                                     1701 Pennsylvania Ave., N.W., Suite 200
                                                                     Washington, D.C. 20006
                                                                     Telephone: (703) 417-8652
                                                                     Email: jrowley@secillaw.com

                                                                     Brand Woodward Law, LP

                                                                     _____*/s/ Stanley E. Woodward, Jr.*_____
                                                                     Stan M. Brand (D.C. Bar No. 213082)
                                                                     Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                                                     400 5th Street NW
                                                                     Suite 350
                                                                     Washington, DC  20001
                                                                     202-996-7447 (telephone)
                                                                     202-996-0113 (facsimile)
                                                                     Stanley@BrandWoodwardLaw.com

                                                                     *Counsel for Dr. Peter K. Navarro*

## CERTIFICATE OF SERVICE

On November 3, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Dr. Peter K. Navarro*